# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BARBARA MEIER, et al. | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00615 |
| | § | Judge Mazzant |
| UHS OF DELAWARE, INC., et al. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Barbara Meier, Madison Hough, Jason Hough, Govinda Hough, Bill Crowell, Troy Harvey, Yolanda McPherson, Sandra Stokes, Tiffany Young, Diane Creel, Lynn Creel, and Jalisa Green's Motion for Leave to Amend Complaint (Dkt. #182). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

### I. First Amended Complaint

On August 1, 2018, Plaintiff Meier filed her First Amended Petition in the 158th Judicial District Court of Denton County, Texas (Dkt. #1 ¶ 3). On August 27, 2018, Defendant UHS of Delaware, Inc. removed the case to this Court (Dkt. #1).

On October 1, 2018, Plaintiff filed her First Amended Complaint in this Court adding Plaintiffs Madison Hough, Jason Hough, Govinda Hough, Crowell, Harvey, McPherson, Stokes, and Young (Dkt. #11 ¶ 1). Plaintiff also added Defendants Universal Health Services, Inc.; Dr. Sabahat Faheem; Kenneth Chad Ellis; Millwood Hospital LP; Dr. Sejal Mehta; Dr. Gary Malone; Alan B. Miller; Universal Physicians, P.A.; Dr. Says LLC; MD Reliance, Inc.; Office Winsome, LLC; Dr. Yupo Jesse Chang; Yung Husan Yao; Dr. Qingguo Tao; Dr. Harmanpreet Buttar; Behavioral Health Management, LLC; Dr. Jamal Rafique; Hickory Trail Hospital, LP; Behavioral

Health Connections, Inc.; Jan Arnett; and Wendell Quinn (Dkt. #11 ¶¶ 2–9).[1] Defendants filed the following motions in response to Plaintiffs' First Amended Complaint:

- Defendants Universal Health Services, Inc.; UHS of Delaware, Inc.; Behavioral Health Connections, Inc.; Arnett; and Quinn's (the "UHS Defendants") Motion to Dismiss Plaintiffs' First Amended Original Complaint (Dkt. #31)

- Defendants Mayhill Hospital; Millwood Hospital; Hickory Trail Hospital; Behavioral Hospital of Bellaire; and Ellis' (the "Hospital Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #39)

- Defendant Dr. Faheem's Motion to Dismiss Plaintiffs' First Amended Original Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief may be Granted (Dkt. #53)

  o Defendant Dr. Faheem also filed a Motion to Strike Attachments to Plaintiffs' Response to Defendant Dr. Faheem's Motion to Dismiss (Dkt. #91)

- Defendant Dr. Rafique's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. #55)

- Defendant Dr. Buttar's Motion to Dismiss Plaintiff's First Amended Original Complaint (Dkt. #98)

- Defendant Dr. Tao's Motion to Dismiss Plaintiffs' First Amended Original Complaint (Dkt. #99)

- Defendant Yao's Motion to Dismiss Plaintiffs' First Amended Original Complaint (Dkt. #100)

- Defendants Dr. Chang; Universal Physicians, PA; Dr. Says, LLC; MD Reliance, Inc.; and Office Winsome, LLC's (the "Dr. Chang Defendants") Motion to Dismiss Plaintiffs' First Amended Original Complaint (Dkt. #101)

- Defendant Dr. Malone's Motion to Dismiss Plaintiffs' First Amended Original Complaint (Dkt. #123).[2]

---

1. Plaintiffs voluntarily dismissed Defendant Miller from the case on December 20, 2018 (Dkt. #30).
2. Defendants' motions are identical or substantially similar. For future motions, the Court asks Defendants to consider filing one motion, jointly urged, if practicable.

## II. Second Amended Complaint

On April 26, 2019, without receiving leave of court, Plaintiffs filed a Second Amended Complaint adding Plaintiffs Diane Creel, Lynn Creel, and Jalisa Green (Dkt. #130 ¶¶ 4, 5(j)–(k)).[3] Plaintiffs also added Defendant Dr. Timothy Tom (Dkt. #130 ¶¶ 4, 10(e)). Defendants filed the following motions to strike Plaintiffs' Second Amended Complaint arguing (1) Plaintiffs failed to seek leave of court to file the Second Amended Complaint and (2) Plaintiffs' proposed amendments are futile:

- The UHS Defendants' Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #132)

- Defendant Dr. Rafique's Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #140)

- The Hospital Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (Dkt. #141)

- Defendant Dr. Faheem's Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #142)

- Defendant Dr. Malone's Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #144)

- Defendant Yao's Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #145)

- Defendant Dr. Tao's Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #146)

- Defendant Dr. Buttar's Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #148)

- The Dr. Chang Defendants' Motion to Strike Plaintiffs' Second Amended Original Complaint (Dkt. #149)

---

3. Plaintiffs note they requested leave to amend in their responses to Defendants' motions to dismiss (Dkt. #157 at pp. 1–2).

Defendants also filed the following motions to dismiss Plaintiffs' Second Amended Complaint:

- Defendant Dr. Malone's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #134)

- Defendant Dr. Faheem's Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief May be Granted (Dkt. #143)

- The Dr. Chang Defendants' Motion to Dismiss Plaintiffs' Second Amended Original Complaint (Dkt. #150)

- Defendant Yao's Motion to Dismiss Plaintiffs' Second Amended Original Complaint (Dkt. #151)

- Defendant Dr. Buttar's Motion to Dismiss Plaintiffs' Second Amended Original Complaint (Dkt. #152)

- Defendant Dr. Tao's Motion to Dismiss Plaintiffs' Second Amended Original Complaint (Dkt. #153)

- Defendant Dr. Rafique's Motion to Dismiss Plaintiffs' Second Amended Original Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. #154)

- The UHS Defendants' Motion to Dismiss Plaintiffs' Second Amended Original Complaint (Dkt. #164)

- The Hospital Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #174).

### III. Third Amended Complaint

On May 28, 2019, Plaintiffs filed the motion at issue seeking leave of court to file a Third Amended Complaint (Dkt. #182). On June 6, 2019, the UHS Defendants filed a Notice of Incorrect Certificate of Conference in Plaintiffs' Motion for Leave (Dkt. #186). Defendants Dr. Malone, Yao, Dr. Tao, Dr. Buttar, the Dr. Chang Defendants, the UHS Defendants, the Hospital

Defendants, and Dr. Rafique filed responses to Plaintiffs' motion (Dkt. #188; Dkt. #189; Dkt. #190; Dkt. #191; Dkt. #192; Dkt. #193; Dkt. #195; Dkt. #196).[4]

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under

---

4. Defendants Yao, Dr. Tao, Dr. Buttar, and the Dr. Chang Defendants filed identical responses (Dkt. #189; Dkt. #190; Dkt. #191; Dkt. #192). To avoid unnecessary citation, the Court only cites Defendant Yao's response. The UHS Defendants and the Hospital Defendants also filed identical responses (Dkt. #193; Dkt. #195). The Court only cites the UHS Defendants' response.

Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

### I. Certificate of Conference

Before addressing Plaintiffs' motion for leave, the Court considers the UHS Defendants' Notice of Incorrect Certificate of Conference in Plaintiffs' Motion for Leave (Dkt. #186). The

Certificate of Conference attached to Plaintiffs' motion reads, "[s]ome parties are <u>not opposed</u> to this Motion, and some parties *are opposed* to this Motion . . . ." (Dkt. #182 at p. 4) (emphasis in original). Plaintiffs state that the UHS Defendants are not opposed to the motion.

The UHS Defendants explain in their notice that while they indicated to Plaintiffs that they would not oppose a "curative motion" seeking leave of court to file Plaintiffs' previous complaint, there was no conference concerning Plaintiffs' filing of the Third Amended Complaint (Dkt. #186 at pp. 1–2). The UHS Defendants' contend that had they known Plaintiffs intended to file the Third Amended Complaint, they would "not have wasted time and resources filing a Motion to Dismiss the Second Amended Complaint." (Dkt. #186 at p. 2).

The Court conducted a discovery hearing on June 10, 2019 (*See* Dkt. Entry of June 10, 2019). It is evident from the hearing and a review of the UHS Defendants' notice that the parties are not effectively communicating. The Court places a premium on cooperation and reminds the parties of their duty to properly meet and confer under Local Rule CV-7(h) before filing a motion.[5] The Court asks the parties to comply with the Local Rules before filing future motions.

### II. Leave to Amend

The Scheduling Order required Plaintiffs to seek leave of court to file amended pleadings by May 27, 2019 (Dkt. #122). Plaintiffs filed their motion for leave on May 28, 2019 (Dkt. #182). As Plaintiffs filed their motion for leave one day after the deadline to amend passed, Plaintiffs must show good cause to amend under Rule 16(b)(4) before the Court applies the Rule 15(a) standard. *S&W Enters., L.L.C.*, 315 F.3d at 535.

---

5. Unless the motion does not require counsel to meet and confer as specified in Local Rule CV-7(i).

### A. Rule 16(b)(4)

The parties discuss Rule 15(a) without addressing good cause under Rule 16(b)(4). Fortunately, the Court can still analyze the parties' arguments under the Rule 16(b)(4) standard to determine whether good cause exists to grant Plaintiffs' motion.

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano*, 2017 WL 5203046, at *1 (citing *Serv. Temps Inc.*, 679 F.3d at 333–34). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co.*, 110 F.3d at 257).

#### i. Explanation for the Failure to Timely Amend

Plaintiffs contend in their motion that, "this Motion for Leave to Amend is filed within the Court's deadline to allow an amended pleading." (Dkt. #182 at p. 2). As noted above, Plaintiffs filed their motion one day after the deadline for Plaintiffs to seek leave of court to file amended pleadings expired (*See* Dkt. #122). However, as the delay appears to be a simple oversight, the Court will not consider the one-day delay as weighing against a finding of good cause to amend.

#### ii. Importance of the Amendment

Plaintiffs explain:

> As one might expect, this case has been heavily litigated. The new complaint maintains the counts and allegations against the same defendants from the Second Amended Complaint and accounts for factual and procedural developments that have occurred since the original complaint was filed.
>
> The amended complaint further addresses issues that were raised in the Defendants' most recent round of Motions to Dismiss and

contains information raised in the Plaintiffs' Responses to the
Motions to Dismiss.

(Dkt. #182 at p. 1).[6] Plaintiffs also state "the amendments are tailored to reflect the present circumstances and Plaintiffs' present understanding of the case." (Dkt. #182 at pp. 1–2). Specifically, Plaintiffs intend to add twenty pages of factual allegations in the Third Amended Complaint (Dkt. #183; Dkt. #188 ¶ 6; Dkt. #189 at p. 2; Dkt. #193 at p. 3). The Court finds the addition of twenty pages of allegations aimed at reflecting the current state of a rapidly evolving case important.

### iii. Potential Prejudice in Allowing the Amendment

Plaintiffs contend Defendants cannot be prejudiced by the filing of the Third Amended Complaint:

> Defendants cannot be prejudiced, or caught off guard, by the new facts alleged in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the facts and issues at hand. The proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories.

(Dkt. #182 at p. 2). Defendants disagree contending that granting leave to amend the complaint prejudices Defendants by (1) wasting time and resources; (2) undermining Defendants' right to prevail on their dispositive motions; and (3) hampering Defendants' ability to comply with the Scheduling Order deadlines (Dkt. #188 pp. 4–5; Dkt. #189 at pp. 2, 4–6; Dkt. #193 at pp. 6–7).

Defendants first argue that granting leave prejudices them by wasting time and resources. For example, Defendant Yao maintains:

> Plaintiffs' amendments have resulted in significant delay and a waste of judicial resources. As pointed out by Plaintiffs' Motion for

---

6. Defendant Dr. Malone asks the Court "to take judicial notice of the number of substantive filings and pending motions before the Court as the parties draw nearer to the two-hundredth filing to be made in this case." (Dkt. #188). The Court takes judicial notice of these facts under Federal Rule of Evidence 201. Even so, the Court expects a case involving numerous parties to contain many filings after ten months of litigation.

9

> Leave "this case has been heavily litigated," which is a direct result of Plaintiffs' cycle of filing a complaint, reviewing defendants' motions to dismiss, then waiting months to try to cure deficiencies in an amended complaint.

(Dkt. #189 at p. 5). Although the Court agrees that at least some time and resources will be expended if Plaintiffs are granted leave, the Court believes Defendants overstate the extent of the waste. Defendants' first motions to dismiss are substantially similar to their second motions to dismiss. If this trend continues with the Third Amended Complaint, Defendants will simply refile their motions to dismiss with few changes—a prospect that does not strike the Court as exceedingly time consuming or wasteful. Moreover, as noted above, Defendants can jointly urge motions to prevent excess filing and to save time and resources. Therefore, although some time and resources may be wasted, the Court finds the expense will not greatly prejudice Defendants.

Defendants next contend that granting Plaintiffs leave to amend undermines Defendants' ability to prevail on their motions to dismiss. For example, Defendant Dr. Malone suggests, "The Plaintiffs *modus operandi* is clear—file a pleading and wait to see the full briefing of all parties seeking dispositive motions to dismiss, amend and repeat. The Plaintiffs have had their opportunity and enough is enough." (Dkt. #188 ¶ 8).[7] Similarly, Defendant Yao states, "Plaintiffs are impermissibly turning their complaint into a moving target merely to avoid dismissal" while the UHS Defendants contend, "Plaintiffs are merely seeking to undercut the defendants' rights to

---

7. The cases cited by Dr. Malone to support his argument—that seeking leave to amend is prejudicial when there are pending dispositive motions—are distinguishable as the courts in these cases coupled the pending motions factor with other, extremely prejudicial factors that are not present in this case (Dkt. #188 ¶ 7). *See Todd v. Grayson Cty. Tex.*, 4:13-CV-574, 2014 WL 3385188, at *2 (E.D. Tex. July 10, 2014) (finding prejudice when amendment would (1) essentially create "a new lawsuit with new claims against the Defendants, and would require Defendants to start over with regard to discovery and other procedural matters;" (2) cause the court to move the trial setting; and (3) require the filing of an additional dispositive motion); *Miller v. Team Go Figure, L.L.P.*, 3:13-CV-1509-O, 2014 WL 1909354, at *21 (N.D. Tex. May 13, 2014) (finding prejudice when (1) trial was set to begin within four weeks and (2) the court already issued its ruling on the parties' cross-motions for summary judgment); *Conklin v. Novartis Pharmas. Corp.*, 9:11CV-178, 2012 WL 4127295, at *6 (E.D. Tex. Sept. 18, 2012) (finding prejudice when (1) plaintiff provided "no valid reason for failure to timely amend;" (2) plaintiff waited four years after the pleadings deadline to file her amended complaint; and (3) Defendant previously filed a dispositive motion).

prevail on dispositive motions to dismiss that are pending before the Court." (Dkt. #189 at p. 4; Dkt. #193 at p. 7; *see also* Dkt. #196 at pp. 4–5). The Court first notes that Defendants' arguments would be more persuasive if the Court was addressing Plaintiffs' fifth or sixth request for leave to amend. In the Court's experience, it is routine for parties to amend pleadings at least two to three times in a lawsuit. Even so, Defendants' argument does not demonstrate prejudice for two reasons. First, Defendants should not presume that they will or will not prevail on their dispositive motions. As the Court stated at the June 10 discovery hearing, the filing of a motion to dismiss does not allow the parties to stop litigating the case. Second, Plaintiffs cannot avoid the dispositive motions as Defendants will simply refile them in response to Plaintiffs' Third Amended Complaint.

Finally, Defendants contend that granting leave to amend will hamper their ability to comply with the Scheduling Order deadlines. As explained in the next section, the Court will provide a continuance, if necessary, to cure such prejudice.

### iv. Availability of a Continuance to Cure Such Prejudice

The Court noted at the June 10 discovery hearing that it is reluctant to alter the trial and dispositive motions dates without a showing of good cause but is flexible on all other deadlines. Defendants contend that granting Plaintiffs' motion renders the Scheduling Order "unworkable." (Dkt. #189 at p. 6). If granting Plaintiffs' motion causes prejudice, the Court will grant an extension of time to cure such prejudice pursuant to a motion by the parties. Therefore, a continuance is available to cure any prejudice caused by granting Plaintiffs' motion.

Considering the factors analyzed above, the Court finds there is good cause under Rule 16(b)(4) to grant Plaintiffs' motion. Accordingly, the Court now applies the more liberal Rule 15(a) standard to determine whether leave of court should be granted to amend Plaintiffs' complaint. *S&W Enters., L.L.C.*, 315 F.3d at 535.

## B. Rule 15(a)

Rule 15(a) "'evinces a bias in favor of granting leave to amend.'" *Jones*, 427 F.3d at 994 (quoting *Lyn–Lea Travel Corp.*, 283 F.3d at 286). But leave to amend "is not automatic." *Matagorda Ventures, Inc.*, 203 F. Supp. 2d at 718 (citing *Dussouy*, 660 F.2d at 598). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith*, 393 F.3d at 595 (citing *Foman*, 371 U.S. at 182).

### i. Undue Delay, Bad Faith or Dilatory Motive, and Undue Prejudice

As explained under the Rule 16(b)(4) analysis above, the Court does not find Plaintiffs' one-day delay and the prejudice caused to Defendants to be undue. Further, the Court did not find evidence of Plaintiffs acting in bad faith or with a dilatory motive when it considered Defendants' argument that Plaintiffs are attempting to undercut Defendants' right to relief by seeking leave of court. As a result, the Court will not reexamine these factors here, but notes that the factors weigh in favor of granting Plaintiffs' motion.

### ii. Repeated Failure to Cure Deficiencies

This is the first time Plaintiffs have sought leave of court to add the newly asserted facts found in the Third Amended Complaint (Dkt. #183). Defendants argue that "Plaintiffs do not provide a specific reason why they failed to include the proposed facts and claims in their Original, First Amended, or even Second Amended Complaints." (Dkt. #193 at p. 7; *see also* Dkt. #196 at p. 5). Yet, Plaintiffs explicitly address Defendants' contention in their motion:

> The new complaint . . . accounts for factual and procedural developments that have occurred since the original complaint was filed [and] . . . further addresses issues that were raised in Defendants' most recent round of Motions to Dismiss and contains

> information raised in the Plaintiffs' Responses to the Motions to Dismiss.

(Dkt. #182 at p. 1). Considering the parties' arguments, the Court finds Plaintiffs have not repeatedly failed to cure deficiencies.

### iii. Futility of Amendment

Defendants' final argument is that it is futile to grant Plaintiffs' motion because the Third Amended Complaint does not cure the defects identified in Defendants' motions to dismiss (Dkt. #189 at p. 6; Dkt. #193 at pp. 4–6). Specifically, Defendants contend Plaintiffs' Third Amended Complaint fails to demonstrate that Plaintiffs have standing to bring a Racketeer Influenced and Corrupt Organizations Act claim (Dkt. #193 at p. 5).

As demonstrated above, four of the five Rule 15(a) factors weigh in favor of granting Plaintiffs' motion. Moreover, the Court will not accept Defendants' invitation to inadvertently rule on the motions to dismiss here by addressing Defendants' futility argument. Instead, the Court believes the parties should fully brief whether Plaintiffs' additional allegations cure the previous identified deficiencies in further pleadings.

Based on the factors analyzed above, the Court finds that the Rule 15(a) factors weigh in favor of granting Plaintiffs' leave of court to file their Third Amended Complaint. Accordingly, Plaintiffs' motion should be granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (Dkt. #182) is hereby **GRANTED**. Accordingly, the Court **DENIES** the following motions as **MOOT**:

- Defendants' First Motions to Dismiss (Dkt. #31; Dtk. #39; Dkt. #53; Dkt. #55; Dkt. #98; Dkt. #99; Dkt. #100; Dkt. #101; Dkt. #123)

- Defendant Dr. Faheem's Motion to Strike Attachments to Plaintiffs' Response to Defendant Dr. Faheem's Motion to Dismiss (Dkt. #91)

- Defendants' Motions to Strike Plaintiffs' Second Amended Complaint (Dkt. #132; Dkt. #140; Dkt. #141; Dkt. #142; Dkt. #144; Dkt. #145; Dkt. #146; Dkt. #148; Dkt. #149).

- Defendants' Second Motions to Dismiss (Dkt. #134; Dkt. #143; Dkt. #150; Dkt. #151; Dkt. #152; Dkt. #153; Dkt. #154; Dkt. #164; Dkt. #174).

**IT IS SO ORDERED.**

SIGNED this 18th day of June, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE