IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| UHS OF DELAWARE, INC., *et al.*, | § | Civil Action No. 4:18-cv-00615-ALM |
| | § | |
| Defendants. | § | |
| | § | |

---

**YAO'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS**

---

Respectfully submitted,

By:    _____/s/  Eric W. Hines_____

   **R. BRENT COOPER**
   State Bar No. 04783250
   Brent.Cooper@cooperscully.com
   **ERIC W. HINES**
   State Bar No. 24010107
   Eric.Hines@cooperscully.com
   **CHAD M. NELSON**
   State Bar No. 24102930
   Chad.Nelson@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

**Attorneys for Defendant Yung Husan Yao**

## **TABLE OF AUTHORITIES**

### Federal Statutes

18. U.S.C. § 1964 ............................................................................................................... 9

29 U.S.C. § 794 ........................................................................................................... 19, 20

42 U.S.C. § 12102 .............................................................................................................. 20

### Federal Rules of Civil Procedure

Fed. R. Civ. P. 15 ............................................................................................................... 22

FED. R. CIV. P. 56 ................................................................................................................. 6

### United States Supreme Court Cases

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242  (1986) ............................................... 6, 8

*Beck v. Prupis*, 529 U.S. 494 (2000) ................................................................................ 20

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..................................................... 7, 8, 29, 30

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............................ 7

*Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979) ......................................................... 11, 12

*Reves v. Ernst & Young,* 507 U.S. 170 (1993) ........................................................... 16, 18

### Federal Courts of Appeals Cases

*Alajmi v. Methodist Hosp.*, 639 Fed. Appx. 1028 (5th Cir. 2016) ................................... 8

*Borskey v. Medtronics, Inc.*, 105 F.3d 651 (5th Cir. 1996) ............................................ 12

*Davis v. Chevron U.S.A.*, 14 F.3d 1082 (5th Cir. 1994) ................................................... 7

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002) ........ 29

*Hall v. Dow Corning Corp.*, 114 F.3d 73 (5th Cir. 1997) ................................................. 9

*Hannah v. United States*, 523 F.3d 597 (5th Cir. 2008) ............................................. 10, 29

*Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417 (5th Cir. 2001) .......................................... 11

*In re MasterCard Intern. Inc.*, 313 F.3d 257 (5th Cir. 2002) ......................................... 15

*In re Taxable Mun. Bond Sec. Litig. v. Kutak*, 51 F.3d 518 (5th Cir. 1991) .................... 11, 13

*Jackson v. NAACP*, 546 F. App'x 438 (5th Cir. 2013) ............................................... 11, 15

*Jacobsen v. Osborne*, 113 F.3d 315 (5th Cir. 1998) ................................................... 22, 23

*Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421 (5th Cir. 1997) ............................. 26

*Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999) ....................................................... 24, 25

*Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634 (5th Cir. 2007) .................................. 27

*Sheshtawy v. Gray*, 697 F. App'x 380, 382 (5th Cir. 2017), cert. denied, 138 S. Ct. 1298 (2018)
.............................................................................................................................. 13

*Tel-Phonic Serv., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134 (5th Cir. 1992) ........................ 20

*United States v. Lawrence*, 276 F.3d 193 (5th Cir. 2001) ............................................... 7

*Whelan v. Winchester Prod. Co.*, 319 F.3d 225 (5th Cir. 2003) ..................................... 15

### Federal District Court Cases

*Borskey v. Medtronics*, Inc., 1995 WL 120098 (E.D. La. Mar. 15, 1995) ..................... 13

*Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625 (S.D. Tex. 2007), aff'd, 337 F. App'x 397 (5th Cir. 2009)..................................................................................................... 12

*Conrad v. Wayne KRC*, 2016 WL 5853738 (E.D. Tex. June 17, 2016), *aff'd*, 678 F. App'x 236 (5th Cir. 2017)................................................................................................... 18

*Doe v. Steward Health Care Sys.*, 2018 WL 4233816 (S.D. Tex. July 31, 2018), *report and recommendation adopted*, 2018 WL 4232921 (S.D. Tex. Sept. 5, 2018) ............................... 24

*Fisher v. Halliburton*, 2009 WL 5170280 (S.D. Tex. Dec. 17, 2009)......................................... 12

*Gaines v. Tex. Tech. Univ.*, 965 F. Supp. 886 (N.D.Tex 1996)................................................... 13

*Hollander v. Flash Dancers Topless Club*, 340 F.Supp.2d 453 (S.D.N.Y. 2004), aff'd, 173 Fed. Appx. 15 (2d Cir. 2006)................................................................................................. 12

*Jennings v. Towers Watson*, 2018 WL 2422054 (N.D. Tex. Apr. 16, 2018), report and recommendation adopted, 2018 WL 2416576 (N.D. Tex. May 29, 2018)............................... 26

*Scheppegrell v. Hicks*, 2016 WL 3020884 (E.D. La. May 26, 2016) ........................................... 13

*Strunk v. Restro*, 2016 WL 7496183 (N.D. Tex. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7491852 (N.D. Tex. Dec. 30, 2016) ........................................................ 24

*United States v. Marcello*, 537 F. Supp. 1364 (E.D. La. 1982), *aff'd sub nom. United States v. Roemer*, 703 F.2d 805 (5th Cir. 1983) ..................................................................... 19

*Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 6666833 (E.D. Tex. Aug. 18, 2016), report and recommendation adopted as modified, 2016 WL 6693170 (E.D. Tex. Sept. 14, 2016), aff'd, 17-40752, 2019 WL 4458378 (5th Cir. Sept. 18, 2019)........................................................ 19

*Zhu v. Fed. Nat'l Mortgage Ass'n*, 4:13-CV-509, 2015 WL 410486 (E.D. Tex. Jan. 30, 2015) ... 7

**Texas Statutes**

TEX. CIV. PRAC. & REM. CODE § 74.001 ............................................................................. 8, 10

TEX. CIV. PRAC. & REM. CODE § 74.251 .................................................................................. 21

**Texas Supreme Court Cases**

*Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842 (Tex. 2005) ........................................ 9

*Goodyear Tire and Rubber v. Mayes*, 236 S.W.3d 754 (Tex. 2007).......................................... 28

*Shah v. Moss*, 67 S.W.3d 836 (Tex. 2001) .............................................................................. 21

*Titon v. Marshall*, 925 S.W.2d 672 (Tex. 1996)....................................................................... 27

*Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005)................................................................................ 27

**Texas Courts of Appeals Cases**

*NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28 (Tex. App.—El Paso 2006, no pet) ........... 10

*Texas Laurel Ridge Hosp., L.P. v. Almazan*, 374 S.W.3d 601 (Tex.App.—San Antonio 2012, no pet.) ...................................................................................................................... 9

*Wilson N. Jones Mem'l Hosp. v. Ammons*, 266 S.W.3d 51 (Tex. App.—Dallas 2008, pet. filed) . 9

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF ISSUES ..................................................................................................... 2

SUMMARY JUDGMENT EVIDENCE .................................................................................. 2

STATEMENT OF UNDISPUTED MATERIAL FACTS ......................................................... 3

I.      The Telemedicine Physicians Only Evaluated Two Plaintiffs Via Telemedicine .............. 4

II.     The Telemedicine Physicians Provided MOTs for the Transfer of Four Plaintiffs ............ 5

III.    Yao, the Chang Defendants and the Telemedicine Physicians had no involvement
        with Plaintiffs Hough, Crowell, and Stokes........................................................................ 6

SUMMARY JUDGMENT STANDARDS AND BURDENS .................................................... 6

ARGUMENTS AND AUTHORITIES.................................................................................... 7

I.      Plaintiffs Are Attempting To Recast A Health Care Liability Claim As Different
        Causes Of Action. .............................................................................................................. 7

II.     Defendants Are Entitled To Summary Judgment On Plaintiff's Rico Claims. ................. 9

        A.      Plaintiffs have not produced evidence sufficient to create an issue of
                material fact as to Plaintiffs' standing under the RICO statute. ............................ 9

        B.      Even if the Plaintiffs have RICO standing, Plaintiffs fail to raise a genuine
                issue of material fact as to whether Yao violated 18 USC § 1962(a)-(c). ............ 12

        C.      Plaintiffs fail to raise a genuine issue of material fact as to whether Yao
                violated 18 USC § 1962(d). ................................................................................ 15

III.    Plaintiff Barbara Meier's Claims Are Time-Barred By The Statute Of Limitations........ 17

        A.      Plaintiff Meier's Claims are Subject to a Two-Year Statute of Limitations......... 17

        B.      The Relation Back Doctrine Does Not Apply to Save Meier's Claims................ 18

        C.      Meier's Claims Are Not Tolled by Disability....................................................... 19

IV.     The Court Should Grant Summary Judgment On Plaintiffs' Rehabilitation Act
        Claims Against Yao. .......................................................................................................... 19

A.     Yao, individually, is entitled to judgment as a matter of law on this claim because the Rehabilitation Act does not allow for recovery against individuals. ................................................................................................. 20

B.     Plaintiffs fail to raise an issue of material fact as to whether Plaintiffs have a disability giving them protection under the Rehabilitation Act. ...................... 20

C.     Plaintiffs fail to raise an issue of material fact as to whether Yao discriminated against Plaintiffs based on Plaintiffs' disabilities. ........................ 21

D.     Plaintiffs fail to raise an issue of material fact as to whether Yao receives federal financial assistance. ................................................................................. 21

V.    The Court Should Grant Summary Judgment On Plaintiffs' Civil Conspiracy Claim Against Yao. ................................................................................................. 22

VI.   The Court Should Grant Summary  Judgment On Plaintiffs' Respondeat Superior Claims Against Yao. ................................................................................................ 23

VII.  The Court Should Grant Summary Judgment On Plaintiffs' Negligence And Gross Negligence Claims Against Yao. ............................................................... 24

A.     Plaintiffs fail to raise an issue of material fact as to whether Yao was negligent. ................................................................................................................. 24

B.     Plaintiffs fail to raise an issue of material fact as to whether Yao was grossly negligent. ................................................................................................... 24

CONCLUSION ................................................................................................................. 25

**TO THE HONORABLE JUDGE OF THE COURT:**

COMES NOW YUNG HUSAN YAO ("Yao" and/or "Defendant") and, pursuant to Fed. R. Civ. P. 56, submits this motion for summary judgment.

## PRELIMINARY STATEMENT

This lawsuit arises out of allegations asserted by nine individuals who claim they were wrongfully admitted, treated and detained at mental health facilities. Dr. Yupo Jesse Chang is a licensed physician in the State of Texas that provides telemedicine services for mental health hospitals through his entity entities. Despite Plaintiffs' confusion and misinterpretation of the law, the telemedicine and memorandum of transfer (MOT) services offered by the Chang Defendants and provided by contracting physicians were and are entirely legal and performed within the applicable standard of care. Yung Husan Yao is an individual who contracts with Defendant Universal Physicians, P.A. to provide administrative support.

The Chang Defendants were marginally involved in only six of the nine patients' cases – Plaintiffs Meier, Young, Harvey, McPherson, Green, and Creel – by providing telemedicine and MOT services through three physicians that contract with Universal Physicians, P.A. As for the remaining Plaintiffs – Hough (including her parents), Crowell, and Stokes – the Chang Defendants had no participation whatsoever. Ms. Yao's involvement in this case is limited to two notarizations for one Plaintiff – Diane Creel.

Despite providing telemedicine and MOT services expressly authorized by Texas Law[1] and within the applicable standard of care, Plaintiffs sued the Chang Defendants and Yao alleging they are part of a RICO enterprise. Additionally, and in the alternative, Plaintiffs assert

---

[1] *See, e.g.*, Tex. Occ. Code Chapters 111, 151, 153, 562; Tex. Gov't Code Chapters 531, 533; Tex. Health & Safety Code Chapters 35, 62, 771, 1001; Tex. Ins. Code Chapter 1455; Tex. Admin. Code Chapter 354.

claims for Rehabilitation Act violations, civil conspiracy, respondeat superior, negligence, and gross negligence.

This suit has been ongoing since Barbara Meier filed her original petition on December 8, 2017. As discussed below, all of Meier's claims against the Chang Defendants are barred by the applicable two-year statute of limitations. As for the remaining Defendants, after nearly two year pendency of this litigation, extensive discovery, and numerous depositions, Plaintiffs are unable to produce any evidence to validate their claims against Yao. On the contrary, Yao can now affirmatively disprove Plaintiffs' claims. Therefore, Yao now seeks summary judgment under Federal Rule of Civil Procedure 56, for absence of evidence or otherwise, because Plaintiffs have not and cannot raise an issue of material fact as to necessary elements for each of their claims.

## STATEMENT OF ISSUES

1) **Are Plaintiffs' claims against Yao a health care liability claim under Texas law?** Yes. Plaintiffs' claims against Yao are a health care liability claim masked as causes of action for RICO violations, Rehabilitation Act, false imprisonment, civil conspiracy, respondeat superior, negligence, and gross negligence. Because Plaintiffs have no evidence to support their health care liability claim, Yao is entitled to summary judgment as to all of Plaintiffs' claims and causes of action.

2) **Even if the Court determines Plaintiffs' claims are not a health care liability claim, have Plaintiffs provided the Court with more than a scintilla of evidence to support Plaintiffs claims against Yao?** No. Despite more than two years of fact investigation, discovery, and depositions, Plaintiffs can point to no evidence – and certainly no genuine dispute of material fact – to support their claims and causes of action asserted against Yao. Accordingly, the Court should grant Yao's motion for summary judgment and dismiss Plaintiffs' RICO claims in their entirety.

## SUMMARY JUDGMENT EVIDENCE

In addition to the pleadings on file with this Court, Yao incorporates true and correct copies of evidence filed contemporaneously with this Motion, as follows:

**Exhibit A:** Record Log for Barbara Meier

**Exhibit B:** Medical Record for Barbara Meier

**Exhibit C:** Record Log for Diane Creel

**Exhibit D:** Medical Record for Diane Creel

**Exhibit E:** Emergency Apprehension and Detention Warrant for Diane Creel

**Exhibit F:** Transcript of Deposition of Dr. Yupo Chang

**Exhibit G:** Records of Y. McPherson – Methodist Mansfield Medical Center

**Exhibit H:** HTH Telemedicine Addendum

**Exhibit I:** MHH Telemedicine Agreement

**Exhibit J:** BHB Telemedicine Agreement

**Exhibit K:** MWH Telemedicine Agreement

**Exhibit L:** Record Log for Troy Harvey

**Exhibit M**: Record Log for Tiffany Young

**Exhibit N:** Record Log for Yolanda McPherson

**Exhibit O:** Record Log for Jalisa Green

**Exhibit P:** Declaration of Lily Lam

## STATEMENT OF UNDISPUTED MATERIAL FACTS

This lawsuit is brought by twelve individuals, nine of them patients alleging that they were improperly admitted, detained, and treated at four acute care mental health hospitals in Texas. Plaintiffs Jason Hough and Govinda Hough are the parents of Madison Hough. Plaintiff Lynn Creel is the spouse of Diane Creel. All twelve plaintiffs are collectively referred to as "Plaintiffs."

Dr. Yupo Jesse Chang runs a telemedicine business based out of Houston, Texas. Dr. Chang, through his entity Universal Physicians, PA, contracts with physicians, including Defendants Dr. Qingguo Tao, Dr. Timothy Tom, and Dr. Harmanpreet Buttar (collectively, "Telemedicine Physicians"), to provide telemedicine and MOT services for mental health

hospitals, including Defendants Behavioral Health of Bellaire ("BHB"), Mayhill Hospital ("Mayhill"), Hickory Trail Hospital ("HTH") and Millwood Hospital ("Millwood") (collectively, "Hospital Defendants"). Yao contracts with Defendant Universal Physicians, P.A. to provide administrative support for the Chang Defendants.

## I.    The Telemedicine Physicians Only Evaluated Two Plaintiffs Via Telemedicine

In this case, Dr. Tao and Dr. Tom utilized audiovideo communications via a platform provided by the Chang Defendants to provide telemedicine evaluations for two Plaintiffs – Plaintiff Barbara Meier and Plaintiff Diane Creel.

On December 18, 2015, Plaintiff Barbara Meier voluntarily walked through the front doors of Mayhill seeking mental health services. Dkt. No. 183 ¶¶ 33-34. Mayhill initiated a telemedicine evaluation through the Chang Defendants' telemedicine platform for Plaintiff Barbara Meier. Ex. A p. 1. The system records show that Dr. Qingguo Tao responded to a request and completed a pre-admission televideo communication and evaluation of Ms. Meier. *Id.* at pp. 1-2. Dr. Tao had no further contact, communication, or involvement with the care and treatment of Ms. Meier. Yao was not added to the lawsuit until October 1, 2018, more than two years after Meier's last day of hospitalization at Mayhill on December 22, 2015. Dkt. No. 11.

On August 6, 2017, Plaintiff Diane Creel voluntarily walked through the front doors of BHB seeking mental health services. Dkt. No. 183 at ¶¶ 234-35. BHB initiated a telemedicine evaluation through the Chang Defendants' telemedicine platform for Plaintiff Diane Creel. Ex. C p. 1. The system records show that Dr. Timothy Tom responded to and completed a pre-admission televideo communication and evaluation of Ms. Creel. *See id.* at pp. 1-2. Dr. Tom provided his clinical assessment of Ms. Creel, as requested. *See* Ex. F 235:8-9, 17-21; Ex. D pp. 1-2. After Ms. Creel voluntarily walked into BHB and requested mental health services, Ms.

Creel's legal status changed from voluntary to involuntary. Dkt. No. 183 at ¶¶ 238. Accordingly, Dr. Tom completed an Application for Emergency Detention. Ex. E p. 1. BHB subsequently filed the Application with a Harris County justice of the peace court, and Ms. Creel was admitted involuntarily. *Id.* at p. 4. Ms. Yao's notary stamp is affixed to two pages that were filed with the court. This is the sole involvement of Ms. Yao as to any of the Plaintiffs. Neither Dr. Tom nor Ms. Yao had any further contact, communication, or involvement with the care and treatment of Ms. Creel.

## II.    The Telemedicine Physicians Provided MOTs for the Transfer of Four Plaintiffs

In addition to the telemedicine evaluation services, the Chang Defendants also provide memoranda of transfer ("MOT") services. MOTs are conducted when a patient has already been seen and evaluated by a doctor at one facility, and that doctor is seeking placement for the patient at a different facility. *See* Ex. F 194:1-12. The transferring facility and transferring provider always initate the transfer. Ex. F 67:10-19. When a transferring facility calls the receiving facility, the receiving facility will contact one of the physicians using the Chang Defendants' telemedicine platform. That physician then reviews the information provided by the transferring hospital and speaks with the transferring doctor. *See* Ex. F 86:12-87:4; *see also* Ex. G. If there is a reason to object, the physician providing the MOT service may raise the issue or concern, but the receiving hospital's administrator is the party that ultimately gives final approval for acceptance of the transfer and admission to the facility. Ex. F 63:12-24.

The Chang Defendants' services were used to facilitate MOTs for Plaintiffs Tiffany Young, Yolanda McPherson, Jalisa Green, and Troy Harvey. *See* Ex. L, Ex. M, Ex. N, Ex. O. That is the extent of the Chang Defendants' involvement in those cases. The Chang Defendants do not contend, nor were they required by law, to provide face-to-face evaluations with Plaintiffs

Young, McPherson, Green, and Harvey to complete the MOT services. Yao was wholly uninvolved in the care and treatment of eight of the nine patient Plaintiffs in this case, including the MOT patients - Young, McPherson, Green, and Harvey.

### III.   Yao, the Chang Defendants and the Telemedicine Physicians had no involvement with Plaintiffs Hough, Crowell, and Stokes.

As for Plaintiffs Hough, Crowell, and Stokes, there were no telemedicine evaluations or MOTs provided by the Telemedicine Physicians, the Chang Defendants or Ms. Yao nor were the they involved with Plaintiffs Hough, Crowell, and Stokes in any other manner. Plaintiffs' Third Amended Complaint contains no allegation to the contrary. *See* Dkt. No. 183 ¶¶  85-109; 110-122; 197-227.

### SUMMARY JUDGMENT STANDARDS AND BURDENS

Under Rule 56, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be rendered against the adverse party.

A dispute about a material fact is not genuine unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

When plaintiffs bear the burden of proof at trial, defendants can use the absence of admissible evidence to support the claim to meet the summary judgment burden. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 324 (1986). All it must do is point out the absence of evidence to support the nonmovant's claim. *Id.* The burden then shifts to Plaintiffs and Plaintiffs must then produce summary judgment evidence that specifically designates "specific facts showing that there is a genuine issue for trial." *Id.* "[T]he court requires 'significant probative evidence' from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant." *Zhu v. Fed. Nat'l Mortgage Ass'n*, 4:13-CV-509, 2015 WL 410486, at *1 (E.D. Tex. Jan. 30, 2015) (quoting *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). The nonmovant must "make a showing sufficient to establish the putative existence of every element… essential to [its] case." *Davis v. Chevron U.S.A.*, 14 F.3d 1082, 1084-85 (5th Cir. 1994). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  Absent such evidence, summary judgment must be granted. *Id.*

## ARGUMENTS AND AUTHORITIES

In this case, Plaintiffs can point to no evidence – and certainly no genuine dispute of material fact – to support their claims and causes of action asserted against Yao. Therefore, Yao is entitled to summary judgment as a matter of law as to all of Plaintiffs' claims. *See Celotex Corp.*, 477 U.S. at 324.

## I.   Plaintiffs Are Attempting To Recast A Health Care Liability Claim As Different Causes Of Action.

Chapter 74 of the Texas Civil Practices and Remedies Code establishes a "health care liability claim" as:

> . . . a cause of action against a health care provider or physician for treatment,
> lack of treatment, or other claimed departure from accepted standards of
> medical care, or health care, or safety or professional or administrative
> services directly related to health care, which proximately results in injury to
> or death of a claimant, whether the claimant's claim or cause of action sounds
> in tort or contract. . . .

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13); *see also Alajmi v. Methodist Hosp.*, 639 Fed.

Appx. 1028, 1030 (5th Cir. 2016).

In determining whether a claim is a health care liability claim, courts focus on the nature

and essence of the claim rather than the way it was pleaded. *See Diversicare Gen. Partner, Inc.*

*v. Rubio*, 185 S.W.3d 842, 848 (Tex. 2005). Texas unambiguously holds that plaintiff cannot use

artful pleading to avoid the substantive requirements established by Chapter 74 when the essence

of the suit is a health care liability claim. *Id.* at 851. Stated differently:

> A plaintiff cannot avoid the requirements of chapter 74 by attempting to recast a
> health care liability claim as a different cause of action . . . [i]f the factual
> allegations are related to the medical treatment provided by the defendant and
> constitute 'an inseparable part of [the defendant's] rendition of medical services,'
> then the plaintiff's claim is a health care liability claim.

*Wilson N. Jones Mem'l Hosp. v. Ammons,* 266 S.W.3d 51, 57 (Tex. App.—Dallas 2008, pet.

filed) (internal citations omitted); *see also Hall v. Dow Corning Corp.*, 114 F.3d 73, 75-78 (5th

Cir. 1997). This is true even where a plaintiff attempts to abandon its health care liability claims

in favor of alternative claims. *See Texas Laurel Ridge Hosp., L.P. v. Almazan*, 374 S.W.3d 601

(Tex.App.—San Antonio 2012, no pet.) (mental health facility patient's claims against health

care provider for negligence, fraud, and violations of DTPA and the Texas Health & Safety Code

was a health care liability claim falling under Chapter 74); *see also NCED Mental Health, Inc. v.*

*Kidd*, 214 S.W.3d 28, 36–37 (Tex. App.—El Paso 2006, no pet) (finding cause of action for

sexual exploitation under state statute a health care liability claim).

A plaintiff asserting a medical negligence claim bears the burden of establishing: (1) a duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).

In this case, Ms. Yao is the agent of health care provider, and thus falls within the scope of Chapter 74, and Plaintiffs' claims are a health care liability claim masked as causes of action for RICO violations, Rehabilitation Act, false imprisonment, civil conspiracy, respondeat superior, negligence, and gross negligence. The Third Amended Complaint's ("TAC") factual allegations establish that the claim is one "against a healthcare provider or physician for… claimed departure from accepted standards of medical care, or health care, or safety… directly related to health care, which proximately results in injury..." Tex. Civ. Prac. & Rem. Code § 74.001(a)(13).  No evidence exists to support Plaintiffs' health care liability claim. Therefore, Yao is entitled to summary judgment as a matter of law as to all of Plaintiffs' claims and causes of action.

Even if the Court determines Plaintiffs' claims are not a health care liability claim, Defendant is entitled to summary judgment as a matter of law for the reasons set forth in more detail below.

## II.   Defendants Are Entitled To Summary Judgment On Plaintiff's Rico Claims.

### A.   Plaintiffs have not produced evidence sufficient to create an issue of material fact as to Plaintiffs' standing under the RICO statute.

Plaintiffs must establish that they have standing to sue under RICO. "The standing provision of civil RICO provides that '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor.'" *In re Taxable Mun. Bond Sec. Litig. v. Kutak,* 51 F.3d 518, 521 (5th Cir. 1991) (quoting 18. U.S.C. § 1964(c)). Thus, Plaintiffs must establish two separate elements to establish RICO standing: (1) injury to a business or

property, and (2) a causal link between a business or property injury and the alleged racketeering activities. *See Jackson v. NAACP,* 546 F. App'x 438, 442 (5th Cir. 2013).

### 1. *Plaintiffs have not produced evidence of RICO injuries.*

The Supreme Court has held that "[t]he phrase 'business or property'… retains restrictive significance… [that] exclude[s] personal injuries suffered." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (analyzing an identical phrase in the Clayton Act). Relying on *Reiter*, the Fifth Circuit confirmed that personal injuries do not confer RICO standing. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) (citing *Reiter*, 442 U.S. at 339); *see also Borskey v. Medtronics, Inc*., 105 F.3d 651 (5th Cir. 1996) (per curiam) (unpublished) (affirming dismissal of RICO claim because "RICO has no applicability to an action for damages from personal injuries").

Even the economic consequences of personal injuries—such as being unable to pursue employment opportunities—do not qualify as "injury to business or property." *See, e.g., Bradley v. Phillips Petroleum Co*., 527 F. Supp. 2d 625, 646 (S.D. Tex. 2007), aff'd, 337 F. App'x 397 (5th Cir. 2009); *Fisher v. Halliburton*, 2009 WL 5170280, at *4 (S.D. Tex. Dec. 17, 2009) ("[P]ersonal injuries and their resulting pecuniary consequences are not an 'injury to business or property' under section 1964(c)."); *see also Hollander v. Flash Dancers Topless Club*, 340 F.Supp.2d 453, 458-59 (S.D.N.Y. 2004), aff'd, 173 Fed. Appx. 15 (2d Cir. 2006) ("[T]o state a claim under RICO, a plaintiff 'must allege facts demonstrating both that plaintiff's injury is to his business or property – and not physical, emotional or reputational harm or any economic aspect of such harm,' and damages arising from such personal injuries are not recoverable under RICO.").

In this case, Plaintiffs have shown no evidence of injuries to business or property. *See Scheppegrell v. Hicks*, 2016 WL 3020884, at *4 (E.D. La. May 26, 2016) (emotional distress and "mere injury to a valuable intangible property interest"); *Gaines v. Tex. Tech. Univ.*, 965 F. Supp. 886, 890 (N.D.Tex 1996) (impairment future earning capacity); *Borskey v. Medtronics, Inc.*, 1995 WL 120098, at *3 (E.D. La. Mar. 15, 1995) (medical expenses closely tied to personal injuries). Plaintiffs' alleged injuries are merely speculative personal injuries and do not establish RICO standing. *See In re Taxable Mun. Bond Secs. Litig.*, 51 F.3d at 523 ("[S]peculative damages are not compensable under RICO."); *see also Sheshtawy v. Gray*, 697 F. App'x 380, 382 (5th Cir. 2017) (affirming dismissal of RICO claims where the alleged injury was "too speculative and indirect to satisfy RICO standing"), cert. denied, 138 S. Ct. 1298 (2018). Plaintiffs merely alleged personal damages; no evidence exists of injury to business or property. Plaintiffs allege: bodily harm (personal injuries from falling at facility, "seizure disorder", and "significant medical treatment and multiple hospitalizations"), emotional harm ("severe panic attacks," no longer feeling safe, suffering from experiences being "treated like a prisoner", and suffering "nightmares from the experience"), reputational harm ("permanently stained by a false diagnosis," "his medical records were injured," "diagnosed as a drug addict"), and economic consequences of personal injuries ("missing 6 weeks of work," lost income).   In the TAC, Plaintiffs also allege damages that in no way relate to the alleged enterprise, such as travel costs (¶¶ 107-108), lost tuition money (¶ 106), hail damage to a vehicle (¶ 107), loss of sale on vehicle (¶ 122), and bail bond (¶ 108).

Because Plaintiffs have not and cannot point to evidence of RICO injuries, Yao is entitled to summary judgment as a matter of law as to Plaintiffs' RICO claims.

2.     *Plaintiffs have not produced evidence establishing that their injuries were caused by Yao.*

Here, to the extent Plaintiffs assert that such injuries do constitute injury to business or property, which Yao vehemently denies, Plaintiffs fail to prove how Yao's alleged RICO violations *caused* the damages. A plaintiff cannot merely allege that an act of racketeering occurred and that he lost money. A RICO Plaintiff must show a causal connection between the injury and the predicate act. If no injury flows form a particular predicate act, recovery is prohibited.

Here, Plaintiffs have failed to establish any connection between the alleged injuries and Yao's acts and/or omissions. As previously stated, Yao's notarization was applied to two pages of a court filing for one Plaintiff – Diane Creel. Ms. Yao had no further contact or involvement with remaining Plaintiffs. Yao's notarization merely certifies the signature of the physician, Dr. Tom, on the court filings. Plaintiffs' have failed to show how this ministerial act caused Plaintiffs' injuries.

The complete absence of any causal nexus to Plaintiffs' injuries means Plaintiffs have failed to establish standing under RICO. *See, e.g.*, *Jackson*, 546 F. App'x at 442–44 (affirming dismissal of RICO claim because the relationship between alleged harm and alleged RICO activity was "too attenuated" to establish proximate causation). No evidence has been provided to establish Plaintiffs' RICO standing, and the Court should grant Yao's motion for summary judgment and dismiss Plaintiffs' RICO claims in their entirety.

B.     **Even if the Plaintiffs have RICO standing, Plaintiffs fail to raise a genuine issue of material fact as to whether Yao violated 18 USC § 1962(a)-(c).**

A substantive RICO claim under 18 U.S.C. § 1962(a)–(c) requires a plaintiff to prove three elements: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected

to the acquisition, establishment, conduct or control of an enterprise." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citation omitted). An enterprise is a group of entities associating together for the common purpose of engaging in a course of conduct. *Id.* at 229. A plaintiff alleging an association-in-fact enterprise, as alleged by Plaintiffs in this case, "must adduce… evidence that the various associates function as a continuing unit." *Id.* Additionally, a RICO claimant alleging violations of § 1962(c), as here, must also establish the defendant "participate[d] in the operation or management of the enterprise itself." *In re MasterCard Intern. Inc.*, 313 F.3d 257, 261 (5th Cir. 2002) (citing *Reves v. Earnst & Young,* 507 U.S. 170, 185 (1993)). "[I]n order to 'participate, directly or indirectly, in the conduct of such enterprise affairs,' one must have some part in directing those affairs." *Reves*, 507 U.S. at 179. "Outsiders" may only be liable under § 1962(c) "if they are 'associated with' an enterprise and participated in the conduct of its affairs – that is, participate in the operation or management of the enterprise itself." *Id.*

While Plaintiffs do not specify the particular subsection of § 1962 for which they seek relief, it is irrelevant. Plaintiffs' claims must fail regardless because Plaintiffs are unable to provide any evidence that Yao is or was engaged in a pattern of racketeering activity or connected to the "acquisition, establishment, conduct or control of an enterprise" sufficient to survive the *Reves* test. *See id.*

In support of their purported RICO claim, Plaintiffs allege that Defendants knowingly committed several unlawful acts: receiving and paying remuneration to induce patient referrals (Dkt. No. 183 ¶¶ 288, 299); violating the Travel Act (*id.* ¶¶ 308, 311); commercial bribery (*id.* ¶ 297); health care fraud (*id.* ¶¶ 297); mail and wire fraud (*id.* ¶¶ 24, 287, 305); violating the Hobbs Act (*id.* ¶¶ 306, 308); and violating the "federal and Texas anti-kickback statutes" (*id.* ¶

315); and using physician reports "to detain a number of people who were in UHS facilities." (*id.* ¶ 304). However, Plaintiffs have not and cannot point to any evidence to support these alleged unlawful acts.

Additionally, Plaintiffs' allegations against Yao are based on her role as a notary, which was limited to notarizations for just one Plaintiff – Diane Creel. . Dkt. No. 183 ¶¶ 11, 22. Further, Plaintiffs claim that Yao assisted in generating preadmission assessments and sworn documents to detain patients. *Id.* Plaintiffs claim that these preadmission assessments were false, fraudulent, and "a sham to secure the admission of a patient into a UHS facility or to keep a patient in a UHS facility." *Id.* ¶¶ 22, 129. However, there is no evidence to support Plaintiffs' assertions that the preadmission assessments were false, fraudulent or a sham. Rather, the two pre-admission telemedicine evaluations and the four MOTs at issue in this case as to the Chang Defendants were performed within the standard of care, in accordance with Texas laws, and not in furtherance or apart of the alleged enterprise. In fact, record logs and medical records produced in this case confirm the initiation and completion of these encounters. *See* Ex. A; Ex. C; Ex. L; Ex. M; Ex. N; Ex. O.

Further, in the TAC, Plaintiffs claim "[m]oney also flows to Universal Physicians PA and Yupo Jesse Chang and the entities that he controls to generate Preadmission Assessments designed to hold patients involuntarily." Dkt. No. 183 at ¶ 315. Additionally, Plaintiffs allege the Chang Defendants are paid "per patient to secure the  transfer or admission of a patient to a mental health facility." *Id.* at ¶ 319. However, there is no evidence of an agreement or incentive to "secure the transfer or admission" of patients as alleged by Plaintiffs. The Chang Defendants and Telemedicine Physicians are compensated the same regardless of whether the patient is admitted to a UHS facility. The Chang Defendants are compensated for their services on a per-

service basis rather than a per-admission basis as alleged by Plaintiffs. For example, the Hospitals compensate the Chang Defendants $45 per patient for patient encounters by telemedicine and $29 for each MOT. *See* Ex. H; Ex. I p. 14; Ex. J pp. 1-2; Ex. K p. 1; *see also* Ex. F 238:25-239:4. Similar arrangements exist between the Chang Defendants and the Telemedicine Physicians such that those physicians are paid on a per-service basis. Ex. F 238:12-17. Accordingly, the evidence in this case affirmatively disproves Plaintiffs assertions that the Chang Defendants perform the telemedicine and MOT services to secure the admission of patients and discredits Plaintiffs' theory that the Chang Defendants and Yao are involved in a fraudulent enterprise.

Yao had no role in directing any part of the alleged enterprise's affairs. *See Reves*, 507 U.S. at 185. Instead, Yao's notarization was merely applied on two pages of a court filing for one patient – Diane Creel. The Chang Defendants and Yao were involved in their own affairs and provided the same telemedicine services they provide to other facilities and patients outside of the alleged enterprise in their usual course of business.

Because no evidence exists to support Plaintiffs' substantive RICO claims, the Court should grant Yao's motion for summary judgment and dismiss Plaintiffs' RICO claims.

    **C.**     **Plaintiffs fail to raise a genuine issue of material fact as to whether Yao violated 18 USC § 1962(d).**

        **1.**     *No reasonable jury could find that Yao agreed to commit a RICO offense.*

To have a viable RICO conspiracy claim under 18 U.S.C. § 1962, a plaintiff must prove the existence of an agreement on the part of each defendant to violate 18 U.S.C. § 1962(a)-(c). A RICO conspiracy requires (1) an agreement to commit a substantive RICO offense, and (2) that the defendant knew of and agreed to the overall objective of the RICO offense. *See, e.g., Conrad*

*v. Wayne KRC*, 2016 WL 5853738, at *6 (E.D. Tex. June 17, 2016), *aff'd*, 678 F. App'x 236 (5th Cir. 2017). "Each defendant must understand the scope of the enterprise and knowingly agree to further its affairs through committing substantive RICO offenses." *Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 6666833, at *9 (E.D. Tex. Aug. 18, 2016), report and recommendation adopted as modified, 2016 WL 6693170 (E.D. Tex. Sept. 14, 2016), aff'd, 17-40752, 2019 WL 4458378 (5th Cir. Sept. 18, 2019) (citing *United States v. Marcello*, 537 F. Supp. 1364, 1379 (E.D. La. 1982), *aff'd sub nom. United States v. Roemer*, 703 F.2d 805 (5th Cir. 1983).

Even though the TAC does not cite 18 U.S.C. § 1962(d)**,** it alleges an "illegal conspiracy" and references "coconspirators" in the RICO claim's supporting allegations. Dkt No. 183 ¶¶ 291, 299, 300, 308, 317, 347, 350, 356, 359, 365, 380, 381. To the extent Plaintiffs assert a RICO conspiracy claim under Section 1962(d), Yao is entitled to summary judgment for the following reasons.

First, because Yao is entitled to summary judgment on Plaintiffs' substantive RICO claims under 18 U.S.C. § 1962(a)-(c), she is also entitled to summary judgment as to Plaintiffs' RICO conspiracy claim under 18 U.S.C. § 1962(d). *See Beck v. Prupis*, 529 U.S. 494, 505-06 (2000) (affirming summary judgment on a RICO conspiracy claim because the alleged "overt act in furtherance of their conspiracy is not independently wrongful under any substantive provision of the [RICO] statute."). Second, even if Plaintiffs' § 1962(a)-(c) claims were to survive summary judgment, Plaintiffs have failed to plead or prove the particulars of an agreement by Yao to violate § 1962(a), (b), or (c). *See Tel-Phonic Serv., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992). The Chang Defendants contract with Hospital Defendants to provide telemedicine evaluations and MOT services. *See* Ex. H; Ex. I; Ex. J; Ex. K. Additionally, Yao contracts with Universal Physicians, PA to provide administrative services. These agreements

fail to establish Yao's ties to a RICO conspiracy. Rather, the contracts reveal the limited nature of Yao's involvement in the health care at issue – notarizing two documents filed with the court for one Plaintiff.

Because Plaintiffs cannot point to evidence to prove the particulars of an agreement by Yao to violate § 1962(a), (b), or (c), Yao is entitled to summary judgment dismissing Plaintiffs' § 1962(d) claims.

### III.    Plaintiff Barbara Meier's Claims Are Time-Barred By The Statute Of Limitations

#### A.    Plaintiff Meier's Claims are Subject to a Two-Year Statute of Limitations

As stated above, Plaintiffs' claims are a health care liability claim improperly recast as causes of action for RICO violations, Rehabilitation Act, false imprisonment, civil conspiracy, respondeat superior, negligence, and gross negligence. Accordingly, Plaintiffs' claims are subject to Chapter 74 of the Texas Civil Practice and Remedies Code. Section 74.251 of the Texas Civil Practice & Remedies Code imposes a strict two-year statute of limitations on all health care liability claims. TEX. CIV. PRAC. & REM. CODE § 74.251. The Code provides that health care liability claims cannot commence unless the claim is filed "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . ." *Id.* The two-year statute of limitations in medical malpractice cases begins on (1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization. *Shah v. Moss,* 67 S.W.3d 836, 841 (Tex. 2001).

On December 18, 2015, Plaintiff Meier walked through the doors of Mayhill seeking treatment. Dkt. No. 183 at ¶ 33-34. On the same day, Dr. Tao conducted a pre-admission telemedicine evaluation of Plaintiff Meier. *See* Ex. B. Dr. Tao had no further contact,

communication, or involvement with the care and treatment of Ms. Meier. Meier was transferred from Mayhill to another facility four days later on December 22, 2015 to continue treatment. Dkt. No. 183 ¶¶ 78-80. Meier commenced the lawsuit by filing in Denton County on December 8, 2017, naming only Mayhill as a defendant. Dkt. No. 6. Yao was not added to the lawsuit until October 1, 2018, when Plaintiffs filed their First Amended Original Complaint. Dkt. No. 11.

To be timely filed, the Complaint dated October 1, 2018 naming Yao would need to allege an act injurious to Meier occurring on or after October 1, 2016. However, all of the acts at issue are alleged to have occurred well before that time. According to the Complaint and the medical records produced in this case, Meier's injury occurred no later than December 22, 2015,[2] her last day at Mayhill, more than two years and ten months before the lawsuit was filed against Yao. Meier failed to file a claim against Yao within the two-year statute of limitations, and, thus, Meier's claims must be dismissed as a matter of law.

### B.    The Relation Back Doctrine Does Not Apply to Save Meier's Claims.

Federal Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading" when: "the amendment changes the party or the naming of the party against whom a claim is asserted… and… the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). The relation back doctrine is aimed at adding parties necessitated by mistake or misidentification, not by failure to identify the party. *See Jacobsen v. Osborne*, 113 F.3d 315, 321-22 (5th Cir. 1998).

---

[2] Meier was a patient at Mayhill from December 15, 2015 – December 22, 2015. *See* Dkt. No. 11 ¶¶ 26, 72.

Here, the relation back doctrine does not apply to save Meier's claims against Yao because (1) Defendants did not receive timely notice of the original complaint, and (2) Meier did not misidentify Defendants in the Denton County lawsuit, but, rather she did not identify them at all. *See id.* at 321-22.

### C.   Meier's Claims Are Not Tolled by Disability.

In an effort to save her claims from the statute of limitations bar, Plaintiff Meier added one, conclusory sentence in the TAC: "Her statute of limitations has been tolled and continues to be tolled as a result of her disability." Dkt. No. 183 ¶ 31. However, Plaintiff Meier has neither alleged nor pointed to evidence identifying what disability tolls her claims, when the disability began, or why despite the assistance of counsel, she was unable to timely bring suit against Yao.

Because the First Amended Complaint, which added Yao to the lawsuit, fails to allege any injury occurring in the two years prior, Meier's claims are time-barred, and Yao is entitled to summary judgment as to Plaintiff Meier.

## IV.   The Court Should Grant Summary Judgment On Plaintiffs' Rehabilitation Act Claims Against Yao.

Plaintiffs have not and cannot come forward with evidence that any of the elements required for liability under the Rehabilitation Act are present with respect to Yao.

The Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States… shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794(a). In order to plead a cause of action under the Rehabilitation Act, a plaintiff must allege the following elements: (1) plaintiff is a qualified individual with a disability, (2) plaintiff was excluded from participation in or denied benefits of, or subjected to discrimination under defendant's program or activity solely because

of plaintiff's disability, and (3) the program receives federal financial assistance. *Doe v. Steward Health Care Sys.*, 2018 WL 4233816, at *9 (S.D. Tex. July 31, 2018), *report and recommendation adopted*, 2018 WL 4232921 (S.D. Tex. Sept. 5, 2018) (citing 29 U.S.C. § 794(a)). Plaintiffs' claims against Yao for violations of the Rehabilitation Act must fail for the following reasons:

### A. Yao, individually, is entitled to judgment as a matter of law on this claim because the Rehabilitation Act does not allow for recovery against individuals.

*First*, as for Dr. Chang, Plaintiffs' Rehabilitation Act claim must fail because the Act provides no private cause of action against Dr. Chang in his individual capacity. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) ("[plaintiff] cannot sue [defendant], individually, under the Act"); *see also Strunk v. Restro*, 2016 WL 7496183, at *2 (N.D. Tex. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7491852 (N.D. Tex. Dec. 30, 2016). As stated above, enforcement of the Rehabilitation Act provides for suit against any *program or activity* receiving federal financial assistance. *See* 29 U.S.C. § 794(a) (emphasis added). Here, Dr. Chang is not a program or activity receiving federal financial assistance and, thus, cannot be held liable under the Rehabilitation Act. Because Plaintiffs cannot sue Dr. Chang under the Act in his individual capacity, Plaintiffs' claim under the Act must be dismissed. *See Lollar*, 196 F.3d at 609.

### B. Plaintiffs fail to raise an issue of material fact as to whether Plaintiffs have a disability giving them protection under the Rehabilitation Act.

*Second*, even if Plaintiff were able to sue Yao in her individual capacity under the Act, Plaintiffs have no evidence to show that any of the Plaintiffs are a qualified individual with a disability. The Rehabilitation Act defines "disability" as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

The TAC merely states that Plaintiffs suffered from "cognitive disabilit[ies]" such as "anxiety, depression, and MS." Dkt. No. 183 ¶ 397. Additionally, Plaintiffs allege they are disabled under the Act because Defendants treated each Plaintiff as if they were disabled by certifying their admission to the facility and billing for inpatient services.

Not only do these allegations fail to explain how Plaintiffs have qualified disabilities under the Act, but, apparently Plaintiffs are claiming they suffered cognitive disabilities warranting special protection under the Rehabilitation Act, yet out of the other side of the mouth asserting they were fraudulently and wrongfully admitted without justification. Not only should Plaintiffs be barred from doing so, but Plaintiffs have provided no evidence of qualified disabilities under the Act. Accordingly, Yao is entitled to summary judgment as a matter of law.

### C.    Plaintiffs fail to raise an issue of material fact as to whether Yao discriminated against Plaintiffs based on Plaintiffs' disabilities.

*Third*, no reasonable jury could find that Yao discriminated against Plaintiffs in any way. Yao provided the same services to Plaintiff Diane Creel as she would any other patient in a similar position. There was nothing unique or discriminatory about Yao's notarizations. Because there is no evidence to prove Yao discriminated based on a disability, the Court should grant summary judgment as to Plaintiffs' Rehabilitation Act claim.

### D.    Plaintiffs fail to raise an issue of material fact as to whether Yao receives federal financial assistance.

*Finally*, Plaintiffs, in conclusory fashion, state that "because each defendant receives federal financial assistance, they are subject to the [Rehabilitation Act] regulation." Dkt. 183 ¶ 387. A plaintiff must present evidence that the defendant receives federal financial assistance. *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 427 (5th Cir. 1997) ("plaintiffs have not even argued that the [defendant] receives federal financial assistance—let alone presented any

evidence on this point."). Because Plaintiffs fail to present evidence, or even specifically allege, that the Chang Defendants receive federal financial assistance, Yao is entitled to summary judgment as a matter of law and Plaintiffs' claims for violation of the Rehabilitation Act should be dismissed.

## V.     The Court Should Grant Summary Judgment On Plaintiffs' Civil Conspiracy Claim Against Yao.

To state a claim for civil conspiracy under Texas law, a plaintiff must allege (1) an agreement between two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as a proximate result. *Jennings v. Towers Watson*, 2018 WL 2422054, at *2–3 (N.D. Tex. Apr. 16, 2018) (recommending dismissal of civil conspiracy claim because the underlying torts failed under Rule 12(b)(6)), report and recommendation adopted, 2018 WL 2416576 (N.D. Tex. May 29, 2018) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). In Texas, there is no independent cause of action for conspiracy. *See Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007); *see also Titon v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).  A claim for civil conspiracy must be based on some underlying tort. *See Titon*, 925 S.W.2d. at 681.

In the present case, Plaintiffs allege that Defendants "willfully conspired to":

1) "admit Plaintiffs without following the standards set forth in Texas Health & Safety Code, Chapter 164 and violating Section 504 of the Rehabilitation Act of 1973 thereby" (Dkt. No. 183 ¶ 432);

2) "treat Plaintiffs without following the standards set forth in Texas Health & Safety Code, Chapter 571-577 and Chapter 321" (*Id.* ¶¶ 433-434); and

3)  "falsely imprison Plaintiffs" (*Id.* ¶ 435).

Of these underlying torts, the only one alleged against Yao is the Rehabilitation Act claim, which, as previously discussed, fails as a matter of law. *See* Section IV, *supra*. Because there is no evidence to support an underlying tort forming the basis of a civil conspiracy,

Plaintiffs' claim for civil conspiracy must also fail. *See Meadows*, 492 F.3d at 634. No evidence exists to support Plaintiffs' contention that Yao is part of a civil conspiracy, and Yao is entitled to summary judgment as a matter of law.

## VI.  The Court Should Grant Summary  Judgment On Plaintiffs' Respondeat Superior Claims Against Yao.

To establish liability for respondeat superior, a plaintiff must prove: (1) an agency relationship between the alleged tortfeasor and the employer, e.g., employer-employee relationship; (2) the alleged tortfeasor committed a tort; and (3) the tort was committed in the course and scope of the employee's authority. *See Goodyear Tire and Rubber v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007).

Here, Plaintiffs assert a separate cause of action entitled "respondeat superior" but have neither pled nor provided evidence of the existence of an agency relationship involving Yao. Rather, Plaintiffs' purported respondeat superior claim is merely a recitation of the elements in one sentence of the TAC:

> Each Defendant is liable for the torts committed by employees or agents under its agency or control, including ostensible agency where those people were acting in the course and scope of their employment or agency at the time of the each occurrence.

Dkt. No. 183 ¶ 439. Such a conclusory allegation and formulaic recitation of the elements is insufficient and Plaintiffs' can point to no evidence to support their respondeat superior claim. Accordingly, the Court should grant summary judgment in favor of Yao against Plaintiffs' claim for respondeat superior.

## VII.    The Court Should Grant Summary Judgment On Plaintiffs' Negligence And Gross Negligence Claims Against Yao.

### A.    Plaintiffs fail to raise an issue of material fact as to whether Yao was negligent.

As stated above, Plaintiffs claims against Yao constitute a health care liability claim under Chapter 74 of the Texas Civil Practice and Remedies Code. To establish a health care liability claim, a plaintiff must establish: (1) a duty requiring a health care provider to conform to a certain standard of conduct; (2) the applicable standard of care and its breach: (3) injury; and (4) a causal connection between the breach of that standard of care and the harm. *Hannah*, 523 F.3d at 601.

In the present case, and as stated above, Plaintiffs have not and cannot provided the Court with more than a scintilla of evidence to support their health care liability claim. *See Celotex Corp.*, 477 U.S. at 324; *see* Section I, *supra*. Therefore, Yao is entitled to summary judgment as a matter of law.

### B.    Plaintiffs fail to raise an issue of material fact as to whether Yao was grossly negligent.

Gross negligence has two elements: "(1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed with conscious indifference to the rights, safety, or welfare of others." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002) (citation omitted). To support their gross negligence claim, Plaintiffs do nothing but recite these legal elements in one brief paragraph. *See* Dkt. No. 183 ¶ 452. As with Plaintiffs' claim for negligence, there is no evidence to support that Yao's alleged

acts and/or omissions rise to the level of gross negligence, and, thus, Yao is entitled to summary judgment as a matter of law.

## **CONCLUSION**

Summary judgment is appropriate under Rule 56 when, through absence of evidence or otherwise, plaintiff fails to raise a genuine issue of material fact such that a reasonable jury could find in plaintiff's favor. *See Celotex*, 477 U.S. at 325. Here, Plaintiffs have failed to meet their burden of proof to overcome Yao's motion for summary judgment. There is no evidence to support a claim against Yao, and this motion for summary judgment should be granted and all claims asserted against Yao should be dismissed with prejudice.

**WHEREFORE, PREMISES CONSIDERED**, Yao respectfully prays that this Motion for Summary Judgment, upon hearing, be granted in all things, that Plaintiffs take nothing by this suit, and that the Court grant Yao such other and further relief, both at law and equity, to which she may justly be entitled.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via electronic mail on this the 11th day of October, 2019.


_____*/s/ Eric W. Hines*_____

Eric W. Hines