# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, *et al.* | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00615 |
| | § | Judge Mazzant |
| UHS OF DELAWARE, INC., *et al.* | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are eleven motions to dismiss Plaintiffs' Third Amended Complaint (Dkt. #202; Dkt. #204; Dkt. #206; Dkt. #207; Dkt. #208; Dkt. #209; Dkt. #210; Dkt. #211; Dkt. #212; Dkt. #213; Dkt. #214). Having considered the motions and the relevant pleadings, the Court finds that all eleven motions should be denied.

## BACKGROUND

On August 1, 2018, Plaintiff Meier filed her First Amended Petition in the 158th Judicial District Court of Denton County, Texas (Dkt. #1 ¶ 3). On August 27, 2018, Defendant UHS of Delaware, Inc. removed the case to this Court (Dkt. #1).

On October 1, 2018, Plaintiff Meier filed her First Amended Complaint in this Court, adding Plaintiffs Madison Hough, Jason Hough, Govinda Hough, Crowell, Harvey, McPherson, Stokes, and Young (Dkt. #11 ¶ 1). Plaintiff Meier also added as Defendants: Universal Health Services, Inc.; Dr. Sabahat Faheem; Kenneth Chad Ellis; Millwood Hospital LP; Dr. Sejal Mehta; Dr. Gary Malone; Alan B. Miller; Universal Physicians, P.A.; Dr. Says LLC; MD Reliance, Inc.; Office Winsome, LLC; Dr. Yupo Jesse Chang; Yung Husan Yao; Dr. Quingguo Tao; Dr. Harmanpreet Buttar; Behavioral Health Management, LLC; Dr. Jamal Rafique; Hickory Trail

Hospital, LP; Behavioral Health Connections, Inc.; Jan Arnett; and Wendell Quinn (Dkt. #11 ¶¶ 2–9).[1]

On April 26, 2019, without receiving leave of court, Plaintiffs filed a Second Amended Complaint, adding Plaintiffs Diane Creel, Lynn Creel, and Jalisa Green (Dkt. #130 ¶¶ 4, 5(j)–(k)).[2] Plaintiffs also added Defendant Dr. Timothy Tom (Dkt. #130 ¶¶ 4, 10(e)).

On May 28, 2019, Plaintiffs requested leave to file their Third Amended Complaint (Dkt. #182). Plaintiffs maintained that the new complaint did not add new defendants or causes of action but simply accounted for new factual and procedural developments (Dkt. #182 at p. 1). Plaintiffs also attempted to address issues that were raised by Defendants' motions to dismiss Plaintiffs' prior complaints (Dkt. #182 at p. 1). The Court granted Plaintiffs leave to file their Third Amended Complaint, and it denied as moot Defendants' twenty-eight motions to dismiss and strike Plaintiffs' first and second amended complaints (Dkt. #197).

Under the operative, Third Amended Complaint, Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants (Dkt. #183 at pp. 55–56). Plaintiffs' RICO claim is their primary claim, and it is based on Plaintiffs' allegations that Defendants "engaged in racketeering activities and conspired to fraudulently admit and detain patients in four hospitals" (Dkt. #183 ¶ 4). Plaintiffs then allege as "counts in the alternative" violations of the Rehabilitation Act; violations of the Texas Deceptive Trade Practices Act ("DTPA"); violations of the Texas Health and Safety Code; violations of the Texas Mental

---

[1] Plaintiffs voluntarily dismissed Defendant Miller from the case on December 20, 2018 (Dkt. #30).

[2] Plaintiffs note they requested leave to amend in their responses to Defendants' motions to dismiss (Dkt. #157 at pp. 1–2).

Health Code; False Imprisonment; Civil Conspiracy; Negligence; Gross Negligence; and violations of the Texas Civil Practice and Remedies Code (Dkt. #183 at pp. 90–111).[3]

After Plaintiffs filed their Third Amended Complaint, Defendants filed their motions to dismiss as follows:

- On June 26, 2019, Defendant Sabahat Faheem filed a Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #202). Plaintiffs responded on July 10, 2019 (Dkt. #218). Defendant Faheem filed a reply on July 17, 2019 (Dkt. #231).

- On July 2, 2019, Defendant Sejal Mehta filed Rule 12(b) Motions to Dismiss (Dkt. #204). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including Defendant Mehta's motion (Dkt. #236). Defendant Mehta filed a reply on August 8, 2019 (Dkt. #240).

- On July 2, 2019, Defendant Gary Malone filed a Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. #206). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including Defendant Malone's motion (Dkt. #236). Defendant Malone filed a reply on August 8, 2019 (Dkt. #240).

- On July 2, 2019, Defendants Universal Health Services, Inc. ("UHS"), UHS of Delaware, Inc. ("UHSD"), Behavioral Health Connections, Inc. ("BHC"), Jan Arnett, and Wendell Quinn (collectively, "UHS Defendants") filed a Motion to Dismiss Plaintiffs' Third Amended Complaint pursuant to Rule 12(b)(6) (Dkt. #207). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including the UHS Defendants' motion (Dkt. #236). The UHS Defendants filed a reply on August 8, 2019 (Dkt. #239).

- On July 2, 2019, Defendant Jamal Rafique filed a Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #208). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including Defendant Rafique's motion (Dkt. #236). Defendant Rafique filed a reply on August 8, 2019 (Dkt. #249).

- On July 2, 2019, Defendant Harmanpreet Buttar filed a Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #209). On July 24, 2019, Plaintiffs filed an omnibus response to

---

[3] Though not causes of action, Plaintiffs also list Respondeat Superior and Exemplary Damages Cap Busting as "counts in the alternative." *E.g.*, *Turner v. Upton Cty.*, 915 F.2d 133, 138 n.7 (5th Cir. 1990) (stating that respondeat superior itself is not a cause of action); *Sulzer Carbomedics, Inc. v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (stating that a claim for punitive damages is not a separate cause of action).

all Defendants' motions to dismiss, including Defendant Buttar's motion (Dkt. #236). Defendant Buttar filed a reply on August 8, 2019 (Dkt. #244).

- On July 2, 2019, Yupo Jesse Chang, Universal Physicians, PA, Dr. Says, LLC, MD Reliance, Inc., and Office Winsome, LLC (collectively, "Chang Defendants") filed a Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #210). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including the Chang Defendants' motion (Dkt. #236). The Chang Defendants filed a reply on August 8, 2019 (Dkt. #245).

- On July 2, 2019, Defendant Quingguo Tao filed a Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #211). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including Defendant Tao's motion (Dkt. #236). Defendant Tao filed a reply on August 8, 2019 (Dkt. #246).

- On July 2, 2019, Defendant Timothy Tom filed a Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #212). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including Defendant Tom's motion (Dkt. #236). Defendant Tom filed a reply on August 8, 2019 (Dkt. #247).

- On July 2, 2019, Defendant Yung Husan Yao filed a Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #213). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including Defendant Yao's motion (Dkt. #236). Defendant Yao filed a reply on August 8, 2019 (Dkt. #248).

- On July 2, 2019, Defendants Mayhill Hospital, Millwood Hospital, Hickory Trail Hospital, Behavioral Hospital of Bellaire, and Kenneth Chad Ellis (collectively, "Hospital Defendants") filed a Motion to Dismiss pursuant to Rule 12(b)(1) and/or 12(b)(6) (Dkt. #214). On July 24, 2019, Plaintiffs filed an omnibus response to all Defendants' motions to dismiss, including the Hospital Defendants' motion (Dkt. #236). The Hospital Defendants filed a reply on August 8, 2019 (Dkt. #243).

As Plaintiffs note in their omnibus response, each motion to dismiss makes similar arguments but with a few differences (Dkt. #236 at p. 3 n.8). All the motions to dismiss make the argument that: (1) Plaintiffs' RICO claim should be dismissed under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6); and (2) Plaintiffs' Rehabilitation Act claim should be dismissed under Rule 12(b)(6). Several of Defendants' motions to dismiss also argue that the Court should refuse to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

In addition to the common grounds for dismissal listed above, Defendant Malone separately asserts that Plaintiffs' complaint should be dismissed under Rule 12(b)(2), Rule 12(b)(3), Rule 12(b)(4), and Rule 12(b)(5).

## LEGAL STANDARDS

The following legal standards are relevant to nearly all of the motions to dismiss except for the Rule 12(b)(5) standard, which is relevant only to Defendant Malone's motion to dismiss.

### I. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain

that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.     Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## A. Federal Rule of Civil Procedure 9(b)

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s

heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186.

Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

### III.     Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that a party may filed a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999)).

### ANALYSIS

In denying Defendants' eleven motions to dismiss, the Court first addresses and rejects the argument of several Defendants that the Court lacks subject-matter jurisdiction over Plaintiffs' RICO claim because Plaintiffs do not have "standing under RICO" (Dkt. #202; Dkt. #204; Dkt. #206; Dkt. #208; Dkt. #214). The Court then rejects the argument of all Defendants that

Plaintiffs' claims should be dismissed under Rule 12(b)(6) for failure to state a claim. Next, the Court rejects the argument of several Defendants that the Court should refuse to exercise supplemental jurisdiction over Plaintiffs' state-law claims (Dkt. #202; Dkt. #204; Dkt. #208; Dkt. #214).

Finally, the Court addresses and rejects Defendant Malone's arguments in the alternative for dismissal under Rule 12(b)(3) and Rule 12(b)(5) (Dkt. #206). The Court will not consider Defendant Malone's argument that dismissal under Rule 12(b)(3) is appropriate at this time because both Defendant Malone and Plaintiffs insufficiently briefed this issue for the Court. And Defendant Malone's request for Rule 12(b)(5) dismissal is denied since Plaintiffs had good cause for their untimely service of process.

## I. Rule 12(b)(1) Is Not the Appropriate Vehicle for Defendants' Motions to Dismiss

Several Defendants allege that the Court must dismiss Plaintiffs' RICO claims for lack of subject-matter jurisdiction under Rule 12(b)(1). Defendants submit that Plaintiffs do not have "standing under RICO" for two reasons: (1) Plaintiffs do not have a valid cause of action under 18 U.S.C. § 1964(c); and (2) Plaintiffs have failed to show proximate cause between the alleged harm and the claimed RICO violation (Dkt. #202 at pp. 14–15; Dkt. #204 at pp. 17, 20, 25; Dkt. #206 at pp. 6, 12, 16; Dkt. #208 at pp. 6–9; Dkt. #214 at p. 15). Because neither of these alleged pleading defects are questions of subject-matter jurisdiction—i.e., the *power* of the Court to hear the case— Rule 12(b)(1) is not the proper vehicle for Defendants' challenge.

In *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), the United States Supreme Court clarified the nature of "prudential standing." In doing so, the Supreme Court addressed whether a party's lack of "statutory standing" or a party's deficient pleading of proximate causation are issues of subject-matter jurisdiction. The Supreme Court unambiguously and unanimously held that they are not.

The Supreme Court noted that it had occasionally referred to "statutory standing," or the question of whether a plaintiff fell within the class of plaintiffs Congress had authorized to sue under a statute, and treated the question as effectively jurisdictional. *Lexmark*, 572 U.S. at 128 & n.4. Disclaiming that treatment, the unanimous Court explained that "statutory standing" is simply a question of whether a valid cause of action exists—a question that "does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case." *Id.* at 128 n.4 (emphasis in original) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642–43 (2002)). And the Supreme Court applied the same reasoning to proximate causation, which is just an "element of the cause of action under the statute . . . ." *Id.* at 134 n.6 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

Here, several Defendants argue that dismissal for lack of subject-matter jurisdiction is appropriate since Plaintiffs do not have "standing under RICO" because: (1) Plaintiffs cannot show injury to their business or property as required to have a claim under § 1964(c); and (2) Plaintiffs cannot show proximate cause between the alleged harm and the claimed RICO violation. *E.g.*, (Dkt. #202 at pp. 14–15). But as the Supreme Court explained in *Lexmark*, neither implicate the *power* of the Court to hear the case—they simply go to the question of whether Plaintiffs may survive a motion to dismiss under Rule 12(b)(6). 572 U.S. at 128 n.4, 134 n.6.

The Fifth Circuit has recognized *Lexmark* in the RICO context, explaining that although parties and courts often referred to "RICO Act standing" or "statutory standing," courts "should avoid using that term" since it is not a question that implicates subject-matter jurisdiction. *Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 409 n.8 (5th Cir. 2015) (citing *Lexmark*, 572 U.S. at 128 n.4); *see also Humphrey v. GlaxoSmithKline PLC*, 905 F.3d 694, 701 (3d Cir. 2018) ("Because this [RICO] case does not involve Article III standing, but rather presents

an issue of statutory standing, subject matter jurisdiction is not implicated, and the parties incorrectly relied on Rule 12(b)(1).”); *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 887 (10th Cir. 2017) (“Of course, what we once called ‘RICO standing’ or ‘statutory standing’ we now properly characterize as the usual pleading-stage inquiry: whether the plaintiff has plausibly pled a cause of action under RICO.”).[4]

Defendants’ challenge of Plaintiffs’ RICO claim is appropriate for a motion to dismiss under Rule 12(b)(6), but it is not appropriate under Rule 12(b)(1).[5] Since the alleged lack of a valid cause of action under § 1964(c) and failure to plead proximate cause are not questions of the Court’s power to adjudicate this case, Defendants’ motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) are denied (Dkt. #202; Dkt. #204; Dkt. #206; Dkt. #208; Dkt. #214).

## II. Plaintiffs Have Alleged Sufficient Facts to Overcome Defendants’ Motions to Dismiss Under Rule 12(b)(6)

After reviewing the Third Amended Complaint, the motions to dismiss, the responses, and the replies, the Court finds that Plaintiffs have stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## III. The Court Continues to Exercise Supplemental Jurisdiction over Plaintiffs’ State-Law Claims

Several Defendants argue that the Court should refuse to exercise supplemental jurisdiction—even if the Court does not dismiss Plaintiffs’ federal claims—because Plaintiffs have

---

[4] In *Sheshtawy v. Gray*, 697 F. App’x 380 (5th Cir. 2017) (per curiam), the Fifth Circuit affirmed the district court’s Rule 12(b)(1) dismissal of the plaintiffs’ RICO claims and noted in dictum that it would have also affirmed the district court’s dismissal on Rule 12(b)(6) grounds. 697 F. App’x at 382 n.4. To the extent that the Fifth Circuit’s holding in *Sheshtawy* conflicts with its holding and reasoning in *Gil Ramirez*, the Court notes that *Sheshtawy* was not designated for publication and is not precedential except under the limited circumstances set forth in 5TH CIR. R. 47.5.4. The Court also notes that within *Sheshtawy*, the Fifth Circuit favorably cited to its opinion in *Gil Ramirez*. 697 F. App’x at 382.

[5] Defendants do not allege that Plaintiffs lack Article III standing to bring their RICO claim, and the Court is satisfied that at the pleading stage, they do. Defendants’ 12(b)(1) argument is focused exclusively on “statutory standing” and proximate causation.

made novel arguments under various state laws (Dkt. #202 at pp. 27–28; Dkt. #204 at pp. 30–31; Dkt. #208 at pp. 15–16; Dkt. #214 at pp. 31–32).  The Court disagrees and will retain supplemental jurisdiction over Plaintiffs' state-law claims at this time.

Section 1367—the supplemental-jurisdiction statute—states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Exercising or declining supplemental jurisdiction under § 1367 is within the Court's discretion.  *Wilson v. Tregre*, 787 F.3d 322, 326 (5th Cir. 2015).  The Court looks to both the statutory factors under § 1367 and the common-law factors in determining whether to exercise supplemental jurisdiction.  *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158–59 (5th Cir. 2011).  Because both the statutory and common-law factors weigh in favor of exercising supplemental jurisdiction, the Court will continue to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

### A.  Statutory Factors

The only relevant statutory factor here is § 1367(c)(1), which states that the Court may decline to exercise supplemental jurisdiction when a claim raises a novel or complex issue of State law.[6]  28 U.S.C. § 1367(c)(1).  Defendants argue that Plaintiffs make novel arguments under state law in an "effort to morph [] garden-variety" state-law claims into "something much more insidious."  *E.g.*, (Dkt. #202 at p. 27).  The Court is not persuaded that Plaintiffs' state-law

---

[6] Defendants argue that another statutory factor weighs in favor of refusing to exercise supplemental jurisdiction: that the Court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Because the Court is not dismissing Plaintiffs' federal claims, the Court does not address this statutory factor.  And since Plaintiffs' RICO and Rehabilitation Act claims have survived Defendants' motions to dismiss, there is no concern that Plaintiffs' state-law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).

claims—which Defendants acknowledge are based on "garden-variety" causes of action—are too novel or complex for the Court to exercise supplemental jurisdiction.[7] The statutory factors weigh heavily in favor of exercising supplemental jurisdiction.

## B. Common-Law Factors

To consider the common-law factors, the Court looks to the impact exercising or refusing to exercise supplemental jurisdiction would have on judicial economy, convenience, fairness, and comity. *Enochs*, 641 F.3d at 159 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Defendants did not address these factors, and the Court finds that the common-law factors weigh in favor of exercising supplemental jurisdiction.

## IV. Defendant Malone's Motion to Dismiss on Rule 12(b)(3) and Rule 12(b)(5) Grounds Is Denied

In addition to moving for dismissal under Rule 12(b)(1) and Rule 12(b)(6), Defendant Malone argues in the alternative that dismissal is also appropriate under Rule 12(b)(3) and Rule 12(b)(5).[8] Defendant Malone's motion to dismiss on these alternative grounds is denied.

### A. The Rule 12(b)(3) Issue Was Insufficiently Briefed

Defendant Malone spends about one page in his thirty-five page motion addressing venue, and he relegated his entire argument that venue in the Eastern District of Texas is not proper to a

---

[7] Plaintiffs' state-law claims are based on Defendants' alleged DTPA violations, violations of the Texas Health and Safety Code, violations of the Texas Mental Health Code, False Imprisonment, Civil Conspiracy, Negligence, Gross Negligence, and violations of the Texas Civil Practice and Remedies Code (Dkt. #183 at pp. 90–111). These certainly fall under the umbrella of garden-variety claims, and Defendants do not explain how Plaintiffs transmogrified them into novel issues of state law.

[8] Defendant Malone also moved for dismissal under Rule 12(b)(2) and Rule 12(b)(4). Although Defendant Malone requested dismissal under Rule 12(b)(2), he failed to brief this issue for the Court's consideration. And Defendant Malone never argued that process was insufficient under 12(b)(4)—rather, Defendant Malone's argument is that *service* of process was insufficient under Rule 12(b)(5) (Dkt. #206 ¶¶ 53–54). So the Court does not consider whether dismissal is appropriate under Rule 12(b)(4). *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2019) ("At the outset it is necessary to distinguish the motion under Rule 12(b)(4) from that under Rule 12(b)(5). An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. . . . A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.").

single paragraph (Dkt. #206 ¶ 52).   In response, Plaintiffs make two, conclusory statements to show that venue is proper: (1) "RICO has an extremely broad venue provision"; and (2) "[l]ike most of us in the DFW, greater Sherman area, Malone is not very far away from the Court." (Dkt. #127 at p. 30; Dkt. #159 at pp. 30–31).[9]

Conceivably, arguments exist that venue is proper or improper as to Defendant Malone. But it is not the Court's duty to make the parties' arguments for them, especially when Defendant Malone and Plaintiffs had *three* opportunities to fully brief this issue (Dkt. #123 & Dkt. #127; Dkt. #134 & Dkt. #159; Dkt. #206 & Dkt. #236).   *See Mendoza v. A&A Landscape & Irrigation, LP*, No. 4:12-CV-562, 2013 WL 12403556, at *2 (E.D. Tex. Nov. 26, 2013) ("It is not the obligation of the Court to make arguments on [the parties'] behalf, and find legal precedent to support those arguments, especially in light of the fact that [the parties] had ample time to brief the Court.").   Because this issue was insufficiently briefed by both Defendant Malone and Plaintiffs, the Court will not consider Defendant Malone's motion to dismiss on Rule 12(b)(3) grounds at this time.[10]

### B.  Defendant Malone Is Not Entitled to Dismissal Under Rule 12(b)(5)

Defendant Malone is also not entitled to Rule 12(b)(5) dismissal for insufficient service of process.   As Defendant Malone notes, although it was untimely, he was served with sufficient process on February 27, 2019 (Dkt. #206 ¶ 54).   Where a plaintiff fails to serve a defendant in a timely manner, the Court *must* extend time for service where good cause exists—where good cause does not exist, the Court *may* use its discretion to extend time for service.   *Gartin*, 289 F. App'x

---

[9] Rather than fully address this argument in their omnibus response to Defendants' motions to dismiss, Plaintiffs relegated their discussion of venue to a footnote, which incorporated Plaintiffs' prior argument on the subject (Dkt. #236 at p. 8 n.10).

[10] Defendant Malone may file a motion for leave so that he may file a—fully briefed—renewed motion to dismiss under Rule 12(b)(3).

at 692 (quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996)).  Because good cause existed for Plaintiffs' untimely service of process, the Court must extend time for service.[11]

Plaintiffs established that in November of 2018, Defendant Malone was sent a waiver request with two copies of the lawsuit via certified mail (Dkt. #159 at p. 7).[12]  Defendant Malone signed the return receipt, but ultimately, failed to respond to the waiver of service (Dkt. #159 at pp. 7–8).  Plaintiffs were negotiating with counsel for several other defendants in this case regarding waiver of service of process (Dkt. #159 at p. 7).  Defendant Malone had been identified as being represented by the same counsel (Dkt. #159 at p. 7).  Plaintiffs believed that Defendant Malone might be willing to waive service of process, just as other defendants represented by this counsel had agreed to do (Dkt. #159 at p. 7).  Once it became clear that Defendant Malone would not be waiving service, Plaintiffs acted diligently to personally serve Defendant Malone (Dkt. #159 at p. 7).

"To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"  *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).  Good cause for untimely service of process likely exists where "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances . . . ."  4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed. 2019).  "Should the plaintiff's attempt to use the waiver procedure prove

---

[11] The Court notes that even if these circumstances had not constituted good cause, the Court would have used its discretion to extend time for service of process here.  *See Thompson*, 91 F.3d at 21.

[12] Once again, Plaintiffs incorporated their prior argument on the subject of service of process from their responses to Defendant Malone's motions to dismiss Plaintiffs' first and second amended complaints (Dkt. #236 at p. 8 n.10).

unsuccessful and cause the plaintiff to miss the Rule 4(m) deadline, the diligence with which the plaintiff has been pursuing service should determine whether the court will grant an extension [for good cause]." *Id.*

Plaintiffs diligently pursued service against Defendant Malone, and Defendant Malone does not make an argument to the contrary. Plaintiffs had a good-faith belief—given negotiations with counsel for several other defendants who were purportedly representing Defendant Malone at the time—that Defendant Malone might waive service of process (Dkt. #159 at p. 7). Defendant Malone's only retort is that once thirty days had passed from his receipt of the waiver request, Plaintiffs could no longer have a good-faith belief that he was going to waive service (Dkt. #206 at p. 34 n.10). Defendant Malone cites no authority for this proposition. Defendant Malone's opinion is not sufficient to contradict the factual history provided by Plaintiffs showing their diligence in pursuing service. Nor was Plaintiffs' failure to timely serve Defendant Malone due to "simple inadvertence" or "ignorance of the rules." Because good cause exists to extend the time for service of process, the Court denies Defendant Malone's motion to dismiss on Rule 12(b)(5) grounds.

## CONCLUSION

It is therefore **ORDERED** that:

- Defendant Sabahat Faheem's Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #202);

- Defendant Sejal Mehta's Rule 12(b) Motions to Dismiss (Dkt. #204);

- Defendant Gary Malone's Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. #206);

- The UHS Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint pursuant to Rule 12(b)(6) (Dkt. #207);

- Defendant Jamal Rafique's Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #208);

- Defendant Harmanpreet Buttar's Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #209);

- The Chang Defendants' Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #210);

- Defendant Quingguo Tao's Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #211);

- Defendant Timothy Tom's Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #212);

- Defendant Yung Husan Yao's Motion to Dismiss Plaintiffs' Third Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #213); and

- The Hospital Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) and/or 12 (b)(6) (Dkt. #214), are hereby **DENIED**.

**SIGNED** this 2nd day of December, 2019.


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE