## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **BARBARA MEIER, MADISON HOUGH,** | § | |
| **JASON HOUGH, GOVINDA HOUGH,** | § | |
| **TIFFANY YOUNG, SANDRA STOKES,** | § | |
| **YOLANDA McPHERSON, TROY HARVEY,** | § | |
| **BILL CROWELL, DIANE CREEL,** | § | |
| **LYNN CREEL, and JALISA GREEN,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:18-cv-00615-alm** |
| | § | |
| **UHS OF DELAWARE, INC.;** | § | |
| **UNIVERSAL HEALTH SERVICES, INC.;** | § | |
| **MAYHILL BEHAVIORAL HEALTH, LLC;** | § | |
| **SABAHAT FAHEEM;** | § | |
| **KENNETH CHAD ELLIS;** | § | |
| **MILLWOOD HOSPITAL, LP;** | § | |
| **SEJAL MEHTA; GARY MALONE;** | § | |
| **BEHAVIORAL HEALTH MANAGEMENT,** | § | |
| **LLC d/b/a BEHAVIORAL HOSPITAL OF** | § | |
| **BELLAIRE; JAMAL RAFIQUE;** | § | |
| **HICKORY TRAIL HOSPITAL, LP;** | § | |
| **UNIVERSAL PHYSICIANS, P.A.;** | § | |
| **DR. SAYS LLC; MD RELIANCE, INC.;** | § | |
| **OFFICEWINSOME, LLC; YU-PO JESSE** | § | |
| **CHANG; QUINGGUO TAO; TIMOTHY TOM;** | § | |
| **HARMANPREET BUTTAR; YUNG HUSAN** | § | |
| **YAO;  BEHAVIORAL HEALTH** | § | |
| **CONNECTIONS, INC.; WENDELL QUINN;** | § | |
| **and JAN ARNETT,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS'
## PHYSICIAN EXPERT, MARK BLOTCKY, M.D.

COME NOW, Defendants Universal Health Services, Inc., UHS of Delaware, Inc., Behavioral Health Connections, Inc., Jan Arnett, and Wendell Quinn (collectively, the "UHS Defendants"); Defendants Mayhill Behavioral Health, LLC, Millwood Hospital LP, Hickory Trail Hospital, LP, and Behavioral Health Management, LLC d/b/a Behavioral Hospital of Bellaire (collectively, the "Hospital Defendants"); Defendants Universal Physicians, P.A., Dr. Says, LLC, MD Reliance, Inc., Officewinsome, LLC, and Yu-po Jesse Chang (collectively, the "Chang Defendants"); Defendant Qingguo Tao; Defendant Harmanpreet Buttar; Defendant Yung Husan Yao; Defendant Jamal Rafique; Defendant Sejal Mehta; Defendant Gary Malone; and Defendant Timothy Tom (all collectively, "Defendants"), by and through undersigned counsel, file this Motion to Strike the Testimony and Report of Plaintiffs' Expert Physician Mark Blotcky, M.D. with Brief in Support.

## SUMMARY OF RELIEF REQUESTED

The Court's Scheduling Order initially required Plaintiffs to make expert disclosures pursuant to Rule 26(a)(2) by May 13, 2019. Dkt. No. 122. The parties sought and received multiple extensions of the discovery deadlines such that Plaintiffs' expert disclosures were ultimately due November 22, 2019. Dkt. Nos. 158, 276, 297. On November 22, 2019, Plaintiffs designated their specially retained experts and produced the report of their expert physician, Mark Blotcky, M.D. (Dkt. No. 375-2, attached hereto as **Exhibit 1**).

However, Plaintiffs' designation was not accompanied by a written report containing a complete statement of all opinions Dr. Blotcky will express and the basis and reasons for them. This failure to comply with the Fed. R. Civ. P. 26(a)(2) by the Court's hard deadline was neither substantially justified nor harmless, as there has been sufficient time to allow Plaintiffs to make expert

disclosures. This failure to comply with the federal requirements surrounding expert disclosures has unfairly prejudiced Defendants' ability to properly prepare and respond to same.

The expert report and testimony of Dr. Mark Blotcky should be stricken on the grounds it is inadmissible under Federal Rule of Evidence 702 and insufficient under Federal Rule of Civil Procedure 26(a)(2).

## ARGUMENTS AND AUTHORITIES

"The judicial process is filled with formal requirements and rules for a purpose; namely, that each litigant receives a fair, full, and just judicial process." *Mobility Workx, LLC v. Cellco P'ship, Dist. Court*, Civil Action No. 4:17-CV-00872, 2019 WL 5721814, at *18 (E.D. Tex. Nov. 5, 2019) (Mazzant, J.). Plaintiffs were required to make disclosures of expert witnesses accompanied by written reports that complied with Rule 26(a)(2) and Fed. R. Evid. 702 by November 22, 2019. Dkt. No. 297. However, Plaintiffs' designation was accompanied by an incomplete report that failed to comply with Rule 26(a)(2)'s requirements and was neither substantially justified norharmless. Accordingly, the testimony and report of Dr. Blotcky should be stricken.

**1.      Plaintiffs' Disclosures Are Not in Compliance with Fed. R. Civ. P. 26(a)(2).**

Rule 26(a)(2) governs expert report disclosures and provides that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence [as an expert]." Fed. R. Civ. P. 26(a)(2)(A); *see Nelson v. Myrick*, No. 3:04-CV-0828-G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005). If the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, his disclosures must be accompanied by a written report prepared and signed by the

witness. *Id*. at 26(a)(2)(B).

The expert's written report must contain a **complete statement** of **all opinions** to be expressed **and the basis** and reasons therefor; the facts, data, or other information considered by the witness in forming the opinions; and any exhibits to be used as a summary of or support for the opinions. *Id*. "To satisfy Rule 26(a)(2)(B), the report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them." *Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2015 WL 11072132, at *2 (E.D. Tex. Oct. 19, 2015) (Mazzant, J.). This requirement allows parties to prepare effectively for cross examination of expert witnesses and, if necessary, to arrange for testimony by additional expert witnesses. *Ihde v. HME, Inc.*, No. 4:15-CV-00585 (E.D. Tex. August 1, 2017).

Under Rule 37(c)(1), a party that fails to provide information as required by Rule 26(a) is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In deciding whether to strike an expert witness for failure to comply with Rule 26(a)(2), a court is guided by four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the designating party's failure to comply with the Rule's requirements. *See Geiserman v. MacDonald*, 893 F. 2d 787, 791 (5th Cir. 1990).

### A.      Dr. Blotcky's Report is Incomplete and Deficient.

Plaintiffs made their expert disclosure of Dr. Blotcky as a "specially retained expert who will testify on behalf of the Plaintiffs as a Forensic Psychiatric Consultant," on November 22, 2019. *See*

Plaintiffs' Disclosure of Specially Retained Experts (Dkt. No. 375, attached hereto as **Exhibit 2**) at 2. However, rather than submitting an expert report containing a **complete statement** of **all opinions** Dr. Blotcky will express at trial, Plaintiffs attached an incomplete, noncompliant "Preliminary Report." *Id.* at 2. Plaintiffs also stated they are "in the process of producing various documents to the Defendants which Dr. Blotcky may use to summarize or support his opinions and/or which may be used as exhibits in this lawsuit." *Id.* at 3. As no timeframe is provided, Defendants are left to guess in the meantime as to what exactly Dr. Blotcky may testify to at trial.

In addition to submitting a "preliminary," incomplete expert report, Dr. Blotcky's report is vague and conclusory as to each Defendant's role in Plaintiffs' alleged injuries. *See generally* Ex. 1. The Fifth Circuit has held that, where an expert report does not offer an opinion as to each named defendant, it failed to meet the disclosure requirements. *Honey-Love v. United States*, 664 Fed. App'x 358, 316 (5th Cir. 2016). For example, a report is deficient where it only references some of the named parties generally but does not appear to offer any opinion pertaining to other named parties. *Id.* Further, where an expert opines that a defendant's failure led to the plaintiff's injuries but does not provide the basis or reasons for reaching this opinion the report does not comply with the disclosure requirements of Fed. R. Civ. P. 26. *Id.*

Dr. Blotcky's expert report in this case is similarly deficient; after a verbatim recitation of Plaintiffs' allegations as stated in their Third Amended Complaint (Dkt. 183), Dr. Blotcky finally opines, "Not one of these patients met the medical necessity for admission" (without stating, in his expert opinion, what the 'medical necessity standard' is as it relates to each individual patient based on his or her symptomology at the time of admission, as well as how and why each patient did not

meet "the medical necessity for admission"). Ex. 1 at 51.

The absence of this required "factual predicate" — "the bases and reasons" for the opinion

offered — renders this opinion insufficient and requires its exclusion. *See Brimer v. Chase Bank,*

*USA, NA*, No. 7-10-CV-7-O, 2011 U.S. Dist. LEXIS 163292 *5-6 (N.D. Tex. Jan. 13, 2100) (report

deficient when it fails to provide factual support for the opinions expressed); *Space Maker Designs*

*v. Weldon F. Stump & Co.*, No. 3-02-CV-0378-H, 2003 U.S. Dist. LEXIS 3941 *8-13 (N.D. Tex.

Mar. 13, 2003) (*citing Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996),

*cert. denied*, 519 U.S. 811, 136 L.Ed.2d 20, 117 S.Ct. 57 (1996)) (expert reports must provide a

"factual predicate" for the opinions offered.  If this necessary factual predicate is absent, the report

falls short of the requirement it be "detailed and complete").[1]

Dr. Blotcky similarly fails to explain and provide the required factual predicate related to the

other opinions stated in his report.  For example, he opines there were "[v]iolations of standard of

care" by the Hospital, the Behavioral Health and the Doctor Defendants, but states nothing about (1)

the applicable standards of care, (2) what standards were violated, and (3) the facts on which these

opinions are based.  Ex. 1 at 51-52, opinions 1-3.  Because this information is missing, Dr. Blotcky's

report is incomplete and deficient. *See Brimer*, 2011 U.S. Dist. LEXIS 163292 at *5-6; Space *Maker*

*Designs*, 2003 U.S. Dist. LEXIS 3941 at *8-13.

The balance of the 45 opinions offered by Dr. Blotcky are similarly deficient. Ex. 1 at 52-57.

---

[1] Later, after stating 45 opinions he intends to offer, Dr. Blotcky adds, "I believe it is extremely problematic and concerning when the hospital records and staff records do not match those of what the patient complained of as symptoms and the nurses [sic] records conflict with those of the medical doctor."  Ex. 1 at 57.  For the same reason — the necessary factual predicate is missing — this opinion too is insufficient and should be excluded.

With minimal exception, Dr. Blotcky does nothing more than offer a one-sentence "opinion" without explanation or reference to any facts on which the opinion is based. Ex. 1 at 52-57, opinions 4-9, 11-25, 27-37, 40-43.  In the few instances Dr. Blotcky provides some degree of explanation, he still does not provide any detail about the underlying standard of care, what should have been done or disclosed, and explain how that failure proximately caused the injuries alleged. Ex. 1 at 52-57, opinions 38, 44, 45.

In most instances, Dr. Blotcky fails to even state which Defendant or Defendants is responsible for the misconduct alleged. Ex. 1 at 52-57, opinions 4-21, 23-28, 30-31, 33, 37, and 42. These opinions are, therefore, deficient and should be excluded under Rule 26(a)(2)(B). *Honey-Love*, 664 Fed. App'x at 360-362.

In fact, Dr. Blotcky only once states that any of the Defendant Doctors — Drs. Buttar, Faheem, Malone Mehta, Rafique, Tao, or Tom — did anything wrong. Ex. 1 at 52, opinion 3.  The sum-total of this opinion is:

> Violations of standard of car by each defendant doctor with each individual patient. Specifically, Mehta/Tao and Green; Mehta/Buttar and McPherson; Malone/Tao and Harvey; Faheem and Hough; Faheem/Tao and Meier; Faheem/Tao and Stokes; Rafique and Crowell; Rafique/Tom and Creel; Tao and Young. Ex. 1 at 52, opinion 3.

*Id*. This "opinion" in no way meets the Rule 26's "detailed and complete" requirement. *See Brimer*, 2011 U.S. Dist. LEXIS 163292 at *5-6; *Space Maker Designs*, 2003 U.S. Dist. LEXIS 3941 at *8-13. For this reason, Dr. Blotcky's opinion that any Defendant Doctor did anything wrong should be excluded. *See id*.; *see also Honey-Love*, 664 Fed. App'x at 360-362.

Dr. Blotcky also fails to articulate a standard of care as to each individual Defendant, merely

concluding that the actions taken as a whole "do not meet the standard of care," which is conclusory and vague as to each Defendant's alleged role. Ex. 1 at 50-51. Dr. Blotcky goes on to list 20 "violations" as departures from the standard of care, but fails to explicate what that standard of care is for each Defendant. *Id.* at 51-53. Finally, he leaves Defendants to resort to utter speculation regarding the standard of care as well as the alleged departure therefrom: "With each Plaintiff failure of the physician to discharge the patient with _____" (*Id.* at 54, #24); and "Each treatment facility to the extent it violated the Texas Health & Safety Code § 164.005, in compensation to their employees and agents including _____" (*Id.* at 56, #40).

In addition to articulating one broad standard of care allegedly applicable to all Defendants, Dr. Blotcky fails to make the causal link between any named Defendant's conduct and any Plaintiff's alleged injuries in a non-conclusory manner. *See* Ex. 1. The Fifth Circuit has recognized (citing Texas law) that it is not enough for an expert simply to opine that the defendant's negligence caused the plaintiff's injury. *See Ellis v. United States*, 673 F.3d 367, 373 (5th Cir. 2012). The expert also must, to a reasonable degree of medical probability, explain how and why the negligence caused the injury. *Id.* If no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence. *Id.* Dr. Blotcky's one-sentence causation opinion (e.g., "These actions caused harm" to Plaintiffs) is, therefore, legally insufficient.

Possibly in recognition of the fact that his report is incomplete for purposes of Rule 26, Dr. Blotcky hedges and concludes his report by stating, "[b]ased on the complex multi-party nature of this proceeding, I have attempted to identify my opinions." Ex. 1 at 57. There is only one reason this is

a complex multi-party case; that reason is that Plaintiffs elected to file as a single lawsuit what are really nine separate claims (claims by Meier, the Hough Family, Stokes, McPherson, Harvey, Young, Crowell, the Creels, and Green) involving nine separate hospitalizations at four different facilities in four different cities between 2015 and 2018.  Dkt. No. 183 at 13-55. The fact that Plaintiffs elected to make this a "complex multi-party" case should not relieve either Dr. Blotcky or Plaintiffs of their duty to comply with the requirements of Rule 26.  The fact a case may be complex and may involve multiple parties and medical providers does not excuse the plaintiffs of the need to comply with the requirements of Rule 26.  *See Honey-Love*, 664 Fed. App'x at 360-362.

Dr. Blotcky's report is incomplete, deficient, and thus fails to comply with the expert disclosure requirements of Fed. R. Civ. P. 26. His expert report and testimony should be stricken.

### B.      Dr. Blotcky's Report and Testimony Should Be Stricken.

Here, the *Geiserman* factors clearly weigh in favor of striking Dr. Blotcky's testimony and report.  Even assuming, *arguendo*, that Dr. Blotcky's testimony is of import, the second element weighs in Defendants' favor. Defendants would be substantially prejudiced by the Court's acceptance of Dr. Blotcky's deficient "preliminary" report. Dr. Blotcky provides no specific opinions about each Defendant (including standards of care, alleged breaches, and alleged proximate cause of injury to each Plaintiff), so Defendants would be significantly and unfairly disadvantaged in their ability to designate a responsive expert who can prepare a report responding to the incomplete and insubstantial content of Dr. Blotcky's report. In addition, Defendants will be unable to adequately cross-examine Dr. Blotcky without knowing the factual basis for his opinions or the materials he relied upon in forming the opinions.

The third factor also weighs in favor of Defendants, as there is little possibility of curing the prejudice to Defendants. Even after receiving multiple extensions of the disclosure deadline, Plaintiffs submitted an incomplete and inadequate disclosure and expert report of Dr. Blotcky. As stated, this hinders Defendants' ability to designate appropriate responsive experts and to probe the basis for Dr. Blotcky's opinions. *See Flores v. AT&T Corp.*, No. 17-CV-00318-DB, 2019 WL 2746774, at *7 (W.D. Tex. Mar. 27, 2019) (concluding similar prejudice occurred). Further, the extensions of time have prolonged the litigation, and the inadequate disclosure and expert report have increased the costs of this lawsuit for Defendants. *See, e.g.*, *Law Funder, LLC v. Munoz*, No. 7:14-CV-00981, 2016 WL 8461423, at *3 (S.D. Tex. Dec. 9, 2016), *aff'd*, 924 F.3d 753 (5th Cir. 2019) (describing prejudice to opposing party as including conduct that prolongs litigation, increases litigation-related expenses, and prevents effective prosecution or defense of case).

As to the fourth factor, there is no reason for Plaintiffs' failure to timely comply with Rule 26(a)(2). Plaintiffs' deadline to make expert disclosures pursuant to Rule 26(a)(2) has already been extended multiple times and Plaintiffs have had sufficient time to make timely and complete disclosures. *See* Dkt. Nos. 158, 276, 297. Now, Defendants' deadline to make expert disclosures as well as the date of the end of discovery are rapidly approaching, and, thus, the harm to Defendants is evident. Plaintiffs attempt to justify their non-compliant disclosures by including a statement that there may be a supplemental report at undefined times in the future. *See* Ex. 2. This does not address the prejudice to Defendants and does not justify a continuance. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a

continuance."); *United States ex rel. DeKort v. Integrated Coast Guard Sys.*, 2010 WL 11614901, at *4 n.2 (N.D. Tex. Mar. 25, 2010) (rejecting argument that prejudice can be cured by later supplementation of expert's report because "a supplemental filing is not sufficient to remedy an incomplete initial report").

Plaintiffs have known for months that they had to designate experts and provide reports from retained experts, and they have received six months' worth of extensions of time to provide these designations and reports. *See* Dkt. Nos. 158, 276, 297. There is no "substantial justification" for Plaintiffs to provide only the incomplete and inadequate report of Dr. Blotcky, given the Court's Scheduling Order and the multiple extensions of Plaintiffs' deadline. *See, e.g., Flores*, 2019 WL 2746774, at *8 (substantial justification is justification to degree that could satisfy reasonable person that parties could differ as to whether party was required to comply with disclosure obligation).

In sum, Plaintiffs' complete failure to comply with Rule 26(a)(2) was neither substantially justified nor harmless and, as a result, the Court should strike Dr. Blotcky's testimony and report. Fed. R .Civ. P. 37(c); *Flores*, 2019 WL 2746774, at *9.

## 2. Plaintiffs' Disclosures Also Fail to Comply with Fed. R. Evid. 702 and *Daubert*.

Even if a Court determines an expert's report meets the Rule 26(a) requirements, the Court has an obligation to act as "gatekeeper" to ensure testimony from a qualified expert is both reliable and relevant. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). The proponent must establish relevance, by "demonstrat[ing] that the expert's reasoning or methodology can be properly applied to the facts in issue[,]" and reliability, by showing the "expert opinion . . . [is] more than unsupported speculation

or subjective belief." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). The proponent must make this showing by preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). A "lack of reliable support may render [expert opinion] more prejudicial than probative" in certain circumstances. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

Rule 702 of the Federal Rules of Evidence provides that expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert*, 509 U.S. at 592-93. Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Thus, the party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91. Importantly, the court's gatekeeper function applies to **all** expert testimony, not just testimony based in science. *See Kumho Tire Co.,* 526 U.S. at147-48.

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Mobility Workx*, 2019 WL 5721818, at *18 (*quoting Daubert*, 509 U.S. at 594). In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and

publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* (citation omitted). When evaluating Daubert challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Id.* (citation omitted).

### A.    Dr. Blotcky's Opinions are Unreliable.

An adequate factual basis is the foundation for any expert testimony. *Id.* at 152. And in analyzing that factual foundation, an expert must utilize reliable principles and methods and employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* (citation omitted). "Where the expert's opinion is based on insufficient information, the analysis is unreliable." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).  Thus, "a district court may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015). A district court does not abuse its discretion by excluding conclusory expert opinions. *In re Complaint of CF Bean LLC*, 841 F.3d 365 (5th Cir. 2016).

In the present case, Dr. Blotcky provides opinions relating to adherence to laws and regulations in a particular type of industry based on his review of the documents provided to him by Plaintiffs, industry standards, and his experience. This type of expert testimony typically "will not rely on anything like a scientific method, and so will have to be evaluated by reference to other standard principles attendant to the particular area of expertise." *United States v. Vicknair*, No. CRIM.A.03-16, 2005 WL 1400443, at *5-6 (E.D. La. June 2, 2005). Other courts evaluating expert opinions like those

presented here have considered the following factors:

> (1) whether the expert identified the materials relied upon and personally examined the file underlying the case; (2) whether the expert sufficiently explained why he or she reached an opinion; (3) whether the expert cited other sources relied upon by attorneys such as applicable statutes, treatises, or publications by professional organizations; or (4) whether the expert demonstrated that his opinion is accepted by his peers.

*United States v. Gallion*, 257 F.R.D. 141, 149 (E.D. Ky. 2009).

In the instant case, Dr. Blotcky's report suffers from too great an analytical gap between his opinions and the bases for same, and he should be disqualified from testifying. Dr. Blotcky fails to sufficiently tie his reasoning to the facts of the case, and his opinions are conclusory and unreliable. Dr. Blotcky merely re-states the information in Plaintiffs' Third Amended Complaint, and his analysis consists of nothing more than his own bald and unsupported assertions towards Plaintiffs for whom he is not a treating provider. Under Rule 702, this does not suffice. *See Sedberry v. United States*, 2009 WL 10699467, at *12 (W.D. Tex. Mar. 26, 2009) (striking expert's report as it failed to "clearly identify each of her expert opinions and provide the bases for each opinion to demonstrate the proposed testimony is based upon sufficient facts or data, is the product of reliable principles and methods, and applies the principles and methods reliably to the facts of the case such that the testimony is admissible"), *report and recommendation adopted*, 2009 WL 10699488 (W.D. Tex. Aug. 24, 2009).

Under *Daubert*, expert testimony is "admissible only if it is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002). Even if Dr. Blotcky's report and testimony can be deemed relevant, his report still does not pass the *Daubert* test. "The expert opinion must be grounded in the methods and procedures of science—the opinion must go beyond

unsupported speculation or subjective belief." *Music Choice v. Stingray Digital Group, Inc.*, Nos. 2:16-cv-00586, 2:16-cv-00964 (E. D. Tex. October 24, 2019) (*quoting Daubert*, 509 U.S. at 590). Dr. Blotcky inappropriately links Plaintiffs' mental health diagnoses with previous inpatient admissions based only on mental health evaluations performed years after those admissions. *See*, *e.g.*, Ex. 1 at 17 (based on an evaluation performed on November 19, 2019, concluding that Plaintiff Diane Creel has "PTSD secondary to her treatment in the inpatient facility" in August 2017 and that "[t]he stay at BHB was a substantial factor in causing her damage to her ability to work in her husband's business and this would not have occurred without her stay at BHB").  He does not outline the methodology he used in performing those evaluations, nor does he outline the methodology or principles he used in coming up with mental health care recommendations or establishing causation.  The complete absence of any methodology supporting Dr. Blotcky's so-called expert opinions renders those opinions unreliable. *See Mobility Workx,* 2019 WL 5721814, *18 (striking expert disclosure for failure to provide a meaningful summary of the facts and opinions to which the proposed expert was expected to testify).

Dr. Blotcky relies on his personal opinions to establish causation throughout his report. The expert disclosure of Dr. Blotcky's report and testimony should be stricken, as Dr. Blotcky's methodology and relied-upon data deem his testimony inadmissible.

## B.      Dr. Blotcky is Unqualified to Provide Expert Testimony in this Matter.

In order for expert testimony to be admissible, the expert must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Whether an individual is qualified to testify as an expert is a question of law. *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d

607, 614-15 (5th Cir. 2018) (citation omitted).

Dr. Blotcky lacks sufficient qualifications to aid the trier of fact in assessing the merits of this case. Dr. Blotcky is not a telemedicine physician, is not a private psychiatric hospital administrator, and has never worked as a psychiatric nurse. He is thus unqualified to opine as to the standards of care applicable to many of the Defendants in this case. Specifically, with regard to Hospital Defendants, Dr. Blotcky has not served as an administrator of a private psychiatric hospital, has not authored policies and procedures governing hospital functions, and is not qualified to opine as to what a reasonably prudent Hospital would have done under the circumstances. Likewise, with respect to the Chang Defendants and Dr. Tao, Dr. Tom, and Dr. Buttar, Dr. Blotcky has failed to establish through his report or his CV that he has any knowledge, training or education, or experience with telemedicine or the use of telemedicine to facilitate the admission of patients to mental health facilities. As a result, he has not shown that he is qualified to opine on standards of care that apply to telemedicine physicians, whether those physicians complied with those standards, or whether any alleged breach of those standards was a proximate cause of injury to any of the Plaintiffs.

Further, Dr. Blotcky is a practicing psychiatrist and clinical professor of psychiatry. Ex. 1 at 1. His knowledge, training, education, and experience may allow him to provide expert testimony on psychiatric care. But he inappropriately opines on many topics that go far beyond the scope of psychiatric care and about which he has no knowledge or experience. For example, Dr. Blotcky opines on the need for a "financial evaluation study" (Ex. 1 at 51), and states that "violations occurred" based on alleged "forgery of documents and fabrication of records" (*id*. at 53), compensation paid by a treatment facility to its employees and agents (*id*. at 56), an entity's allegedly

improper qualification as a mental health referral service (*id.*), improper representations allegedly made by Defendant Universal Health Services (*id.*), and alleged solicitation of referrals (*id.* at 56-57). But Dr. Blotcky is not qualified to provide expert testimony on any of these subjects. He exceeds the scope of his qualification as a forensic psychiatric expert in so doing. It would be improper to "invite the jury to rely on expert opinion consisting of conclusions based partly on generally inadmissible [] evidence." *Sandifer v. Hoyt Archery, Inc.*, 907 F. 3d 802, 809 (5th Cir. 2018) (citation omitted).

For the foregoing reasons, his testimony and report should be stricken.

### C.    Dr. Blotcky's Opinions are Cumulative and Unhelpful to the Jury.

The vast majority of Dr. Blotcky's report is a mere recitation of Plaintiffs' factual allegations and information provided in documents produced in this case. A jury does not need an expert to understand that information. As such, Dr. Blotcky's testimony and report will not "help the trier of fact to understand the evidence or to determine a fact in issue," as required for admissibility under FRE 702. Dr. Blotcky's proffered testimony is merely cumulative of other testimony (namely, Plaintiffs themselves), and Plaintiffs would not be disadvantaged if this Court determines it should be excluded. *See Moench v. Marquette Transp. Co. Gulf-Inland LLC*, 838 F. 3d 586 (5th Cir. 2016).

### 3.    Dr. Blotcky Offers Improper and Inadmissible Legal Conclusions.

The opinions Dr. Blotcky intends to offer include opinions that certain actions violated provisions of the Texas Health & Safety Code. Ex. 1 at 53-57, opinions 21, 23, 29, 31, 32, 35-41, 43-45.  Dr. Blotcky's report also states, "[t]he compensation between people involved in the admission and treatment of any person in a private, for-profit mental health hospital should be free

of improper incentives." Ex. 1 at 56, opinion 42.[2] These opinions should be excluded because they are impermissible and inadmissible legal conclusions. *See Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, No. 4:13-CV-00577, 2014 WL 12659958, at *3-4 (E.D. Tex. Sept. 18, 2014) (Mazzant, J.) (excluding expert testimony because it improperly read "more like a lawyer's brief than an expert opinion" and "contained legal conclusions that are inadmissible"); *see also Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (expert testimony that included conclusions the Fair Housing Amendments Acts was violated was properly excluded); *Snap-Drape v. Comm'r of IRS*, 98 F.3d 194, 198 (5th Cir. 1996) (exclusion of expert testimony regarding proper treatment of dividends under tax regulations properly excluded); *Easterling v. United States Bank Nat'l Ass'n*, No. 3:16-CV-3403, 2018 U.S. Dist. Lexis 219022, at *51-52 (N.D. Tex. Dec. 6, 2018) (expert testimony loan documents do not satisfy legal requirements for foreclosure excluded); *Albert Sidney Johnson Chapter v. Nirenberg*, No. SA-17-CV-1072, 2018 U.S. Dist. LEXIS 179561, at *10-11 (W.D. Tex. Oct. 18, 2018) (expert testimony about whether city council process afforded due process excluded); *Carr v. Montgomery County*, No. H-13-2795, 2015 U.S. Dist. LEXIS 136560, at *21-22 (S.D. Tex. Oct. 7, 2015) (non-legal experts cannot offer testimony about points of law; that is the province of the judge); *Klaczak v. Consolidated Medical Transport, Inc.*, No. 96 C 6502, 2005 U.S. Dist. LEXIS 13607, at *16-18 (N.D. Ill. May 26, 2005) (exclusion of expert testimony as to whether defendants violated Medicare Anti-Kickback Statute).

---

[2] As discussed above in Section 1.A, this opinion should be stricken because it falls far short of the requirements Rule 26(a)(2)(B). *See Honey-Love*, 664 Fed. App'x at 360-362; *Brimer*, 2011 U.S. Dist. LEXIS 163292, at *5-6; *Space Maker Designs*, 2003 U.S. Dist. LEXIS 3941, at *8-13. Further, as discussed above in Section 2.B, this opinion should be stricken because nothing in Dr. Blotcky's report provides any basis for this opinion, that he has any qualifications to offer this opinion, or that this opinion is sufficiently reasonably based and reliable to allow for its admission at trial.

## **CONCLUSION AND PRAYER**

Defendants respectfully request that this Court grant this Motion in its entirety and, for the

reasons discussed herein, strike Dr. Mark Blotcky's testimony and report.  Defendants also request

that this Court grant all other and further relief to which they may be justly entitled.

Dated: December 6, 2019                    Respectfully submitted,

                                           */s/ Russell W. Schell*
                                           Russell W. Schell
                                           Texas Bar No.17736800
                                           rschell@schellcooley.com
                                           Timothy D. Ryan
                                           Texas Bar No. 17483600
                                           tryan@schellcooley.com
                                           Kristin G. Mijares
                                           Texas Bar No. 24103879
                                           kmijares@schellcooley.com
                                           Schell Cooley Ryan Campbell LLP
                                           5057 Keller Springs Road, Suite 425
                                           Addison, Texas 75001
                                           Tel: 214-665-2000
                                           Fax: 214-754-0060

                                           **ATTORNEYS FOR THE HOSPITAL
                                           DEFENDANTS**

/s/ *Stacy L. Brainin*
Stacy L. Brainin
State Bar No. 02863075
stacy.brainin@haynesboone.com
Anne M. Johnson
State Bar No. 00794271
anne.johnson@haynesboone.com
George W. Morrison
State Bar No. 24007710
bill.morrison@haynesboone.com
Neil Issar
State Bar No. 24102704
neil.issar@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

**ATTORNEYS FOR THE UHS DEFENDANTS**

/s/ *Eric W. Hines*
Eric W. Hines
Texas State Bar No. 24010107
eric.hines@cooperscully.com
R. Brent Cooper
Texas State Bar No. 04783250
brent.cooper@cooperscully.com
Chad M. Nelson
Texas State Bar No. 24102930
chad.nelson@cooperscully.com
Cooper & Scully PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel: 214-712-9500
Fax: 214-712-9540

**ATTORNEYS FOR THE CHANG
DEFENDANTS**

/s/ *Edward P. Quillin*
Edward P. Quillin
State Bar No. 16431790
equillin@equillinlaw.com
T.B. 'Nick' Nicholas, Jr.
State Bar No. 14991700
nnicholas@equillinlaw.com
Quillin Law Firm, P.C.
4101 McEwen Road, Suite 540
Dallas, Texas 75244
Tel: 972-386-6664
Fax: 972-386-6680

**ATTORNEYS FOR DEFENDANT**
**JAMAL RAFIQUE**

/s/ *Russell G. Thornton*
Russell G. Thornton
Texas State Bar No. 19982850
rthornton@trtblaw.com
Thiebaud Remington Thornton Bailey LLP
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Tel: 214-954-2200
Fax: 214-754-0999

**ATTORNEYS FOR DEFENDANT**
**SEJAL MEHTA**

/s/ *Dana Morgan*
Dana Morgan
Texas State Bar No. 24007705
danamorgan@steedlawfirm.com
The Steed Law Firm
250 East Evergreen Street
Sherman, TX 75090
Tel:  903-813-3900
Fax: 903-813-3909

/s/ *Jordan Lee Fontenot*
Jordan Lee Fontenot
Texas State Bar No. 24098956
jordanfontenot@steedlawfirm.com
The Steed Law Firm
1010 W. Ralph Hall Parkway, Suite 200
Rockwall, TX 75032
Tel: 469-698-4235

**ATTORNEYS FOR DEFENDANTS
QUINGGUO TAO, HARMANPREET BUTTAR,
AND TIMOTHY TOM**

/s/ *D. Bowen Berry*
D. Bowen Berry
Texas State Bar No. 02233280
bberry@settlepou.com
The Berry Firm PLLC
1412 Main Street, Suite 2300
Dallas, Texas 75202
Tel: 214-520-3300
Fax: 214-526-4145

/s/ *Gary D. Lykins*
Gary D. Lykins
Texas State Bar No. 12715600
glykins@settlepou.com
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Tel: 214-520-3300
Fax: 214-526-4145

**ATTORNEYS FOR DEFENDANT
GARY MALONE**

## CERTIFICATE OF CONFERENCE

In compliance with the meet and confer requirement in Local Rule CV-7(h), I hereby certify that counsel for the Hospital Defendants, on behalf of all Defendants, conferred with Plaintiffs' counsel, John Burkhead, regarding the relief requested by Defendants in the foregoing motion.  The parties were unable to reach an agreement.  As such, Mr. Burkhead stated that Plaintiffs are opposed to the relief requested by Defendants' foregoing motion.

/s/ *Russ W. Schell*
Russell W. Schell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on

Plaintiffs' counsel of record via the ECF System on this 6th day of December, 2019.

_/s/ Russ W. Schell_
Russell W. Schell