IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, et al, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | Case No. 4:18-cv-00615-ALM |
| | § | |
| UHS OF DELAWARE, INC., et al, | § | |
|     Defendants. | § | |

### SEJAL MEHTA, M.D.'S REPLY TO PLAINTIFFS' OMNIBUS RESPONSE TO DEFENDANTS' TWELVE MOTIONS FOR SUMMARY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW**, Sejal Mehta, M.D. (Dr. Mehta), a Defendant in the above-entitled and numbered cause, and hereby files and serves her Reply to Plaintiffs' Omnibus Response to Defendants' Twelve Motions for Summary Judgment [Doc. #378] as follows:

### I. PLAINTIFFS' BURDEN

"Summary judgment [] is 'where the rubber meets the road' for a plaintiff, as the evidentiary record at trial, by rule, will typically never surpass that which was compiled during the course of discovery." *Barot v. Susquehanna Physician Services*, 2018 U.S. Dist. LEXIS 3540 *17 (M.D. Pa. Jan. 9, 2018).

Dr. Mehta can move for summary judgment on Plaintiffs Green and McPherson's claims – non-movants bearing the burden of proof at trial – by "merely pointing to the absence of evidence and thereby shift to [Green/McPherson] the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Alam v. Fannie Mae*, 2005 U.S. Dist. LEXIS 50304 *5 (S.D. Tex. Sep. 29, 2005)(citing *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995)). Dr. Mehta has done so. [Doc.#303]. Plaintiffs do not dispute that. [Doc. #378 at 2].

In responding to Dr. Mehta's motion for summary judgment, Plaintiffs "must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Larson v. Matter*, 2008 U.S. Dist. LEXIS 63432 *18 (N.D. Tex. Aug. 18, 2008)(citing *Celotex Corp. v. Catrett*, 477 U,S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Plaintiffs must then "articulate the precise manner in which that evidence supports [their] claim[s]." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Green/McPherson must produce competent evidence of each essential element of their claims against Dr. Mehta. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994); *TrueGreen Landcare, LLC v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007)[1]. The Fifth Circuit requires the evidence relied on must be "significant probative evidence" in order to defeat a motion for summary judgment. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F.Supp.2d 805, 811 (S.D. Tex. 2013)(quoting *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1986)). When referring to evidence such as an expert report, Plaintiffs must "direct the district court to the specific portions" supporting the essential elements of each claim, as required to do by Rule 56(c) of the FEDERAL RULES OF CIVIL PROCEDURE. *Jefferson v. MillerCoors, LLC*, 440 Fed. Appx. 326, 331 (5th Cir. 2011)(citing *Ragas*, 136 F.3d at 458).[2] The absence of proof on any essential element of a claim is fatal to that claim. *Celotex*, 477 U.S. at 323; *TrueGreen*, 512 F.Supp.2d at 623.

---

[1] Through their response, as support for their contention Defendants' summary judgments should be denied, Plaintiffs rely on what their live complaint "establishes" and that it "alleges sufficient facts," they discuss applicable pleading standards and argue that their claims are "properly pled." [Doc.#378 at 34, 36, 38, 40, 42]. Plaintiffs even state at one time they "do not need any evidence at this point." [*Id.* at 44]. These arguments and claims are meaningless and incorrect. Summary judgement is where we are at; Plaintiffs were required to go beyond the pleadings and designate facts. *See Larson*, 2008 U.S. Dist. LEXIS 63432 at *18.

[2] Local Rule CV-56(d) similarly requires citation "by page and, if possible, by line."

Conclusory expert opinions are insufficient. They cannot defeat a motion for summary judgment. *Stagliano v. Cincinnati Ins. Co.*, 2014 U.S. Dist. LEXIS 185639 *8 (N.D. Tex. Dec. 9, 2014)(citing *Hayter v. City of Mount Vernon*, 154 F.3d 269, 274 (5th Cir. 1998); *Orthopedic Sports Injury Clinic v. Wang Lab.*, 922 F.2d 220, 225 (5th Cir. 1994)("The Fifth Circuit has repeatedly held that an expert's opinion set forth in a conclusory fashion is insufficient summary judgment proof")).[3]

What is a conclusory opinion? A conclusory opinion is an opinion "unaccompanied by any explanation." *Larson v. Matter*, 2008 U.S. Dist. LEXIS 63432 *27 (N.D. Tex. Aug. 18, 2008). It exists when no supporting facts are provided. *Alam*, 2005 U.S. Dist. LEXIS 50304 at *9; *Sabre, Inc.*, 2003 U.S. Dist. LEXIS 16629 at *17 (citing *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). An opinion is conclusory when there is no mention of how or why the opinion was reached. *Boyd v. State Farm Ins.*, 158 F.3d 326, 331 (5th Cir. 1998).

## II.  PLAINTIFFS' RESPONSE AS TO DR. MEHTA

In their Omnibus Response, Green/McPherson acknowledge their understanding Dr. Mehta is seeking summary judgment on all claims alleged against her. [Doc.#378 at 2].[4] Plaintiffs never designate any specific facts supporting their claims. In fact, Dr. Mehta is mentioned only seven times.[5] The only references to her of any possible substance are:

---

[3] *See also Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992)(citing *Broadway v. City of Montgomery*, 530 F.2d 657, 660-61 (5th Cir. 1976))("conclusory assertions cannot be used in an affidavit on summary judgment…evidence inadmissible at trial cannot be used to avoid summary judgment"); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(conclusory affidavits "are insufficient to either support or defeat a motion for summary judgment." – citing C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)); *Sabre, Inc. v. Lyn-Lea Travel Corp.*, 2003 U.S. Dist. LEXIS 16629 *17 (N.D. Tex. Sep. 22, 2003)("summary judgment evidence consisting only of conclusions are insufficient to raise an issue of fact" – citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)); *Burrow v. Acre*, 997 S.W.2d 229, 235 (Tex. 1999)("conclusory statements by an expert are insufficient")."

[4] Six claims are alleged – RICO [Doc. #183 at 86-88], REHABILITATION ACT [*Id*. at 94-96], civil conspiracy [*Id*. at 102-104], *respondeat superior* [*Id*. at 104] and negligence and gross negligence [*Id*. at 104-110].

[5] [Doc. #378 at 2, 4, 5, 13, 36, 54].

5. Plaintiffs have some evidence to prove gross negligence against Malone, Mehta, the UHS Defendants BHC, Quinn, Arnett, and the Chang Gang.

6. Plaintiffs have some evidence to prove conspiracy against Malone, Mehta, the UHS Defendants, Quinn, Arnett, Tao, Tom, Buttar, Chang and Yao.
[Doc.#378 at 5].

Plaintiffs neither designate any "specific facts" supporting these contentions – and establishing the essential elements of these claims – nor do they cite to where this evidence is in the record.

Plaintiffs also assert they "have some evidence to prove negligence against each Defendant. Plaintiffs have designated experts that address standards of care and breach. Dr. Blotcky and Ms. Busch both discuss standards of care and breach sufficient to put the Defendants to trial." [*Id*.]. Again, no facts are designated, and no citations to the record are provided. No authority is cited supporting the reports are "sufficient" for purposes of summary judgment.

### III. OBJECTIONS TO PLAINTIFFS' EVIDENCE

Defendant objects and moves to exclude the following evidence mentioned and referenced in Plaintiffs' Omnibus Response:

### A. Dr. Blotcky's Report and Ms. Busch's Report:

Defendants have objected to Plaintiffs' designations of these retained experts and their opinions and Dr. Mehta fully incorporates those objections herein by reference. [Doc.#387, Doc.#388]. The opinions in these reports directed at Dr. Mehta are conclusory because they are not explained, and no factual basis is provided.[6] (*Supra* at 2-3). Conclusory opinions are not sufficient to defeat summary judgment. (*Id.*).

---

[6] Dr. Blotcky's report states without supportive facts or explanation "[v]iolations of standard of care by each defendant doctor with each individual patient…Mehta/Tao and Green; Mehta/Buttar and McPherson…" [Doc.#375-2 at 52]. Nowhere else does Dr. Blotcky state a specific opinion about Dr. Mehta. To the extent any of his other opinions are directed at Dr. Mehta, they are similarly conclusory and deficient. As to Dr. Mehta, Ms. Busch's report states nothing other than that payments to Dr. Mehta under various contractual agreements were kickbacks, without any supportive facts or explanation. [Doc.#375-3 at 19].

### B. Irrelevant Evidence:

The lion's share of the facts discussed by Plaintiffs in their Response to Statement of Undisputed Facts have absolutely nothing to do with Dr. Mehta and the essential elements of the claims against her. Plaintiffs discuss and cite to evidence related to events in the 1980s and 1990s [Doc.#378 at 8-10], a lawsuit by Samantha Trimble not involving Dr. Mehta [*Id.* at 21], a 2016 Buzzfeed news article and WFAA series [*Id.* at 22-23], and a 2019 settlement by UHS. [*Id.* at 23]. This evidence has no tendency to make any fact of consequence related to the claims against Dr. Mehta more probable or less probable. Dr. Mehta, therefore, objects to this evidence and moves for its exclusion. FED. R. EVID. 410, 402. Dr. Mehta further objects and moves to exclude this evidence because any probative value it might have is substantially outweighed by a danger of unfair prejudice and confusing the issues. FED. R. EVID. 403.

### IV. GREEN/MCPHERSON HAVE NOT MET THEIR BURDEN

### A. RICO[7]:

Plaintiffs designate no facts supporting the essential elements of their RICO and RICO conspiracy claims against Dr. Mehta. [Doc.#378 at 28-43]. They discuss the multiple essential elements of these claims, but never designate a single fact that supports even one element of these claims against Dr. Mehta. [*Id.*].[8]

---

[7] The elements of a RICO claim are the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1998). RICO conspiracy requires a showing that (1) two or more people agreed to commit a substantive RICO offense, and (2) those defendants knew of and agreed to the overall objective of the RICO offense. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010).

[8] Dr. Mehta also moves for judgment based on the absence of RICO standing. [Doc.#303 at 10-11]. Plaintiffs acknowledge RICO standing requires injuries "unrelated to personal injuries." [Doc.#378 at 32]. In discussing RICO standing, Green/McPherson designate no facts showing they have standing. [Doc#378 at 28-33]. Green/McPherson also do not respond to Dr. Mehta's argument that they cannot have RICO standing because they admit the only RICO damages they have alleged are personal injury damages. [*See* Doc.#303 at 10-11].

Incredibly, Plaintiffs do nothing more than cite to their live complaint and the allegations therein as adequate evidence of their RICO claims.[9] Plaintiffs must go beyond the pleadings and identify supportive facts (*supra* at 2) and they did not do so. For this reason alone, Dr. Mehta should be granted summary judgment.

Plaintiffs also do not respond to Dr. Mehta's arguments that as a matter of law there is no (1) RICO enterprise that involved her and (2) commission by her of the requisite predicate acts/pattern of racketeering. [Doc.#303 at 12-16]. The absence of the requisite RICO enterprise position is based on the Seven Circuit's opinion in *United Food & Comm. Worker Unions & Empls. Midwest Health Benefits Fund v. Walgreen Co.* and the absence of any facts beyond those showing a business relationship between certain defendants; particularly no facts showing creation of a distinct RICO enterprise involving Dr. Mehta. [*Id.* at 12-15]. In responding to Dr. Mehta's motion, Plaintiffs failed to designate any supportive facts whatsoever on this issue, further indicating summary judgment is proper.

The absence of the requisite predicate acts/pattern of racketeering argument is based on the fact the underlying predicate acts involving Dr. Mehta were allegedly committed within a 4-month time frame and case law uniformly holds that alleged predicate acts committed within such a short time frame do not fulfill the requirement there be a continuity of racketeering activity. [*Id.* at 15-16]. Plaintiffs do not dispute that fact – the alleged predicate acts occurred within a 4-month period – and Plaintiffs do not cite any authority showing alleged predicate acts committed within such a short time frame can fulfill the continuity requirement. [Doc.#378 at 28-43]. Summary judgment on Plaintiffs' RICO claims is also proper for this reason.

---

[9] *See, e.g.,* "The TAC establishes that each defendant participated in the affairs of the enterprise…The TAC alleges sufficient facts to establish each Defendant was 'associated with' an alleged RICO enterprise. The TAC alleges an association-in-fact enterprise comprised of numerous individuals and entities…Plaintiffs have properly pled a predicate [act]." [Doc.#378 at 34, 36, 42].

### B. REHABILITATION ACT:

In addressing these claims, Plaintiffs acknowledge an essential element is the existence of a qualified disability. [Doc.#378 at 46-47]. Green does not claim she had a qualified disability, and she does not designate specific facts to support this essential element of her claim. [*Id*. at 47-58]. For this reason, Green's REHABILITATION ACT claim must be dismissed.

Green/McPherson allege Dr. Mehta is liable under the REHABILITATION ACT because she was part of a "conspiracy" to subject them to telemedicine and prevent them from receiving an "in person" medical consult before they were transferred to Millwood. [Doc.#183 at 93¶397, 95-96¶407]. Plaintiffs designate no facts showing Dr. Mehta was part of this alleged conspiracy and these claims should be dismissed for this reason too. [Doc.#378 at 44-61]. Finally, the summary judgment evidence unequivocally establishes Green/McPherson were properly evaluated in person by a physician before they were transferred to Millwood. [Doc.#303 at 8-9, 22-23]. Plaintiffs have not controverted that undisputed fact. [*See* Doc.#378 at 6-27]. This is another reason why Plaintiffs' REHABILITATION ACT claims should be dismissed.

### C. Civil Conspiracy:

Plaintiffs designate no facts supporting the essential elements of their civil conspiracy claim. [Doc.#378 at 5¶6]. They do nothing more than state they "have some evidence to prove conspiracy." [*Id*.]. The closest they get to designating any facts is mention there are "numerous examples of agreements to do wrong among the telemed doctors, particularly with respect to notary fraud." [*Id*.]. Not only is this statement lacking in substance, it has nothing to do with Dr. Mehta. She is not one of the "telemed doctors" and there is no evidence – or even allegation – she had any involvement in or knowledge of the alleged "notary fraud."

### D. Negligence[10]/Gross Negligence[11]/*Respondeat Superior*[12]:

As support for their negligence claims, Plaintiffs simply reference Dr. Blotcky's report. [Doc.#378 at 5¶4]. As to Dr. Mehta, the opinions in Blotcky's report are conclusory and, therefore, are insufficient to create an issue. (*Supra* at 2-3). Also absent from the report are any of the specific facts needed to support the essential elements of this claim – applicable standard of care, breach, injury proximately caused by a breach.

Plaintiffs designate no facts supporting their gross negligence and *respendeat superior* claims. They do nothing more than state they "have some evidence" to prove these claims. [Doc.#378 at 5¶6]. Plaintiffs state Dr. Mehta was supervising too many nurse practitioners and that they upcoded bills, but no evidence is designated as support for this statement. Neither Dr. Blotcky nor Ms. Busch make mention of these things in reference to Dr. Mehta in their reports. [Doc.# 375-2, Doc.# 375-3]. Plaintiffs' statements are not sufficient to carry their burden. They must designate specific facts and failed to do so. *Larson*, 2008 U.S. Dist. Lexis 63432 at *18.

### V. CONCLUSION

Plaintiffs acknowledged and understood Dr. Mehta moved for summary judgment seeking dismissal of their cases against her. [Doc.#378 at 2]. The case law makes clear that in order to prevent rendition of summary judgment against them, Plaintiffs must designate specific facts that

---

[10] The essential elements of a medical negligence claim are (1) a duty to act according to an applicable standard of care, (2) breach of an applicable standard of care, (3) injury, and (4) a causal connection between the injury and breach. *Larson*, 2008 U.S. Dist. Lexis 63432 at *19 (citing *Clements v. Conard*, 21 S.W.3d 514, 522 (Tex. App.—Amarillo 2000, no pet.)).

[11] Gross negligence must be establish with "clear and convincing evidence" and requires evidence not only that the defendant was negligent, but that an "extreme degree of risk" was involved and that defendant was subjectively aware of that risk but proceeded with "conscious indifference." *Larson*, 2008 U.S. Dist. Lexis 63432 at *2425.

[12] The elements of *respondeat superior* include that plaintiff was injured by a tortfeasor that was the employee of defendant acting within the course and scope of that employment. *Baptist Mem'l Hosp. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).

support each element of each claim asserted against Dr. Mehta. (*Supra* at 1-2). The case law also makes clear that conclusory opinions are not sufficient when responding to a motion for summary judgment. (*Supra* at 2-3).

In responding to Dr. Mehta's motion for summary judgment, Plaintiffs chose not to follow the clear-cut requirement and designate specific facts supporting the elements of their claims against Dr. Mehta. Having failed to designate specific facts and articulate the manner in which those facts support their claims, as required, Plaintiffs' claims should be dismissed[13].

**WHERFORE, PREMISES CONSIDERED**, Sejal Mehta, M.D. respectfully requests that her Motion for Summary Judgment be granted.

Respectfully Submitted,

**THIEBAUD REMINGTON THORNTON BAILEY LLP**

By:/s/Russell G. Thornton
**RUSSELL G. THORNTON**
State Bar Card No. 19982850
rthornton@trtblaw.com

4849 Greenville Avenue
Suite 1150
Dallas, Texas 75206
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT
SEJAL MEHTA, M.D.**

---

[13] Judges are not ferrets. Judges are not pigs hunting for truffles. Courts are under no obligation to sift through the evidence to support opposition to summary judgment. *Davis v. Brennan*, 2019 U.S. District LEXIS 160941 *31 n.11 (N.D. Tex. Aug. 22, 2019).

## **CERTIFICATE OF SERVICE**

      On December 9, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

                    /s/Russell G. Thornton
                    **RUSSELL G. THORNTON**