**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BARBARA MEIER, MADISON HOUGH, JASON HOUGH, GOVINDA HOUGH, TIFFANY YOUNG, SANDRA STOKES, YOLANDA McPHERSON, TROY HARVEY, BILL CROWELL, DIANE CREEL, LYNN CREEL, and JALISA GREEN,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No.: 4:18-cv-00615-alm** |
| **UHS OF DELAWARE, INC.; UNIVERSAL HEALTH SERVICES, INC.; MAYHILL BEHAVIORAL HEALTH, LLC; SABAHAT FAHEEM; KENNETH CHAD ELLIS; MILLWOOD HOSPITAL, LP; SEJAL MEHTA; GARY MALONE; BEHAVIORAL HEALTH MANAGEMENT, LLC d/b/a BEHAVIORAL HOSPITAL OF BELLAIRE; JAMAL RAFIQUE; HICKORY TRAIL HOSPITAL, LP; UNIVERSAL PHYSICIANS, P.A.; DR. SAYS LLC; MD RELIANCE, INC.; OFFICEWINSOME, LLC; YU-PO JESSE CHANG; QUINGGUO TAO; TIMOTHY TOM; HARMANPREET BUTTAR; YUNG HUSAN YAO; BEHAVIORAL HEALTH CONNECTIONS, INC.; WENDELL QUINN; and JAN ARNETT,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS'**
**PHYSICIAN EXPERT, MARK BLOTCKY, M.D.**

COME NOW, Defendants Universal Health Services, Inc., UHS of Delaware, Inc., Behavioral Health Connections, Inc., Jan Arnett, and Wendell Quinn (collectively, the "UHS Defendants"); Defendants Mayhill Behavioral Health, LLC, Millwood Hospital LP, Hickory Trail Hospital, LP, and Behavioral Health Management, LLC d/b/a Behavioral Hospital of Bellaire (collectively, the "Hospital Defendants"); Defendants Universal Physicians, P.A., Dr. Says, LLC, MD Reliance, Inc., Officewinsome, LLC, and Yu-po Jesse Chang (collectively, the "Chang Defendants"); Defendant Qingguo Tao; Defendant Harmanpreet Buttar; Defendant Yung Husan Yao; Defendant Jamal Rafique; Defendant Sejal Mehta; Defendant Gary Malone; and Defendant Timothy Tom (all collectively, "Defendants"), by and through undersigned counsel, file this Motion to Strike the Testimony and Report of Plaintiffs' Expert Physician Mark Blotcky, M.D. with Brief in Support.

## SUMMARY OF RELIEF REQUESTED

The Court's Scheduling Order initially required Plaintiffs to make expert disclosures pursuant to Rule 26(a)(2) by May 13, 2019. Dkt. No. 122. The parties sought and received multiple extensions of the discovery deadlines such that Plaintiffs' expert disclosures were ultimately due November 22, 2019. Dkt. Nos. 158, 276, 297. On November 22, 2019, Plaintiffs designated their specially retained experts (Dkt. No. 357, attached hereto as **Exhibit 1**) and produced the report of their expert physician, Mark Blotcky, M.D. (Dkt. No. 375-2, attached hereto as **Exhibit 2**). However, Plaintiffs' expert report does not comport with federal laws governing disclosures, and their failure was neither substantially justified nor harmless; thus, exclusion of Dr. Blotcky's opinions is appropriate. Moreover, Dr. Blotcky's opinions are either unreliable or otherwise unhelpful to the jury.

## ARGUMENTS AND AUTHORITIES

***Expert-Disclosure Obligations***. Federal Rule of Civil Procedure 26(a)(2) governs a party's

expert-disclosure obligations. Under Rule 26, retained experts are required to produce a written report, containing the following information: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Initial expert disclosures are expected to be "full and complete." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016). Supplementation is required where parties learn that any information in their initial expert disclosures is incorrect or incomplete. *Id*. (*citing* Fed. R. Civ. P. 26(e)(2)). Supplemental disclosures, however, "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *C.F. Bean*, 841 F.3d at 371 (quotation marks omitted); *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). The Rule "does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony," *Robinson v. Nationwide Mut. Fire Ins. Co.*, No. 4:11-CV-103-M-V, 2012 WL 5866302, at *1 (N.D. Miss. Nov. 19, 2012).

When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Additionally, or in the

alternative, a court may, on motion and after providing the party an opportunity to be heard, impose "other appropriate sanctions," including ordering payment of reasonable expenses caused by the failure and informing the jury of the party's failure. *Id*. In deciding whether to strike an expert witness for failure to comply with Rule 26(a)(2), a court is guided by four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the designating party's failure to comply with the Rule's requirements. *See Geiserman v. MacDonald*, 893 F. 2d 787, 791 (5th Cir. 1990).

***Rule 702.*** Challenges to the reliability and helpfulness of expert opinions are governed by Federal Rule of Evidence 702, along with *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny. *See Black v. Food Lion, Inc.*, 171 F.3d 308, 310, 314 (5th Cir.1999). Rule 702 provides that a witness "'qualified as an expert . . . may testify . . . in the form of an opinion . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (*quoting* Fed. R. Evid. 702).

**1. Plaintiffs' Disclosures Are Not in Compliance with Fed. R. Civ. P. 26(a)(2).**

"To satisfy Rule 26(a)(2)(B), the report must provide the substantive rationale in detail with respect to the basis and reasons for the proffered opinions. It must explain factually why and how the witness has reached them." *Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2015 WL 11072132, at *2 (E.D. Tex. Oct. 19, 2015) (Mazzant, J.). This requirement allows parties to prepare effectively for cross examination of expert witnesses and, if necessary, to arrange for testimony by additional

expert witnesses. *Ihde v. HME, Inc.*, No. 4:15-CV-00585 (E.D. Tex. August 1, 2017). Importantly, "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony". *See Robinson*, 2012 WL 5866302, at *1.

The Fifth Circuit found an expert report deficient where it did not offer an opinion as to each named defendant. *Honey-Love v. United States*, 664 Fed. App'x 358, 316 (5th Cir. 2016). In his report, Dr. Blotcky opines that "[n]ot one of these patients met the medical necessity for admission" without stating what the 'medical necessity standard' is as it relates to each individual patient based on his or her symptomology at the time of admission, as well as how and why each patient did not meet "the medical necessity for admission". Ex. 2 at 51. Dr. Blotcky similarly fails to explain and provide the required factual predicate for his other opinions, stating there were "[v]iolations of standard of care" by the Hospital, the Behavioral Health and the Doctor Defendants, but stating nothing about (1) the applicable standards of care, (2) what standards were violated, and (3) the facts on which these opinions are based. *Id*. at 51-52, opinions 1-3. In most instances, Dr. Blotcky fails to even state which Defendant or Defendants is responsible for the misconduct alleged. *Id*. at 52-57, opinions 4-21, 23-28, 30-31, 33, 37, and 42. His report is devoid of sufficient explanation of the underlying standard of care, what should have been done or disclosed, and *how* that failure proximately caused the injuries alleged. *Id*. at 52-57, opinions 38, 44, 45.

Illustrative of this deficiency is Dr. Blotcky's sole statement that any of the Defendant Doctors—Drs. Buttar, Faheem, Malone Mehta, Rafique, Tao, or Tom—did anything wrong:

> Violations of standard of care by each defendant doctor with each individual patient. Specifically, Mehta/Tao and Green; Mehta/Buttar and McPherson; Malone/Tao and Harvey; Faheem and Hough; Faheem/Tao and Meier; Faheem/Tao and Stokes; Rafique and Crowell; Rafique/Tom and Creel; Tao and Young.

*Id*. at 52, opinion 3. This "opinion" in no way meets the Rule 26's "detailed and complete" requirement. *See Brimer v. Chase Bank, USA, NA*, No. 7-10-CV-7-O, 2011 U.S. Dist. LEXIS 163292, at *5-6 (N.D. Tex. Jan. 13, 2010); *Space Maker Designs v. Weldon F. Stump & Co.*, No. 3:02-CV-00378, 2003 U.S. Dist. LEXIS 3941, at *8-13 (N.D. Tex. Mar. 13, 2003). Dr. Blotcky similarly forces Defendants to resort to utter speculation regarding the standard of care or departure therefrom with the following "violations":

> "With each Plaintiff failure of the physician to discharge the patient with ________" (*Id*. at 54, #24); and "Each treatment facility to the extent it violated the Texas Health & Safety Code § 164.005, in compensation to their employees and agents including ________" (*Id*. at 56, #40).

Incomplete statements like this disadvantage Defendants and fail to establish a causal connection between Defendants' conduct and Plaintiffs' complained-of injuries. The Fifth Circuit has recognized that it is not enough for an expert simply to opine that the defendant's negligence caused the plaintiff's injury. *See Ellis v. United States*, 673 F.3d 367, 373 (5th Cir. 2012). The expert also must, to a reasonable degree of medical probability, explain *how* and *why* the negligence caused the injury. *Id*. If no basis for the opinion is offered, or the basis offered provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence. *Id*. Dr. Blotcky's one-sentence causation opinion (e.g., "These actions caused harm" to Plaintiffs) is, therefore, legally insufficient.

A balancing of the *Geiserman* factors weighs in favor of excluding Dr. Blotcky's report and testimony. Defendants would be significantly and unfairly disadvantaged in their ability to designate a responsive expert who can prepare a report responding to the incomplete and insubstantial content of Dr. Blotcky's report. Additionally, there is little possibility of curing the prejudice to Defendants;

Plaintiffs' granted extensions of time have prolonged the litigation, and the inadequate disclosure and expert report have increased the costs of this lawsuit for Defendants. *See, e.g.*, *Law Funder, LLC v. Munoz*, No. 7:14-CV-00981, 2016 WL 8461423, at *3 (S.D. Tex. Dec. 9, 2016), *aff'd*, 924 F.3d 753 (5th Cir. 2019) (describing prejudice to opposing party as including conduct that prolongs litigation, increases litigation-related expenses, and prevents effective prosecution or defense of case). In light of the fact that Plaintiffs' deadline to make expert disclosures pursuant to Rule 26(a)(2) has already been extended multiple times and Plaintiffs have had sufficient time to make timely and complete disclosures (Dkt. Nos. 158, 276, 297), there is no valid reason for Plaintiffs' failure to timely comply with Rule 26(a)(2). Now, Defendants' deadline to make expert disclosures as well as the date of the end of discovery are rapidly approaching, and, thus, the harm to Defendants is evident.

Plaintiffs attempt to justify their non-compliant disclosures by including a statement that there may be a supplemental report at undefined times in the future. *See* Ex. 2. This does not address the prejudice to Defendants and does not justify a continuance. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance."); *United States ex rel. DeKort v. Integrated Coast Guard Sys.*, 2010 WL 11614901, at *4 n.2 (N.D. Tex. Mar. 25, 2010) (rejecting argument that prejudice can be cured by later supplementation of expert's report because "a supplemental filing is not sufficient to remedy an incomplete initial report"). Plaintiffs have known for months that they had to designate experts and provide reports from retained experts, and they have received six months' worth of extensions of time to provide these designations and reports. *See* Dkt. Nos. 158, 276, 297.

In sum, Plaintiffs' failure to comply with Rule 26(a)(2) was neither substantially justified nor

harmless and, as a result, the Court should strike Dr. Blotcky's testimony and report.

**2. Plaintiffs' Disclosures Also Fail to Comply with Fed. R. Evid. 702 and *Daubert*.**

The Court has an obligation to act as "gatekeeper" to ensure testimony from a qualified expert is both *reliable* **and** *relevant*. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993) (emphasis added); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). A party offering an expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91. "[A] district court may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015).

First, Dr. Blotcky's opinions are not reliable as they are not based on sufficient facts or data. Dr. Blotcky bases his "forensic psychiatric evaluation" on Plaintiffs' TAC and admission records; he did not rely on any collateral sources in formulating his "diagnoses," nor in his plan of treatment for each Plaintiff.[1] Dr. Blotcky failed to obtain and review any Plaintiffs' medical or psychological records from a third-party source,[2] despite mentioning in his report that many Plaintiffs have a history

---

[1]When deposed, Sandra Stokes repeatedly stated she had numerous medical records in her possession, and had provided them to her lawyers approximately one year ago. Plaintiffs' counsel subsequently admitted to having these records, but not producing them to Defendants with initial disclosures. One imagines this was the same for other Plaintiffs. Thus, medical records from collateral sources were available for Dr. Blotcky's review, but were not provided to him.

[2] "Sources of information like old clinical records, if available or family members or other informants, need to be mentioned [in the expert report]." https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3890920/

of psychiatric illness that predates their admission to Defendant Hospitals and alluding to several Plaintiffs having visited mental health professionals after being discharged. *See* Ex. 2. Dr. Blotcky relied on those acknowledgments by Plaintiffs as evidence of mistreatment by Defendants. *See id*. His report lacks a reliable foundation which is grounded in objective facts and data, apart from his own opinions after reviewing Plaintiffs' TAC and after listening to Plaintiffs recount those same complaints to him while calling it an "evaluation."

Dr. Blotcky also fails to sufficiently tie his reasoning to the facts of the case, and his opinions are conclusory and unreliable. Dr. Blotcky did not perform an evaluation of Plaintiffs Green and Young, as he provided no diagnosis or treatment recommendations for them. *See* Ex. 2. His analysis consists of nothing more than his own bald and unsupported assertions and his reliance on the records before him which are several years old. Under Rule 702, this does not suffice. *See Sedberry v. United States*, 2009 WL 10699467, at *12 (W.D. Tex. Mar. 26, 2009) (striking expert's report as it failed to "clearly identify each of her expert opinions and provide the bases for each opinion to demonstrate the proposed testimony is based upon sufficient facts or data, is the product of reliable principles and methods, and applies the principles and methods reliably to the facts of the case such that the testimony is admissible"), *report and recommendation adopted*, 2009 WL 10699488 (W.D. Tex. Aug. 24, 2009).

As Dr. Blotcky's report does nothing more than recount Plaintiffs' complaints and provide a "forensic" diagnosis for some based on nothing more than 1) a review of their medical records from Defendant Hospitals, or 2) a short "interview" with each,[3] it is not helpful and its exclusion would

[3] *See* Ex. 2. Dr. Blotcky spent a limited amount of time with only 7 out of 9 Plaintiffs (as for the rest, he merely reviewed the records of their admissions to Defendant Hospitals). It is

not unduly prejudice Plaintiffs. Plaintiffs' TAC is nearly identical to Dr. Blotcky's opinions. Plaintiffs will not be greatly disadvantaged by the Court's exclusion of his report and testimony since presumably they will each recount their complaints at trial, and thus his testimony would be redundant. *See C.f. 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1288 (5th Cir. 1991) (affirming district court's exclusion of untimely designated expert where "[e]nforcement of the district court's pretrial order did not leave the defendants without an expert witness on the issue of valuation").

Even if Dr. Blotcky's report and testimony can be deemed "relevant," his report still does not pass the *Daubert* test. "The expert opinion must be grounded in the methods and procedures of science—the opinion must go beyond unsupported speculation or subjective belief." *Music Choice v. Stingray Digital Group, Inc.*, Nos. 2:16-cv-00586, 2:16-cv-00964 (E. D. Tex. October 24, 2019) (*quoting Daubert*, 509 U.S. at 590). Dr. Blotcky inappropriately links Plaintiffs' mental health diagnoses with previous inpatient admissions based only on mental health evaluations performed years after those admissions, and without reviewing past or recent medical and psychological records for those patients. *See*, *e.g.*, Ex. 2 at 17 (based on an evaluation performed on November 19, 2019, concluding that Plaintiff Diane Creel has "PTSD secondary to her treatment in the inpatient facility" in August 2017 and that "[t]he stay at BHB was a substantial factor in causing her damage to her ability to work in her husband's business and this would not have occurred without her stay at BHB"). The complete absence of methodology supporting Dr. Blotcky's so-called expert opinions renders

---

unclear whether he saw any Plaintiff besides Meier in person, or whether he utilized a telemedicine interview to glean the information from them. In presumptively diagnosing several Plaintiffs with PTSD due to their Hospital admission, Dr. Blotcky's methods align with those of Defendant Physicians in this case, for which they have been criticized and ultimately sued: after an interview with Plaintiffs and/or their families, and a review of records available to him at the time, he diagnosed them and created a treatment plan based on same.

those opinions unreliable. *Mobility Workx, LLC v. Cellco P'ship,* No. 4:17-CV-00872, 2019 WL 5721814, at *18 (E.D. Tex. Nov. 5, 2019) (Mazzant, J.) (striking expert disclosure for failure to provide a meaningful summary of the facts and opinions to which the proposed expert was expected to testify).

Dr. Blotcky lacks sufficient qualifications to aid the trier of fact in assessing the merits of this case. Whether an individual is qualified to testify as an expert is a question of law. *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614-15 (5th Cir. 2018) (citation omitted). Dr. Blotcky is not a telemedicine physician, is not a private psychiatric hospital administrator, and has never worked as a psychiatric nurse. He is thus unqualified to opine as to the standards of care applicable to many of the Defendants in this case. Specifically, with regard to Hospital Defendants, Dr. Blotcky has not served as an administrator of a private psychiatric hospital, has not authored policies and procedures governing hospital functions, and is not qualified to opine as to what a reasonably prudent Hospital would have done under the circumstances. Likewise, with respect to the Chang Defendants and Dr. Tao, Dr. Tom, and Dr. Buttar, Dr. Blotcky has failed to establish through his report or his CV that he has any knowledge, training or education, or experience with telemedicine or the use of telemedicine to facilitate the admission of patients to mental health facilities. As a result, he has not shown that he is qualified to opine on standards of care that apply to telemedicine physicians, whether those physicians complied with those standards, or whether any alleged breach of those standards was a proximate cause of injury to any of the Plaintiffs. Dr. Blotcky exceeds the scope of his retention to perform “forensic psychiatric evaluations” by opining on relevant Hospital policies and procedures, telemedicine laws, and other laws governing private psychiatric hospitals in this case. He exceeds the scope of his knowledge, training, education, and experience by inappropriately providing

causation opinions on issues such as the need for a "financial evaluation study" (Ex. 2 at 51), "forgery of documents and fabrication of records" (*id*. at 53), compensation paid by a treatment facility to its employees and agents (*id*. at 56), an entity's allegedly improper qualification as a mental health referral service (*id*.), improper representations allegedly made by Defendant Universal Health Services (*id*.), and alleged solicitation of referrals (*id*. at 56-57), and certain actions violated provisions of the Texas Health & Safety Code (*id*. at 53-57, opinions 21, 23, 29, 31, 32, 35-41, 43-45). Dr. Blotcky is not qualified to provide expert testimony on any of these subjects. He exceeds the scope of his qualification as a forensic psychiatric expert in so doing. It would be improper to "invite the jury to rely on expert opinion consisting of conclusions based partly on generally inadmissible [] evidence." *Sandifer v. Hoyt Archery, Inc.*, 907 F. 3d 802, 809 (5th Cir. 2018) (citation omitted).

Dr. Blotcky's report also states, "[t]he compensation between people involved in the admission and treatment of any person in a private, for-profit mental health hospital should be free of improper incentives." Ex. 2 at 56, opinion 42.[4] These opinions should be excluded because they are impermissible and inadmissible legal conclusions. *See Lassberg v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, No. 4:13-CV-00577, 2014 WL 12659958, at *3-4 (E.D. Tex. Sept. 18, 2014) (Mazzant, J.) (excluding expert testimony because it improperly read "more like a lawyer's brief than an expert opinion" and "contained legal conclusions that are inadmissible"); *see also Good Shepherd*

[4]As discussed above in Section 1.A, this opinion should be stricken because it falls far short of the requirements Rule 26(a)(2)(B). *See Honey-Love*, 664 Fed. App'x at 360-362; *Brimer*, 2011 U.S. Dist. LEXIS 163292, at *5-6; *Space Maker Designs*, 2003 U.S. Dist. LEXIS 3941, at *8-13. Further, as discussed above in Section 2.B, this opinion should be stricken because nothing in Dr. Blotcky's report provides any basis for this opinion, that he has any qualifications to offer this opinion, or that this opinion is sufficiently reasonably based and reliable to allow for its admission at trial.

*Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (expert testimony that included conclusions the Fair Housing Amendments Acts was violated was properly excluded); *Snap-Drape v. Comm'r of IRS*, 98 F.3d 194, 198 (5th Cir. 1996) (exclusion of expert testimony regarding proper treatment of dividends under tax regulations properly excluded); *Easterling v. United States Bank Nat'l Ass'n*, No. 3:16-CV-3403, 2018 U.S. Dist. Lexis 219022, at *51-52 (N.D. Tex. Dec. 6, 2018) (expert testimony loan documents do not satisfy legal requirements for foreclosure excluded); *Albert Sidney Johnson Chapter v. Nirenberg*, No. SA-17-CV-1072, 2018 U.S. Dist. LEXIS 179561, at *10-11 (W.D. Tex. Oct. 18, 2018) (expert testimony about whether city council process afforded due process excluded); *Carr v. Montgomery County*, No. H-13-2795, 2015 U.S. Dist. LEXIS 136560, at *21-22 (S.D. Tex. Oct. 7, 2015) (non-legal experts cannot offer testimony about points of law; that is the province of the judge); *Klaczak v. Consolidated Medical Transport, Inc.*, No. 96 C 6502, 2005 U.S. Dist. LEXIS 13607, at *16-18 (N.D. Ill. May 26, 2005) (exclusion of expert testimony as to whether defendants violated Medicare Anti-Kickback Statute).

Similarly, the vast majority of Dr. Blotcky's report is a mere recitation of Plaintiffs' factual allegations and information provided in documents produced in this case. A jury does not need an expert to understand that information. As such, Dr. Blotcky's testimony and report will not "help the trier of fact to understand the evidence or to determine a fact in issue," as required for admissibility under FRE 702. Dr. Blotcky’s proffered testimony is merely cumulative of other testimony (namely, Plaintiffs themselves), and Plaintiffs would not be disadvantaged if this Court determines it should be excluded. *See Moench v. Marquette Transp. Co. Gulf-Inland LLC*, 838 F. 3d 586 (5th Cir. 2016).

## **CONCLUSION AND PRAYER**

Defendants respectfully request that this Court grant this Motion in its entirety and, for the

reasons discussed herein, strike Dr. Mark Blotcky's testimony and report. Defendants also request that this Court grant all other and further relief to which they may be justly entitled.

Dated: December 26, 2019

Respectfully submitted,

/s/ *Russell W. Schell*
Russell W. Schell
Texas Bar No.17736800
rschell@schellcooley.com
Timothy D. Ryan
Texas Bar No. 17483600
tryan@schellcoo1ey.com
Kristin G. Mijares
Texas Bar No. 24103879
kmijares@schellcooley.com
Schell Cooley Ryan Campbell LLP
5057 Keller Springs Road, Suite 425
Addison, Texas 75001
Tel: 214-665-2000
Fax: 214-754-0060

**ATTORNEYS FOR THE HOSPITAL DEFENDANTS**

/s/ *Stacy L. Brainin*
Stacy L. Brainin
State Bar No. 02863075
stacy.brainin@haynesboone.com
Anne M. Johnson
State Bar No. 00794271
anne.johnson@haynesboone.com
George W. Morrison
State Bar No. 24007710
bill.morrison@haynesboone.com
Neil Issar
State Bar No. 24102704
neil.issar@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

**ATTORNEYS FOR THE UHS DEFENDANTS**

/s/ *Eric W. Hines*
Eric W. Hines
Texas State Bar No. 24010107
eric.hines@cooperscully.com
R. Brent Cooper
Texas State Bar No. 04783250
brent.cooper@cooperscully.com
Chad M. Nelson
Texas State Bar No. 24102930
chad.nelson@cooperscully.com
Cooper & Scully PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel: 214-712-9500
Fax: 214-712-9540

**ATTORNEYS FOR THE CHANG DEFENDANTS**

/s/ *Edward P. Quillin*

Edward P. Quillin
State Bar No. 16431790
equillin@equillinlaw.com
T.B. ‘Nick’ Nicholas, Jr.
State Bar No. 14991700
nnicholas@equillinlaw.com
Quillin Law Firm, P.C.
4101 McEwen Road, Suite 540
Dallas, Texas 75244
Tel: 972-386-6664
Fax: 972-386-6680

**ATTORNEYS FOR DEFENDANT JAMAL RAFIQUE**

/s/ *Russell G. Thornton*
Russell G. Thornton
Texas State Bar No. 19982850
rthornton@trtblaw.com
Thiebaud Remington Thornton Bailey LLP
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Tel: 214-954-2200
Fax: 214-754-0999

**ATTORNEYS FOR DEFENDANT SEJAL MEHTA**

/s/ *Dana Morgan*
Dana Morgan
Texas State Bar No. 24007705
danamorgan@steedlawfirm.com
The Steed Law Firm
250 East Evergreen Street
Sherman, TX 75090
Tel: 903-813-3900
Fax: 903-813-3909

/s/ *Jordan Lee Fontenot*
Jordan Lee Fontenot

Texas State Bar No. 24098956
jordanfontenot@steedlawfirm.com
The Steed Law Firm
1010 W. Ralph Hall Parkway, Suite 200
Rockwall, TX 75032
Tel: 469-698-4235

**ATTORNEYS FOR DEFENDANTS QUINGGUO TAO, HARMANPREET BUTTAR, AND TIMOTHY TOM**

/s/ *D. Bowen Berry*
D. Bowen Berry
Texas State Bar No. 02233280
bberry@settlepou.com
The Berry Firm PLLC
1412 Main Street, Suite 2300
Dallas, Texas 75202
Tel: 214-520-3300
Fax: 214-526-4145

/s/ *Gary D. Lykins*
Gary D. Lykins
Texas State Bar No. 12715600
glykins@settlepou.com
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Tel: 214-520-3300
Fax: 214-526-4145

**ATTORNEYS FOR DEFENDANT GARY MALONE**

## CERTIFICATE OF CONFERENCE

In compliance with the meet and confer requirement in Local Rule CV-7(h), I hereby certify that counsel for the Hospital Defendants, on behalf of all Defendants, conferred with Plaintiffs' counsel, John Burkhead, regarding the relief requested by Defendants in the foregoing motion. The parties were unable to reach an agreement. As such, Mr. Burkhead stated that Plaintiffs are opposed to the relief requested by Defendants' foregoing motion.

/s/ *Russ W. Schell*
Russell W. Schell

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiffs' counsel of record via the ECF System on this 26th day of December, 2019.

/s/ *Russ W. Schell*
Russell W. Schell