# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, MADISON HOUGH, JASON HOUGH, GOVINDA HOUGH, TIFFANY YOUNG, SANDRA STOKES, YOLANDA McPHERSON, TROY HARVEY, BILL CROWELL, DIANE CREEL, LYNN CREEL, and JALISA GREEN, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 4:18-cv-00615-alm |
| UHS OF DELAWARE, INC.; UNIVERSAL HEALTH SERVICES, INC.; MAYHILL BEHAVIORAL HEALTH, LLC; SABAHAT FAHEEM; KENNETH CHAD ELLIS; MILLWOOD HOSPITAL, LP; SEJAL MEHTA; GARY MALONE; BEHAVIORAL HEALTH MANAGEMENT, LLC d/b/a BEHAVIORAL HOSPITAL OF BELLAIRE; JAMAL RAFIQUE; HICKORY TRAIL HOSPITAL, LP; UNIVERSAL PHYSICIANS, P.A.; DR. SAYS LLC; MD RELIANCE, INC.; OFFICEWINSOME, LLC; YU-PO JESSE CHANG; QUINGGUO TAO; TIMOTHY TOM; HARMANPREET BUTTAR; YUNG HUSAN YAO; BEHAVIORAL HEALTH CONNECTIONS, INC.; WENDELL QUINN; and JAN ARNETT, | § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO STRIKE PLAINTIFFS' PHYSICIAN EXPERT, MARK BLOTCKY, M.D.

COME NOW, Defendants Universal Health Services, Inc., UHS of Delaware, Inc., Behavioral Health Connections, Inc., Jan Arnett, and Wendell Quinn (collectively, the "UHS Defendants"); Defendants Mayhill Behavioral Health, LLC, Millwood Hospital LP, Hickory Trail Hospital, LP, and Behavioral Health Management, LLC d/b/a Behavioral Hospital of Bellaire (collectively, the "Hospital Defendants"); Defendants Universal Physicians, P.A., Dr. Says, LLC, MD Reliance, Inc., Officewinsome, LLC, and Yu-po Jesse Chang (collectively, the "Chang Defendants"); Defendant Qingguo Tao; Defendant Harmanpreet Buttar; Defendant Yung Husan Yao; Defendant Jamal Rafique; Defendant Sejal Mehta; Defendant Gary Malone; and Defendant Timothy Tom (all collectively, "Defendants"), by and through undersigned counsel, file this Reply in Support fo their Motion to Strike the Testimony and Report of Plaintiffs' Expert Physician Mark Blotcky, M.D.

## ARGUMENTS AND AUTHORITIES

Initial expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) are expected to be "full and complete." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016). The Rule "**does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony**," *Robinson v. Nationwide Mut. Fire Ins. Co.*, No. 4:11-CV-103-M-V, 2012 WL 5866302, at *1 (N.D. Miss. Nov. 19, 2012) (emphasis added). Fed. R. Evid. 702 provides that a witness qualified as an expert may testify in the form of an opinion if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

**1. Plaintiffs' Disclosures Are Not in Compliance with Fed. R. Civ. P. 26(a)(2).**

As discussed in Defendants' Joint Motion to Strike Plaintiffs' Physician Expert, Mark


Blotcky, MD (Dkt. No. 388), Blotcky's report is incomplete. As an example, he did not perform an interview of Plaintiffs Green and Young, and he provided no diagnosis or treatment recommendations for either of them. *See* Dkt. No. 375-2. Blotcky's report is conclusory, fails to take into account relevant evidence, and fails to establish a causal link between Defendants' conduct and Plaintiffs' complained-of injuries. The Fifth Circuit has recognized that it is not enough for an expert simply to opine that the defendant's negligence caused the plaintiff's injury. *See Ellis v. United States*, 673 F.3d 367, 373 (5th Cir. 2012). The expert also must, to a reasonable degree of medical probability, explain *how* and *why* the negligence caused the injury. *Id.* Dr. Blotcky's one-sentence causation opinion (e.g., "These actions caused harm" to Plaintiffs) is merely a conclusory statement devoid of any link to any Defendant, and cannot be used as probative evidence. *See id; see also* Dkt. No. 375-2 at 25 (Green: "The result of this for her has been being a little mistrustful of people"). His speculation on causation, while possibly better informed than a layman, more closely resembles the latter.

As discussed in Dkt. No. 388 and incorporated herein, balancing of the *Geiserman* factors weighs in favor of excluding Dr. Blotcky's report and testimony. Plaintiffs' failure to comply with Rule 26(a)(2) was neither substantially justified nor harmless and, as a result, the Court should strike Blotcky's testimony and report.

**2.    Plaintiffs' Disclosures Also Fail to Comply with Fed. R. Evid. 702 and *Daubert*.**

A party offering an expert's testimony has the burden to prove by a preponderance of the evidence their expert is qualified, his testimony is relevant, and his testimony is reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-91 (1993). First, Dr. Blotcky's opinions are not reliable as they are not based on sufficient facts or data. Dr. Blotcky bases his "forensic psychiatric evaluation" on Plaintiffs' TAC and admission records; he did not rely on any collateral sources in

formulating his "diagnoses," nor in his plan of treatment for each Plaintiff.[1] Dr. Blotcky failed to request and review any Plaintiffs' medical or psychological records from a third-party source,[2] despite mentioning in his report that many Plaintiffs have a history of psychiatric illness predating their admissions to Defendant Hospitals and alluding to several Plaintiffs undergoing therapy after being discharged. *See* Dkt. No. 375-2. Dr. Blotcky relied on those acknowledgments by Plaintiffs as dispositive of Defendants' mistreatment; indeed, he relied on Plaintiffs' subsequent treatment as evidence of causation. *See id*.

Even if Dr. Blotcky's report and testimony are deemed relevant, his report still does not pass the *Daubert* test because, as discussed, it lacks reliability. Blotcky inappropriately links Plaintiffs' mental health diagnoses with previous inpatient admissions based only on mental health evaluations performed years after those admissions, and without reviewing relevant data including past or recent medical and psychological records for those patients. *See*, *e.g.*, Dkt. No. 375-2 at 17 (based on an evaluation performed on November 19, 2019, concluding that Plaintiff Diane Creel has "PTSD secondary to her treatment in the inpatient facility" in August 2017 and that "[t]he stay at BHB was a substantial factor in causing her damage to her ability to work in her husband's business and this would not have occurred without her stay at BHB").

Dr. Blotcky is unqualified to opine about most of the issues in this case, and exceeds the scope

---

[1] In her deposition, Sandra Stokes stated she had numerous medical records in her possession, which she provided to her lawyers over one year ago. Plaintiffs' counsel subsequently admitted to having these records, but had not produced them to Defendants with initial disclosures. One imagines this was the same for other Plaintiffs. Thus, medical records from collateral sources were available for Dr. Blotcky's review, but were not provided to him such that he could rely upon them in forming his opinions.

[2] "Sources of information like old clinical records, if available or family members or other informants, need to be mentioned [in the expert report]." https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3890920/

DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO STRIKE PLAINTIFFS'
PHYSICIAN EXPERT, MARK BLOTCKY, M.D.                                                                                          Page 4
2500020/510369

of his knowledge, training, education, and experience by inappropriately providing causation opinions on issues such as the need for a "financial evaluation study" (Dkt. No. 375-2 at 51), "forgery of documents and fabrication of records" (*id*. at 53), compensation paid by a treatment facility to its employees and agents (*id*. at 56), an entity's allegedly improper qualification as a mental health referral service (*id*.), improper representations allegedly made by Defendant Universal Health Services (*id*.), and alleged solicitation of referrals (*id*. at 56-57), and certain actions violated provisions of the Texas Health & Safety Code (*id*. at 53-57, opinions 21, 23, 29, 31, 32, 35-41, 43-45). It would be improper to "invite the jury to rely on expert opinion consisting of conclusions based partly on generally inadmissible [] evidence." *Sandifer v. Hoyt Archery, Inc.*, 907 F. 3d 802, 809 (5th Cir. 2018) (citation omitted).

## **CONCLUSION AND PRAYER**

Defendants respectfully request that this Court grant this Motion in its entirety and, for the reasons discussed herein, strike Dr. Mark Blotcky's testimony and report. Defendants also request that this Court grant all other and further relief to which they may be justly entitled.

Dated: December 27, 2019

Respectfully submitted,

/s/ *Russell W. Schell*
Russell W. Schell
Texas Bar No.17736800
rschell@schellcooley.com
Timothy D. Ryan
Texas Bar No. 17483600
tryan@schellcoo1ey.com
Kristin G. Mijares
Texas Bar No. 24103879
kmijares@schellcooley.com
Schell Cooley Ryan Campbell LLP
5057 Keller Springs Road, Suite 425
Addison, Texas 75001
Tel: 214-665-2000
Fax: 214-754-0060

**ATTORNEYS FOR THE HOSPITAL DEFENDANTS**

**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO STRIKE PLAINTIFFS' PHYSICIAN EXPERT, MARK BLOTCKY, M.D.**
2500020/510369

Page 6

/s/ *Stacy L. Brainin*
Stacy L. Brainin
State Bar No. 02863075
stacy.brainin@haynesboone.com
Anne M. Johnson
State Bar No. 00794271
anne.johnson@haynesboone.com
George W. Morrison
State Bar No. 24007710
bill.morrison@haynesboone.com
Neil Issar
State Bar No. 24102704
neil.issar@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

**ATTORNEYS FOR THE UHS DEFENDANTS**

/s/ *Eric W. Hines*
Eric W. Hines
Texas State Bar No. 24010107
eric.hines@cooperscully.com
R. Brent Cooper
Texas State Bar No. 04783250
brent.cooper@cooperscully.com
Chad M. Nelson
Texas State Bar No. 24102930
chad.nelson@cooperscully.com
Cooper & Scully PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel: 214-712-9500
Fax: 214-712-9540

**ATTORNEYS FOR THE CHANG DEFENDANTS**

/s/ *Edward P. Quillin*
Edward P. Quillin

State Bar No. 16431790
equillin@equillinlaw.com
T.B. 'Nick' Nicholas, Jr.
State Bar No. 14991700
nnicholas@equillinlaw.com
Quillin Law Firm, P.C.
4101 McEwen Road, Suite 540
Dallas, Texas 75244
Tel: 972-386-6664
Fax: 972-386-6680

**ATTORNEYS FOR DEFENDANT
JAMAL RAFIQUE**

/s/ *Russell G. Thornton*
Russell G. Thornton
Texas State Bar No. 19982850
rthornton@trtblaw.com
Thiebaud Remington Thornton Bailey LLP
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Tel: 214-954-2200
Fax: 214-754-0999

**ATTORNEYS FOR DEFENDANT
SEJAL MEHTA**

/s/ *Dana Morgan*
Dana Morgan
Texas State Bar No. 24007705
danamorgan@steedlawfirm.com
The Steed Law Firm
250 East Evergreen Street
Sherman, TX 75090
Tel: 903-813-3900
Fax: 903-813-3909


/s/ *Jordan Lee Fontenot*
Jordan Lee Fontenot
Texas State Bar No. 24098956
jordanfontenot@steedlawfirm.com

<small>The Steed Law Firm
1010 W. Ralph Hall Parkway, Suite 200
Rockwall, TX 75032
Tel: 469-698-4235</small>

**ATTORNEYS FOR DEFENDANTS QUINGGUO TAO, HARMANPREET BUTTAR, AND TIMOTHY TOM**

/s/ *D. Bowen Berry*
D. Bowen Berry
Texas State Bar No. 02233280
bberry@settlepou.com
The Berry Firm PLLC
1412 Main Street, Suite 2300
Dallas, Texas 75202
Tel: 214-520-3300
Fax: 214-526-4145

/s/ *Gary D. Lykins*
Gary D. Lykins
Texas State Bar No. 12715600
glykins@settlepou.com
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Tel: 214-520-3300
Fax: 214-526-4145

**ATTORNEYS FOR DEFENDANT GARY MALONE**

## CERTIFICATE OF CONFERENCE

In compliance with the meet and confer requirement in Local Rule CV-7(h), I hereby certify that counsel for the Hospital Defendants, on behalf of all Defendants, conferred with Plaintiffs' counsel, John Burkhead, regarding the relief requested by Defendants in the foregoing motion. The parties were unable to reach an agreement. As such, Mr. Burkhead stated that Plaintiffs are opposed to the relief requested by Defendants' foregoing motion.

/s/ *Russ W. Schell*
Russell W. Schell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiffs' counsel of record via the ECF System on this 27th day of December, 2019.

/s/ *Russ W. Schell*
Russell W. Schell