IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BARBARA MEIER, MADISON HOUGH,** | § | |
| **JASON HOUGH, GOVINDA HOUGH,** | § | |
| **TIFFANY YOUNG, SANDRA STOKES,** | § | |
| **YOLANDA McPHERSON, TROY HARVEY,** | § | |
| **BILL CROWELL, DIANE CREEL,** | § | |
| **LYNN CREEL, and JALISA GREEN,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:18-cv-00615-alm** |
| | § | |
| **UHS OF DELAWARE, INC.;** | § | |
| **UNIVERSAL HEALTH SERVICES, INC.;** | § | |
| **MAYHILL BEHAVIORAL HEALTH, LLC;** | § | |
| **SABAHAT FAHEEM;** | § | |
| **KENNETH CHAD ELLIS;** | § | |
| **MILLWOOD HOSPITAL, LP;** | § | |
| **SEJAL MEHTA; GARY MALONE;** | § | |
| **BEHAVIORAL HEALTH MANAGEMENT,** | § | |
| **LLC d/b/a BEHAVIORAL HOSPITAL OF** | § | |
| **BELLAIRE; JAMAL RAFIQUE;** | § | |
| **HICKORY TRAIL HOSPITAL, LP;** | § | |
| **UNIVERSAL PHYSICIANS, P.A.;** | § | |
| **DR. SAYS LLC; MD RELIANCE, INC.;** | § | |
| **OFFICEWINSOME, LLC; YU-PO JESSE** | § | |
| **CHANG; QUINGGUO TAO; TIMOTHY TOM;** | § | |
| **HARMANPREET BUTTAR; YUNG HUSAN** | § | |
| **YAO; BEHAVIORAL HEALTH** | § | |
| **CONNECTIONS, INC.; WENDELL QUINN;** | § | |
| **and JAN ARNETT,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS'
MOTION TO STRIKE DEFENDANTS' EXPERTS**

COME NOW, Defendants Universal Health Services, Inc., UHS of Delaware, Inc., Behavioral Health Connections, Inc., Jan Arnett, and Wendell Quinn (collectively, the "UHS Defendants"); Defendants Mayhill Behavioral Health, LLC, Millwood Hospital LP, Hickory Trail Hospital, LP, and Behavioral Health Management, LLC d/b/a Behavioral Hospital of Bellaire (collectively, the "Hospital Defendants"); Defendants Universal Physicians, P.A., Dr. Says, LLC, MD Reliance, Inc., Officewinsome, LLC, and Yu-po Jesse Chang (collectively, the "Chang Defendants"); Defendant Qingguo Tao; Defendant Harmanpreet Buttar; Defendant Yung Husan Yao; Defendant Jamal Rafique; Defendant Sejal Mehta; Defendant Gary Malone; and Defendant Timothy Tom (all collectively, "Defendants"), by and through undersigned counsel, file this Joint Response to Plaintiffs' Motion to Strike Defendants' Experts, and would respectfully show the following:

## I.    ARGUMENTS

Defendants have fully and properly complied with the expert disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, as well as the admissibility and relevancy requirements of Rules 401 and 702 of the Federal Rules of Evidence. The issues raised by Plaintiffs are not issues of reliability or relevance; rather, they are issues better suited for cross-examination. Accordingly, this Court should deny Plaintiffs' Motion to Strike Defendants' Experts (Dkt. No. 482). Alternatively, if this Court finds Defendants' disclosure insufficient, the four *Geiserman* factors weigh in favor of allowing Defendants to amend their disclosure. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

## A.    Defendants' Expert Disclosure Complied with the Applicable Rules.

Federal Rule of Evidence 702 governs the admissibility of expert-witness testimony. One requirement for admissibility is that the expert's knowledge "will help the trier of fact to understand

the evidence or to determine a fact in issue." Fed. R. Evid. 702. Essentially, this is a relevancy requirement. *See id*. Evidence is relevant under FRE 401 if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 702 also requires that expert-witness testimony is "based on sufficient facts or data," is the "product of reliable principles and methods," and that the "expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

### 1.      Dr. Stephen Burgher

The objections Plaintiffs raise to the matters on which Dr. Burgher is expected to testify are premature at best, if not outright spurious. Any objection in this regard is only ripe for consideration on the basis of testimonial inquiry. Dr. Burgher is retained to address issues that include physician shortage, how and why this impacts availability of psychiatric professionals to evaluate patients in acute care hospitals, and why it is necessary for emergency physicians to out-source psychiatric care to other professionals/hospitals specializing in such care. He will address the process by which an emergency physician comes to the conclusion that a patient requires further psychiatric evaluation and care, and the method by which that care is secured.

Plaintiffs do not object to Dr. Burgher's qualifications as they relate to the purpose for which he has been retained: to opine about the issues in emergency medicine as they relate to coordinating with outside psychiatric facilities. He is an emergency physician with decades of experience treating and evaluating patients in the emergency setting. As such, he is well versed in spotting possible psychiatric issues and securing further treatment and evaluation for those patients deemed to be in need of same. Dr. Burgher's retention was necessary to allow the jury to understand why outside psychiatric professionals, such as BHC, are often utilized by acute care hospital emergency

departments. This lawsuit is based on Plaintiffs' allegations which include the existence of

some"scheme" to falsely diagnose completely mentally healthy individuals with psychiatric disorders,

and that this allows the schemers to obtain an admission to a UHS hospital. As such, it is necessary

for Defendants to retain an emergency physician to illuminate the jury as to why a hospital would call

upon the expertise of those with additional psychiatric training.

In each patient-Plaintiff's case (except for Mr. Crowell, brought directly to BHB from the

emergency psychiatric evaluation department of Harris County, Ms. Meier, who was referred by her

primary care physician, and Ms. Creel, initially a voluntary walk-in who expressed suicidal ideations

to admissions staff and was involuntarily held) the Plaintiff presented to an acute care emergency

department. Each Plaintiff was evaluated by an emergency physician, who directed each to a

psychiatric facility for further evaluation and treatment. Dr. Burgher will opine as to the emergency

room doctor's role in the care of individuals—such as seven of the Plaintiffs in this case—who

present to an emergency department with either suicidal ideations, drug overdoses, suicide attempts,

and/or bizarre behavior, and the physician's role in securing specialized evaluation and treatment for

them. His testimony is relevant to the present suit, and will be helpful to the jury in understanding

why each of these Plaintiffs presented to a UHS Hospital. It will be helpful to the jury to understand

that physicians with extensive medical training—who are third-parties to this suit and not affiliated

with UHS or any particular Defendant—deemed it necessary to send each Plaintiff to a psychiatric

hospital for further stabilization and treatment.

2.    **Linda James**

Over the course of this lawsuit, Plaintiffs have alleged numerous instances of "fraud" and

"forgery" in their medical records from UHS Hospitals. Accordingly, Defendants have retained an

expert in handwriting and forensic document review to rebut these allegations. Ms. James stated plainly in her report that she retained the right to examine the originals of the records if requested by Plaintiffs, and Plaintiffs are on notice of her opinions based on her review of the medical records in Hospital Defendants' possession at the time. Plaintiffs' citation to a non-binding New York case is not convincing; Ms. James' methodology and qualifications are laid out plainly in her report. Plaintiffs are free to lead Ms. James through each Plaintiff's entire record—at their expense—during deposition such that she may review each and every signature in the record for its veracity.  To the extent that Plaintiffs believe that any additional records should be analyzed, then this is the subject for cross-examination. Plaintiffs raise no evidence-based objections to Ms. James' methodological proof, nor marshal proof from an expert source to the effect that this is an untenable approach to handwriting analysis.

The report provided the methodologies and reasoning used to determine that Ms. Hough's, Ms. Creel's, and Ms. McPherson's signatures are likely their own signatures, as opposed to forgeries made by someone else. The jury can rely on those methodologies and reasoning, in conjunction with the other evidence introduced at trial, to determine for itself whether Ms. James' opinions are, in fact, accurate. It is sufficient that Ms. James used standard methodologies and relevant experience to determine whether the signatures were indeed true. In short, the report relied on sufficient facts and is the product of reliable methodology. As an expert in her field, Ms. James is entitled to weigh the data as she deems fit. Plaintiffs are entitled to test the conclusions in the report with vigorous cross-examination and to present rebuttal expert testimony to attack them. Ms. James' opinions are not based on unfounded data, and any problems that Plaintiffs have with these opinions can be addressed on cross-examination.

Regarding Ms. James terminology, which is the terminology prescribed in her field, Federal Rule of Evidence 703 provides for the admissibility of an expert's opinion if the sources underlying that opinion are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. Plaintiffs do not dispute that Ms. James' sources are laid out in her report, nor do they dispute that these sources are not a type reasonably relied upon by experts in her field. Accordingly, any issues with Ms. James' terminology and/or her sources is an issue best left for cross-examination. *Primrose Operating Co. v. National Am. Ins.*, 382 F. 3d 546, 562 (5th Cir. 2004) ("[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration").

### 3.      Nurse Wanda McCarter

The 5th Circuit has addressed the exact issue Plaintiffs raise with regard to Nurse McCarter:

> [T]he heart of *Daubert* is relevance and reliability. As long as some reasonable indication of qualifications is adduced, the court may admit the evidence without abdicating its gate-keeping function. After that, qualifications become an issue for the trier of fact rather than for the court in its gate-keeping capacity.

*Rushing v. Kansas City Southern Ry. Co.*, 185 F. 3d 496, 507 (5th Cir.1999).

The record reveals that Nurse McCarter is qualified to opine as to the standard of care of a psychiatric nurse, and, specifically, a nurse practicing in a private psychiatric facility. Her report explains in detail how she based her nursing experience on her review of the care provided to Plaintiffs. She is a licensed nurse with extensive experience both practicing and educating in her field. Although she may have limited hands-on experience in Texas specifically, this is not a reason to strike her report and/or testimony. *See Rushing*, 185 F. 3d at 507. The standard of care of a psychiatric nurse is applicable to this case, and Nurse McCarter's CV spells out her decades of

experience in the field, and her clinical work at the bedside of patients in inpatient private mental health facilities. The issues in this case are not Texas-specific, but relate to overall issues with patient care and treatment administered in psychiatric hospitals. Accordingly, her testimony and/or report should not be stricken.

### 4.        Compensation and Signature

Defendants do not concede Plaintiffs' claim that Defendants are required to disclose in an initial designation what the expert was paid for his or her report. Indeed, this is contrary to Rule 26(a)(2)(B)(vi), which requires only disclosure of "the compensation **to be paid** for the study **and** testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(vi) (emphasis added). Defendants provided with their initial disclosures a copy of each expert's fee schedule—including rate of compensation—which is sufficient to satisfy the Rule's disclosure requirements. *See Hupp v. San Diego County*, No. 12cv0492-GPC-RBB, 2014 U.D. Dist. Lexis 11892 at *7-8. WL 347602 (S.D. Cal. Jan. 30, 2014) (disclosure of an expert's fee schedule meets the Rule's requirement).

Additionally, there is no indication that Plaintiffs' counsel ever followed up with defense counsel to ask that any perceived deficiencies be cured before filing their Motion to Strike. "While the better practice is for a party to provide complete expert disclosures within the court-imposed deadlines, it is also the better practice for counsel to ask opposing counsel for any missing items before filing a motion to exclude an expert on easily remedied technical deficiencies." *See Daggs v. Gulf Offshore Logistics, LLC, et al.*, No. 19-71, 2019 WL 7558135, at *2 (E.D. La. Dec. 2, 2019).

Notwithstanding the above, in an abundance of caution, Defendants will provide Plaintiffs with adjusted Reports more directly outlining the experts' total compensation, as well as their physical signatures as opposed to electronic signatures that accompanied the initial expert

disclosures.

**B.      The Four Factors Weigh in Favor of Allowing Defendants to Amend.**

When a court finds a party's initial disclosures are insufficient, the court must determine the appropriate remedy. *LaVerdure & Assocs. v. Depositors, Ins. Co.*, No. 4:16-cv-00883, 2017 U.S. Dist. Lexis 173415, WL 469150 (E.D. Tex. Oct. 19, 2017). In determining the remedy, courts must balance four factors: (1) the explanation for failure to properly identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing testimony; and (4) the availability of a continuance to cure such prejudice. *Id.* (*quoting Geiserman*, 893 F.2d at 791). Based on these four factors, the appropriate remedy is for this Court to deny Plaintiffs' Motion to Strike Defendants' Experts, or, in the alternative, to allow Defendants' to amend their expert disclosure.

As to the first factor, Defendants addressed the fact that they believe their expert disclosures complied with all applicable Rules. *See* item (4) (*supra*). As to the second factor, the experts are essential to Defendants' defense, and Defendants would not be able to prove the essential elements of their defense without the experts. *See LaVerdure*, No. 4:16-cv-00883, 2017 U.S. Dist. Lexis 173415, WL 469150, at *3. Plaintiffs have asserted claims of medical negligence, fraud, and records alteration, and Defendants must have an expert to rebut each of Plaintiffs' contentions. As to the third factor, Plaintiffs cannot argue prejudice from the short interim during which they have not had Defendants' experts' fee schedules. *See Daggs*, No. 19-71, 2019 WL 7558135, at *2 (holding plaintiff suffered no prejudice for the time period of less than one month during which he did not have defendants' experts' fee schedules). As to the fourth factor, as there is no prejudice, there is no need to cure prejudice. *See LaVerdure*, No. 4:16-cv-00883, 2017 U.S. Dist. Lexis 173415, WL 469150, at *3.

Based on the above, the four factors weigh in favor of allowing Defendants to amend their disclosure rather than exclude the experts from trial, if this Court determines Defendants' initial disclosure was insufficient.

Respectfully submitted,

/s/ *Russell W. Schell*
Russell W. Schell
Texas Bar No.17736800
rschell@schellcooley.com
Timothy D. Ryan
Texas Bar No. 17483600
tryan@schellcoo1ey.com
Kristin G. Mijares
Texas Bar No. 24103879
kmijares@schellcooley.com
Schell Cooley Ryan Campbell LLP
5057 Keller Springs Road, Suite 425
Addison, Texas 75001
Tel: 214-665-2000
Fax: 214-754-0060

**ATTORNEYS FOR THE HOSPITAL DEFENDANTS**

/s/ *Stacy L. Brainin*
Stacy L. Brainin
State Bar No. 02863075
stacy.brainin@haynesboone.com
Anne M. Johnson
State Bar No. 00794271
anne.johnson@haynesboone.com
George W. Morrison
State Bar No. 24007710
bill.morrison@haynesboone.com
Neil Issar
State Bar No. 24102704
neil.issar@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

**ATTORNEYS FOR THE UHS DEFENDANTS**

/s/ *Eric W. Hines*
Eric W. Hines
Texas State Bar No. 24010107
eric.hines@cooperscully.com
R. Brent Cooper
Texas State Bar No. 04783250
brent.cooper@cooperscully.com
Chad M. Nelson
Texas State Bar No. 24102930
chad.nelson@cooperscully.com
Cooper & Scully PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel: 214-712-9500
Fax: 214-712-9540

ATTORNEYS FOR THE CHANG DEFENDANTS

/s/ *Edward P. Quillin*
Edward P. Quillin
State Bar No. 16431790
equillin@equillinlaw.com
T.B. 'Nick' Nicholas, Jr.
State Bar No. 14991700
nnicholas@equillinlaw.com
Quillin Law Firm, P.C.
4101 McEwen Road, Suite 540
Dallas, Texas 75244
Tel: 972-386-6664
Fax: 972-386-6680

**ATTORNEYS FOR DEFENDANT
JAMAL RAFIQUE**

/s/ *Russell G. Thornton*
Russell G. Thornton
Texas State Bar No. 19982850
rthornton@trtblaw.com
Thiebaud Remington Thornton Bailey LLP
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Tel: 214-954-2200
Fax: 214-754-0999

**ATTORNEYS FOR DEFENDANT
SEJAL MEHTA**

/s/ *Dana Morgan*
Dana Morgan
Texas State Bar No. 24007705
danamorgan@steedlawfirm.com
The Steed Law Firm
250 East Evergreen Street
Sherman, TX 75090
Tel:  903-813-3900
Fax: 903-813-3909
/s/ *Jordan Lee Fontenot*
Jordan Lee Fontenot
Texas State Bar No. 24098956
jordanfontenot@steedlawfirm.com
The Steed Law Firm
1010 W. Ralph Hall Parkway, Suite 200
Rockwall, TX 75032
Tel: 469-698-4235

**ATTORNEYS FOR DEFENDANTS
QUINGGUO TAO, HARMANPREET
BUTTAR, AND TIMOTHY TOM**

/s/ *D. Bowen Berry*
D. Bowen Berry
Texas State Bar No. 02233280
bberry@settlepou.com
The Berry Firm PLLC
1412 Main Street, Suite 2300
Dallas, Texas 75202
Tel: 214-520-3300
Fax: 214-526-4145

/s/ *Gary D. Lykins*
Gary D. Lykins
Texas State Bar No. 12715600
glykins@settlepou.com
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Tel: 214-520-3300
Fax: 214-526-4145

**ATTORNEYS FOR DEFENDANT**
GARY MALONE

## CERTIFICATE OF CONFERENCE

In compliance with the meet and confer requirement in Local Rule CV-7(h), I hereby certify that counsel for the Hospital Defendants, on behalf of all Defendants, conferred with Plaintiffs' counsel, John Burkhead, regarding the relief requested by Defendants in the foregoing motion.  The parties were unable to reach an agreement.  As such, Mr. Burkhead stated that Plaintiffs are opposed to the relief requested by Defendants' foregoing motion.


/s/ *Russ W. Schell*
Russell W. Schell

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiffs' counsel of record via the ECF System on this 3rd day of February, 2020.


/s/ *Russ W. Schell*
Russell W. Schell