IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BARBARA MEIER, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00615-ALM |
| § | |
| UHS OF DELAWARE, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**DEFENDANT, DR. GARY MALONE, MD'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE HIS RETAINED EXPERTS, DR. JASON MILLER AND DR. DOUGLAS JACOBS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant, Dr. Gary Malone files and serves the following Response to Plaintiffs' Motion to Strike his retained experts, Dr. Jason Miller, Dr. Douglas Jacobs, and Jeffrey Matthews.

**I.**

**BACKGROUND**

On January 21, 2020, Plaintiffs' Motion to Strike Defendants' Experts was filed. [Doc. 482]. Within this motion, Plaintiffs moved to strike the experts retained by Dr. Malone because; (1) their reports do not provide how much the experts were paid to prepare their reports; (2) Dr. Miller's report did not have his signature; and (3) that although Dr. Jacobs "…has impressive educational credentials, he has not shown that he is familiar with standards that apply to practitioners in the state of Texas." [Doc. 482 at 2].

**II.**

**RELIEF SOUGHT, ARGUMENTS AND AUTHORITIES**

Plaintiffs' Motion to Strike Dr. Jacob, Dr. Miller, and Jeffrey Matthews should be denied and overruled for several reasons. First, there is no requirement that a disclosure of expert testimony must include how much a retained expert was paid to prepare their report. Rule 26(a)(2)(B)(vi) simply states the expert's disclosures must contain "a statement of the compensation to be paid for the study and testimony in this case." Fed.R. Civ.P. 26(a)(2)(B)(vi). Fee schedules or information detailing the rates charged for review, preparation of reports, and testimony for each of Dr. Malone's retained expert witnesses was provided with Defendant Dr. Gary Malone's Disclosure and Designation of Expert Witnesses. [Doc. 458, 458-8, 458-9].

Secondly, Dr. Miller's disclosure, including his expert report which was inadvertently not signed, was timely filed electronically. [Doc. 458, 458-8]. A copy of his report with his original signature was produced to counsel the day after Dr. Malone received Plaintiffs' Motion to Strike, on January 22, 2020. There were no other changes to his report. Exhibit 1. As held by this court, for the purpose of determining a remedy when a party's initial disclosures are insufficient, the court must balance the: 1) explanation for the failure to properly disclose; 2) importance of the testimony; 3) potential prejudice in allowing the testimony; and 4) the availability of a continuance to cure such prejudice. *La Verdure & Assoc. v. Depositors Ins. Cp.*, No. 4:16-cv-0883, 2017 U.S. Dist. Lexis 173415 *5 (E.D. Tex. Oct. 19, 2017 ) (*J Mazzant*) (*Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). In this case, the production of Dr. Miller's report lacking a signature was inadvertent and has not prejudiced Plaintiff in any way.

Further, the deficiency was cured when Defendant provided a signed copy of the report the day after Plaintiffs' Motion to Strike Defendants' Experts was filed.

Finally, Texas does not follow the "locality rule".  Plaintiffs' argument that Dr. Jacobs should be stricken because his report and curriculum vitae, which Plaintiffs' admit demonstrate impressive credentials, does not show familiarity with the standards applicable to practitioners in Texas should be overruled.   Dr. Jacobs' "impressive" credentials and decades of experience as a psychiatrist are clearly sufficient to allow him to testify surrounding the care and treatment of psychiatric patients as outlined in his report. [Doc. 458-2, 458-1].  The issues pertaining to Dr. Malone are not Texas-specific, but relate to the care and treatment of psychiatric patients with suicidal ideation.  Further, it is anticipated that retained expert Dr. Miller, a Texas practitioner, will focus his testimony on any rules which may be unique to Texas.  [Doc. 458-6].  Dr. Jacobs will focus primarily on the diagnosis and treatment of patients with suicidal ideations, a subject on which he is widely published.  [Doc. 458-1].

**III.**

Plaintiffs also ask the court to strike Dr. Malone's cross-designation of experts identified by co-defendants and to limit each experts' opinions to that which is relevant to the specific defendant who retained them.  Drs. Miller and Jacobs have only reviewed the records and material related to Plaintiff Troy Harvey.  Defendant, Dr. Malone intends to rely solely on the testimony of Dr. Miller and Dr. Jacobs to defend the  care and treatment he provided to Mr. Harvey.  However, Dr. Malone does have the right to question and cross-examine any witness, expert or otherwise, who gives testimony that impacts Dr. Malone's defense.  The Co-Defendant's experts were cross-designated because they

may testify regarding facts or opinions that impact Dr. Malone's defense requiring cross-examination by Dr. Malone's attorneys.

## PRAYER

For the reasons stated above, Dr. Malone respectfully requests that this Court deny Plaintiffs' Motion to Strike Defendants'' Experts [Doc. 482] to the extent it seeks to strike testimony from Dr. Malone's retained experts Dr. Jacobs, Dr. Miller and Jeffrey Matthews.

Dated: February 4, 2020

Respectfully submitted,

 /s/ Robert J. Swift
D. BOWEN BERRY
State Bar No. 02233280
bberry@settlepou.com
GARY D. LYKINS
State Bar No. 12715600
glykins@settlepou.com
**SETTLEPOU**
3333 Lee Parkway
Eighth Floor
Dallas, TX 75219
214.520.3300 main
214.526.4145 fax

ROBERT J. SWIFT
State Bar No. 19585700
robert.swift@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 11010
713.651.5151 telephone

**ATTORNEYS FOR DEFENDANT
GEORGE L. MALONE, M.D.**

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via the CM/ECF System on this, the 4th day of February, 2020.

                                                    */s/ Robert J. Swift*
                                                      Robert J. Swift