IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, *et al.*, | § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:18-cv-00615-ALM |
| UHS OF DELAWARE, INC., *et al.*, | § § | |
| Defendants. | § § | |

### DEFENDANTS' JOINT MOTION TO ALTER DISCOVERY LIMITS

COME NOW, Defendants Universal Health Services, Inc., UHS of Delaware, Inc., Behavioral Health Connections, Inc., Jan Arnett, and Wendell Quinn (collectively, the "UHS Defendants"); Defendants Mayhill Behavioral Health, LLC, Millwood Hospital LP, Hickory Trail Hospital, LP, Behavioral Health Management, LLC d/b/a Behavioral Hospital of Bellaire (collectively, the "Hospital Defendants"); Defendants Universal Physicians, P.A., Dr. Says, LLC, MD Reliance, Inc., Officewinsome, LLC, and Yupo Jesse Chang, MD (collectively, the "Chang Defendants"); Defendant Qingguo Tao, MD; Defendant Harmanpreet Buttar, MD; Timothy Tom, MD; Defendant Yung Husan Yao; Defendant Sabahat Faheem, MD; Defendant Jamal Rafique, MD; Defendant Sejal Mehta, MD; and Defendant Gary Malone, MD (all collectively, "Defendants"), by and through undersigned counsel, file this Motion to Alter Discovery Limits.

### SUMMARY OF RELIEF REQUESTED

On November 22, 2019, Plaintiffs designated their specially retained experts and produced the preliminary report of their expert physician, Mark Blotcky, M.D. (Dkt. No 375, attached hereto as **Exhibit 1**). Dr. Blotcky's preliminary report purports to provide opinions as to

the necessity of Plaintiffs' treatments, the applicable standard of care, purported violations of that standard, and Plaintiffs' alleged damages.

Due to the vast number of parties affected by Dr. Blotcky's opinions, complex nature of the case, and voluminous medical records at issue, extensive questioning during the expert deposition is necessary and reasonably calculated to lead to the discovery of admissible evidence. Defendants thus request that the Court alter the discovery limits of Federal Rule of Civil Procedure 30(d)(1) and extend the time for deposing Dr. Blotcky to thirty two (32) total hours.

## ARGUMENTS AND AUTHORITIES

Defendants have good cause for extending the duration of Dr. Blotcky's deposition. While depositions are generally limited to one day of seven hours, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Courts should extend the limits on depositions when good cause is shown. *Holmes v. N. Texas Health Care Laundry Coop. Ass'n*, 3:15-CV-2117-L, 2016 WL 2609995, at *3 (N.D. Tex. May 6, 2016). Here, there is good cause to extend the duration of Dr. Blockty's deposition because (1) it is necessary for a fair examination and (2) additional time is consistent with the requirements of Federal Rule of Civil Procedure 26(b)(1) and (2).

### I. Additional Time is Necessary for a Fair Examination

The Court must extend the deposition of Dr. Blotcky in order to allow for a fair examination by the numerous Defendants. The necessity of additional time arises based on a variety of factors; those relevant to this case include (1) whether the case is multi-party, (2) insufficient responsiveness to written discovery requests, (3) whether the case covers events occurring over a long period of time, and (4) whether the witness is an expert witness. *See* FED.

R. Civ. P. 30(d) Advisory Committee Notes to the 2000 Amendment; *Sexton v. Exxon Mobil Corp.*, CV 17-482-JWD-RLB, 2020 WL 515852, at *2 (M.D. La. Jan. 31, 2020). Defendants address each of these factors in turn.

*First*, multi-party cases often require additional deposition time in order to allow a fair examination by all parties. *See Sexton*, 2020 WL 515852, at *3 (doubling the deposition time because "this is a multi-party litigation involving a voluminous expert report"). The Comments to the 2000 amendments to Rule 30 state: "In multi-party cases, the need for each party to examine the witness may warrant additional time." The broad nature of Plaintiffs' allegations in this case create diverging interests between Defendants, and the unique set of facts specific to each Plaintiff necessitates questioning from multiple Defendants. Moreover, when multiple defendants are exposed to individualized liability in a complex case the additional time should be permitted to allow defendants "to go into the specific allegations against the individual [d]efendants." *See Kleppinger v. Texas. Dept. of Transp.*, 283 F.R.D. 330, 334 (S.D. Tex. 2012).

The Federal Rules of Civil Procedure permit seven hours for an individual defendant to depose the expert of an individual plaintiff regarding an isolated allegation; the quantity of plaintiffs, allegations, and defendants in this case mandates additional time. In this case, there are twenty three (23) named Defendants facing a 115 page complaint filed by twelve Plaintiffs. Dr. Blotcky's fifty eight page expert report identifies thousands of pages of medical records reviewed and summarizes "individual Forensic Psychiatric Evaluation[s] of each Plaintiff." (Ex. 1). Dr. Blotcky is expected to testify about all nine (9) patient-Plaintiffs in this case with opinions implicating no less than twenty (20) Defendants represented by eight (8) law firms, including treating physicians, facilities, and entities. Dr. Blotcky characterizes this case as a "complex multi-party" proceeding. (Ex. 1 at 57) Because the nine patient-Plaintiffs each have

separate backgrounds, mental health conditions, allegations, and purported damages, one could argue, as Defendants have, that Plaintiffs' claims are, in reality, nine individual, separate health care liability claims. In that scenario Defendants are entitled to sixty three (63) hours of deposition testimony from Dr. Blotcky; here, Defendants are asking for only roughly half of that amount.

*Second*, when the deponent will be questioned regarding "numerous and lengthy documents," the court should permit further examination. *See* FED. R. CIV. P. 30(d) Advisory Committee Notes to the 2000 Amendment. Here, Dr. Blotcky has based his report and opinions on thousands of pages of records; the report contains a list of documents reviewed that spans nine pages and includes medical and billing records, contracts, policies and procedures, deposition transcripts, statutes, and various treatises and articles.

*Third*, Defendants will need to question Dr. Blotcky on his interpretation of Plaintiffs' medical records and mental health histories stretching back several years. The timespan of prior mental health incidents alone warrants extension of the deposition. S*ee Kleppinger*, 283 F.R.D at 334 (extending the deposition because to allow questioning over numerous incidents that occurred over the plaintiff's four-year employment). This need for additional time is further amplified by the quantity of Plaintiffs included in Dr. Blotcky's report and the critical nature of his testimony to the case. *See Quest Diagnostics Inc. v. Factory Mut. Ins. Co.*, CV 07-03877, 2008 WL 11355072, at *4 (E.D. La. Aug. 21, 2008) (permitting the extension of depositions for two deponents based on the relevancy and materiality of their testimony).

*Fourth*, the Advisory Committee expressly anticipated the necessity of additional time for expert witnesses, "even after the submission of the report required by Rule 26(a)(2)[,] for full exploration of the theories upon which the witness relies." FED. R. CIV. P. 30(d) Advisory

Committee Notes to the 2000 Amendment. Where, as here, Defendants need to examine the foundation and reasoning encompassed in an expert's report, the additional deposition time becomes necessary for the fair examination required by the Federal Rules of Civil Procedure. Moreover, the subject matter of Dr. Blotcky's report creates a unique circumstance that necessitates additional time for questioning. Dr. Blotcky's report deals with not merely the occurrence of events, but rather the impact of those events on the mental and emotional status of Plaintiffs. Mental health is an exceptionally complex area of medicine, and it is not a subject that can be adequately explored for multiple Plaintiffs in the same time period allotted for relatively simpler depositions. Accordingly, the Court must alter the deposition's limits as required under Rule 30(d) to extend the deposition's duration and allow for a fair examination.

## II. Additional Deposition Time Comports With Rule 26

Rule 30 requires the Court to allow additional deposition time consistent with Rule 26(b)(1) and (2). In relevant part, Rule 26(b)(1) allows discovery of any nonprivileged matter that is both relevant and proportional to the needs of the case, and lists several considerations: (i) the importance of the issues at stake in the action, (ii) the amount in controversy, (iii) the parties' relative access to relevant information, (iv) the parties' resources, (v) the importance of the discovery in resolving the issues, and (vi) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

In this case, all of the listed considerations weigh heavily in favor of permitting adequate time for Defendants to depose Dr. Blotcky. His testimony is material to several key issues in this case: the mental health of nine Plaintiffs before, during, and after their encounters with each Defendant. Plaintiffs are seeking significant damages in this case; the amount in controversy justifies the additional time and costs. Given the broad scope and complexity of Dr. Blotcky's report, Defendants need this additional time to acquire the necessary access to relevant

DEFENDANTS' JOINT MOTION TO ALTER DISCOVERY LIMITS PAGE 5
D/1017770v1

information, specifically the expert opinion testimony that Dr. Blotcky intends to present at trial. Dr. Blotcky is the sole expert physician designated by Plaintiffs to provide opinions about the crux of the case - whether the care and treatment provided to nine mental health patients met the applicable standards of care; understanding the foundation for Dr. Blotcky's opinions is critical. There is no disparity in resources that would justify preventing fair examination of Dr. Blotcky. Finally, the burden and expense of deposing Dr. Blotcky for the requested thirty hours is dwarfed by the importance and likely benefits of his deposition in this complex and expensive case.

The Rules were written to mandate additional deposition time for cases and witnesses such as this. The importance of Dr. Blotcky's opinions and reasoning require that the Court provide this additional time pursuant to Rule 30(d) of the Federal Rules of Civil Procedure.

## **CONCLUSION AND PRAYER**

Defendants respectfully request that this Court grant this Motion and, for the reasons discussed herein, order that the time for Dr. Blotcky's deposition be extended to thirty two (32) hours to be completed no later than March 20, 2020. Defendants also request that this Court grant all other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ *Eric W. Hines*
Eric W. Hines
Texas State Bar No. 24010107
eric.hines@cooperscully.com
R. Brent Cooper
Texas State Bar No. 04783250
brent.cooper@cooperscully.com
Chad M. Nelson
Texas State Bar No. 24102930
chad.nelson@cooperscully.com
COOPER & SCULLY PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
Tel: 214-712-9500
Fax: 214-712-9540

**ATTORNEYS FOR THE CHANG DEFENDANTS AND YUNG HUSAN YAO**

/s/ *Dana Morgan*
Dana Morgan
Texas State Bar No. 24007705
danamorgan@steedlawfirm.com
Jordan L. Fontenot
Texas State Bar No. 24098956
jordanfontenot@steedlawfirm.com
THE STEED LAW FIRM
250 East Evergreen Street
Sherman, TX 75090
Tel: 903-813-3900
Fax: 903-813-3909

**ATTORNEYS FOR DEFENDANTS QINGGUO TAO, HARMANPREET BUTTAR, AND TIMOTHY TOM**

/s/ *Stacy L. Brainin*
Stacy L. Brainin
State Bar No. 02863075
stacy.brainin@haynesboone.com
Anne M. Johnson
State Bar No. 00794271
anne.johnson@haynesboone.com
George W. Morrison
State Bar No. 24007710
bill.morrison@haynesboone.com
Neil Issar
State Bar No. 24102704
neil.issar@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

**ATTORNEYS FOR THE UHS DEFENDANTS**


/s/ *Russell W. Schell*
Russell W. Schell
Texas Bar No.17736800
rschell@schellcooley.com
Timothy D. Ryan
Texas Bar No. 17483600
tryan@schellcoo1ey.com
Kristin G. Mijares
Texas Bar No. 24103879
kmijares@schellcooley.com
SCHELL COOLEY RYAN CAMPBELL LLP
5057 Keller Springs Road, Suite 425
Addison, Texas 75001
Tel: 214-665-2000
Fax: 214-754-0060

**ATTORNEYS FOR THE HOSPITAL DEFENDANTS**

/s/ *David C. McCue*
David C. McCue
Texas State Bar No. 13494100
dmccue@mcpaulaw.com
Bruce A. Pauley
Texas State Bar No. 15643200
bpauley@mcpaulaw.com
Mary T. Sullivan
Texas State Bar No. 24026656
msullivan@mcpaulaw.com
MCCUE-PAULEY & ASSOCIATES, P.C.
15150 Preston Road, Suite 200
Dallas, Texas 75248
Tel: 972-490-0808
Fax: 972-490-9545

**ATTORNEYS FOR DEFENDANT SABAHAT FAHEEM**

/s/ *Edward P. Quillin*
Edward P. Quillin
State Bar No. 16431790
equillin@equillinlaw.com
T.B. 'Nick' Nicholas, Jr.
State Bar No. 14991700
nnicholas@equillinlaw.com
QUILLIN LAW FIRM, P.C.
4101 McEwen Road, Suite 540
Dallas, Texas 75244
Tel: 972-386-6664
Fax: 972-386-6680

**ATTORNEYS FOR DEFENDANT JAMAL RAFIQUE**

/s/ *Russell G. Thornton*
Russell G. Thornton
Texas State Bar No. 19982850
rthornton@trtblaw.com
THIEBAUD REMINGTON THORNTON BAILEY LLP
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Tel: 214-954-2200
Fax: 214-754-0999

**ATTORNEYS FOR DEFENDANT SEJAL MEHTA**


/s/ *Robert J. Swift*
D. Bowen Berry
Texas State Bar No. 02233280
bberry@settlepou.com
Gary D. Lykins
Texas State Bar No. 12715600
glykins@settlepou.com
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
Tel: 214-520-3300
Fax: 214-526-4145

Robert J. Swift
Texas State Bar No. 19585700
robert.swift@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suire 5100
Houston, TX 11010
Tel: 713-651-5151

**ATTORNEYS FOR DEFENDANT GARY MALONE**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the meet and confer requirement in Local Rule CV-7(h). In the weeks prior to filing this Motion, I conferred with Plaintiffs' counsel, John Burkhead, by telephone on multiple occasions regarding the relief requested in the foregoing motion. The parties were unable to reach an agreement, and, as such, Mr. Burkhead stated that Plaintiffs are opposed to the relief requested in the foregoing motion. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Eric W. Hines*_____
Eric W. Hines

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the ECF System on this 10th day of February, 2020.

*/s/ Chad M. Nelson*_____
Chad M. Nelson