# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BARBARA MEIER, *et al.* § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00615 |
| § | Judge Mazzant |
| UHS OF DELAWARE, INC., *et al.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are twelve motions for summary judgment (Dkt. #301; Dkt. #302; Dkt. #303; Dkt. #308; Dkt. #309; Dkt. #310; Dkt. #313; Dkt. #314; Dkt. #315; Dkt. #321; Dkt. #332; Dkt. #334). Having considered the motions and the relevant pleadings, the Court finds that eleven of the motions (Dkt. #301; Dkt. #303; Dkt. #308; Dkt. #309; Dkt. #310; Dkt. #313; Dkt. #314; Dkt. #315; Dkt. #321; Dkt. #332; Dkt. #334) should be granted in part and denied in part. The remaining motion (Dkt. #302) should be denied.

## BACKGROUND

On August 1, 2018, Plaintiff Meier filed her First Amended Petition in the 158th Judicial District Court of Denton County, Texas (Dkt. #1 ¶ 3). On August 27, 2018, Defendant UHS of Delaware, Inc. removed the case to this Court (Dkt. #1).

On October 1, 2018, Plaintiff Meier filed her First Amended Complaint in this Court, adding Plaintiffs Madison Hough, Jason Hough, Govinda Hough, Crowell, Harvey, McPherson, Stokes, and Young (Dkt. #11 ¶ 1). Plaintiff Meier also added as Defendants: Universal Health Services, Inc.; Dr. Sabahat Faheem; Kenneth Chad Ellis; Millwood Hospital LP; Dr. Sejal Mehta; Dr. Gary Malone; Alan B. Miller; Universal Physicians, P.A.; Dr. Says LLC; MD Reliance, Inc.; Office Winsome, LLC; Dr. Yupo Jesse Chang; Yung Husan Yao; Dr. Quingguo Tao; Dr. Harmanpreet Buttar; Behavioral Health Management, LLC; Dr. Jamal Rafique; Hickory Trail

Hospital, LP; Behavioral Health Connections, Inc.; Jan Arnett; and Wendell Quinn (Dkt. #11 ¶¶ 2–9).[1]

On April 26, 2019, without receiving leave of court, Plaintiffs filed a Second Amended Complaint, adding Plaintiffs Diane Creel, Lynn Creel, and Jalisa Green (Dkt. #130 ¶¶ 4, 5(j)–(k)).[2] Plaintiffs also added Defendant Dr. Timothy Tom (Dkt. #130 ¶¶ 4, 10(e)).

On May 28, 2019, Plaintiffs requested leave to file their Third Amended Complaint (Dkt. #182). Plaintiffs maintained that the new complaint did not add new defendants or causes of action but simply accounted for new factual and procedural developments (Dkt. #182 at p. 1). Plaintiffs also attempted to address issues that were raised by Defendants' motions to dismiss Plaintiffs' prior complaints (Dkt. #182 at p. 1). The Court granted Plaintiffs leave to file their Third Amended Complaint (Dkt. #197).

Under the operative, Third Amended Complaint, Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants (Dkt. #183 at pp. 55–56). Plaintiffs' RICO claim is their primary claim, and it is based on Plaintiffs' allegations that Defendants "engaged in racketeering activities and conspired to fraudulently admit and detain patients in four hospitals" (Dkt. #183 ¶ 4). Plaintiffs then allege as "counts in the alternative" violations of the Rehabilitation Act; violations of the Texas Deceptive Trade Practices Act ("DTPA"); violations of the Texas Health and Safety Code; violations of the Texas Mental Health Code; False Imprisonment; Civil Conspiracy; Negligence; Gross Negligence; and violations of the Texas Civil Practice and Remedies Code (Dkt. #183 at pp. 90–111).[3]

---

[1] Plaintiffs voluntarily dismissed Defendant Miller from the case on December 20, 2018 (Dkt. #30).

[2] Plaintiffs note they requested leave to amend in their responses to Defendants' motions to dismiss (Dkt. #157 at pp. 1–2).

[3] Though not causes of action, Plaintiffs also list Respondeat Superior and Exemplary Damages Cap Busting as "counts in the alternative." *E.g.*, *Turner v. Upton Cty.*, 915 F.2d 133, 138 n.7 (5th Cir. 1990) (stating that respondeat

After Plaintiffs filed their Third Amended Complaint, Defendants filed eleven separate motions to dismiss (Dkt. #202; Dkt. #204; Dkt. #206; Dkt. #207; Dkt. #208; Dkt. #209; Dkt. #210; Dkt. #211; Dkt. #212; Dkt. #213; Dkt. #214). The Court denied all eleven motions (Dkt. #381).

Defendants then filed twelve separate motions for summary judgment as follows:

- On October 11, 2019, Defendant Gary Malone filed a Motion for Summary Judgment (Dkt. #301). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including Defendant Malone's motion (Dkt. #378). Defendant Malone filed a reply on December 9, 2019 (Dkt. #395).

- On October 11, 2019, Defendants Mayhill Hospital, Millwood Hospital, Hickory Trail Hospital, Behavioral Hospital of Bellaire, and Kenneth Chad Ellis (collectively, "Hospital Defendants") filed their Motion for Summary Judgment (Dkt. #302). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including the Hospital Defendants' motion (Dkt. #378). The Hospital Defendants filed a reply on December 9, 2019 (Dkt. #402).

- On October 11, 2019, Defendant Sejal Mehta filed a Motion for Summary Judgment (Dkt. #303). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including Defendant Mehta's motion (Dkt. #378). Defendant Mehta filed a reply on December 9, 2019 (Dkt. #394).

- On October 11, 2019, Defendant Harmanpreet Buttar filed a Motion for Summary Judgment (Dkt. #308). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including Defendant Buttar's motion (Dkt. #378). Defendant Buttar filed a reply on December 9, 2019 (Dkt. #397).

- On October 11, 2019, Defendant Timothy Tom filed a Motion for Summary Judgment (Dkt. #309). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including Defendant Tom's motion (Dkt. #378). Defendant Tom filed a reply on December 9, 2019 (Dkt. #397).

- On October 11, 2019, Defendant Quingguo Tao filed a Motion for Summary Judgment (Dkt. #310). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including Defendant Tao's motion (Dkt. #378). Defendant Tao filed a reply on December 9, 2019 (Dkt. #397).

- On October 11, 2019, Defendant Sabahat Faheem filed a Motion for Summary Judgment (Dkt. #313). On November 25, 2019, Plaintiffs filed an omnibus response

---

superior itself is not a cause of action); *Sulzer Carbomedics, Inc. v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (stating that a claim for punitive damages is not a separate cause of action).

to all Defendants' motions for summary judgment, including Defendant Faheem's motion (Dkt. #378). Defendant Faheem filed a reply on December 9, 2019 (Dkt. #399).

- On October 11, 2019, Yupo Jesse Chang, Universal Physicians, PA, Dr. Says, LLC, MD Reliance, Inc., and Office Winsome, LLC (collectively, "Chang Defendants") filed their Motion for Summary Judgment (Dkt. #314). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including the Chang Defendants' motion (Dkt. #378). The Chang Defendants filed a reply on December 9, 2019 (Dkt. #400).

- On October 11, 2019, Defendant Yung Husan Yao filed a Motion for Summary Judgment (Dkt. #315). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including Defendant Yao's motion (Dkt. #378). Defendant Yao filed a reply on December 9, 2019 (Dkt. #401).

- On October 11, 2019, Defendants Behavioral Health Connections, Inc. ("BHC"), Jan Arnett, and Wendell Quinn (collectively, "BHC Defendants") filed their Motion for Summary Judgment (Dkt. #321). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including the BHC Defendants' motion (Dkt. #378). The BHC Defendants filed a reply on December 9, 2019 (Dkt. #398).

- On October 15, 2019, Defendants Universal Health Services, Inc. and UHS of Delaware, Inc. (collectively, "UHS Defendants") filed their Motion for Summary Judgment (Dkt. #332). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including UHS Defendants' motion (Dkt. #378). UHS Defendants filed a reply on December 9, 2019 (Dkt. #398).

- On October 16, 2019, Defendant Jamal Rafique filed a Motion for Summary Judgment (Dkt. #334). On November 25, 2019, Plaintiffs filed an omnibus response to all Defendants' motions for summary judgment, including Defendant Rafique's motion (Dkt. #378). Defendant Rafique filed a reply on December 9, 2019 (Dkt. #396).

Plaintiffs then filed ten individual sur-replies with exhibits and evidence attached (Dkt. #415; Dkt. #416; Dkt. #417; Dkt. #418; Dkt. #419; Dkt. #420; Dkt. #421; Dkt. #422; Dkt. #423; Dkt. #424).[4] In order to allow Defendants to respond to Plaintiffs' late-filed evidence, the Court granted Defendants the ability to file a sur-sur-reply (Dkt. #503). Several of the Defendants filed sur-sur-replies on February 7, 2020 (Dkt. #533; Dkt. #535; Dkt. #538; Dkt. #539; Dkt. #540; Dkt. #541; Dkt. #542; Dkt. #543; Dkt. #544).

---

[4] Plaintiffs also filed a Notice of Clarification Regarding Their MSJ Response on December 6, 2019 (Dkt. #389).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at

248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The summary-judgment record is—at best—chaotic. The Court encouraged Defendants at the motion-to-dismiss stage to file one consolidated motion moving forward (Dkt. #197 at p. 2 n.2). Ignoring the Court's request, Defendants chose to file twelve motions for summary judgment, many with overlapping issues and arguments.

Plaintiffs then filed a sixty-two page response with no summary-judgment evidence attached to support their arguments. Realizing this error, Plaintiffs filed a Notice of Clarification and then filed ten individual sur-replies with evidence attached. The Court gave Defendants leave to file a sur-sur-reply to cure any prejudice caused by Plaintiffs' untimely submitted evidence. Defendants took advantage of the Court's offer and filed nine sur-sur-replies.

Several of Plaintiffs' claims—Plaintiffs' Rehabilitation Act claims against individual defendants and all of Plaintiff Meier's non-RICO claims—are, as a matter of law, ripe for

dismissal. Plaintiffs' remaining claims, whatever their actual merit at trial, are not suitable for dismissal at the summary-judgment stage.

## I. Rehabilitation Act Claims

Plaintiffs assert Rehabilitation Act claims against all Defendants, including against Defendants Jamal Rafique, Gary Malone, Sejal Mehta, Sabahat Faheem, Quingguo Tao, Harmanpreet Buttar, Yupo Jesse Chang, Yung Husan Yao, and Timothy Tom individually (Dkt. #183 ¶¶ 22–23). In order to have a prima facie case of discrimination under the Rehabilitation Act, Plaintiffs must show:

> (1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has . . . been denied benefits from, or otherwise been subject to discrimination under such program or activity.

*Hay v. Thaler*, 470 F. App'x 411, 417–18 (5th Cir. 2012) (per curiam) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004)).

As a matter of law, the Rehabilitation Act does not allow Plaintiffs to hold individual defendants personally liable for alleged violations. *Hay*, 470 F. App'x at 417 n.19 (citing *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999)); *see also Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018) ("We note that the ADA cannot be assessed against an individual . . . .") (citing *Hay*, 470 F. App'x at 417 n.19); *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) ("The RA and the ADA are judged under the same legal standards, and the same remedies are available under both Acts.").

Yet, Plaintiffs state that "Rehabilitation Act claims can proceed against an individual" (Dkt. #378 at p. 5). Plaintiffs provide no citation or legal analysis from cases within the Fifth Circuit to support this statement, nor do Plaintiffs dispute the fact that they sued several Defendants in their individual capacities. *See* (Dkt. #378 at p. 44). Accordingly, Plaintiffs' Rehabilitation Act

claims against Defendants Jamal Rafique, Gary Malone, Sejal Mehta, Sabahat Faheem, Quingguo Tao, Harmanpreet Buttar, Yupo Jesse Chang, Yung Husan Yao, and Timothy Tom—all named individually by Plaintiffs' Third Amended Complaint (Dkt. #183 ¶¶ 22–23)—are dismissed with prejudice.[5]

## II. Statute of Limitations on Plaintiff Meier's Non-RICO claims

Defendant Buttar, Defendant Tom, Defendant Tao, Defendant Faheem, the Chang Defendants, Defendant Yao, and the UHS Defendants all assert that Plaintiff Meier's non-RICO claims are barred by a two-year statute of limitations (Dkt. #308; Dkt. #309; Dkt. #310; Dkt. #313; Dkt. #314; Dkt. #315; Dkt. #332). The Court agrees.

Defendant Buttar, Defendant Tom, Defendant Tao, Defendant Faheem, the Chang Defendants, and Defendant Yao argue that because Plaintiff Meier's claims against them are health-care liability claims, the two-year statute of limitations is governed by Texas Civil Practice & Remedies Code, section 74.251. *See* Tex. Civ. Prac. & Rem. Code § 74.251 ("no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed . . . .").

The UHS Defendants assert that for Plaintiff Meier's claims against them, the two-year statute of limitations is governed by Texas Civil Practice & Remedies Code, section 16.003. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) ("a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").

Plaintiff Meier provides no discussion regarding what the applicable statute of limitations is for her claims. And since the Court finds that Plaintiff Meier's claims are time barred under the

---

[5] Additionally, as the Court will address in the next section, Plaintiff Meier's Rehabilitation Act claim against all Defendants is also barred by the statute of limitations as a matter of law. *Infra* II.

application of either provision, it need not decide whether it is section 74.251 or section 16.003 that applies.

Plaintiff Meier does not dispute that—under both section 74.251 and section 16.003—her state-law claims accrued when she was allegedly injured during her four-day stay at Mayhill, which ended on December 22, 2015. *E.g.*, (Dkt. #332 at p. 35). Rather, Plaintiff Meier claims that the limitations period was tolled because she "has been under a legal disability." (Dkt. #416 at p. 5) (citing Tex. Civ. Prac. & Rem. Code § 16.001). The only disability Plaintiff Meier points to is multiple sclerosis (Dkt. # 378 at p. 61; Dkt. #416 p. 1; Dkt. #416, Exhibit 1 at p. 32).[6] As a matter of law, Plaintiff Meier may not use section 16.001 to toll the statute of limitations on her non-RICO claims.

First, Texas law does not allow claims governed by section 74.251's two-year statute of limitations to be tolled by section 16.001. *See* Tex. Civ. Prac. & Rem. Code § 74.251 ("Except as herein provided this section applies to all persons regardless of . . . legal disability."); *see also Broderick v. Universal Health Servs., Inc.*, No. 05-16-01379-CV, 2018 WL 1835689, at \*4 (Tex. App.—Dallas Apr. 18, 2018, no pet.) (citing *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 784 (Tex. 2007)). So, Plaintiff Meier's tolling argument—the *one* argument she offers to explain why her claims are not time barred—is not even applicable to any claims governed by section 74.251. To the extent that Plaintiff Meier's claims are governed by section 74.251, the inquiry ends here in dismissal of Plaintiff Meier's non-RICO claims.

Assuming without deciding that Plaintiff Meier's non-RICO claims are instead governed by section 16.003, the statute of limitations may be tolled by section 16.001. In order to toll the

---

[6] To the extent that Plaintiff Meier included additional disabilities in her unverified Third Amended Complaint, she did not point the Court to any evidence of them at the summary-judgment phase. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("[B]ecause [the complaint] is unverified, it does not constitute competent summary judgment evidence.").

statute of limitations under section 16.001, a plaintiff must be "under a legal disability"—"legal disability" means that the plaintiff is either eighteen years old or younger or "of unsound mind." Tex. Civ. Prac. & Rem. Code § 16.001. Texas courts have held that "[g]enerally, persons of unsound mind and insane persons are synonymous." *Freeman v. Am. Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citation omitted). As such, this tolling provision reflects an intent "to protect persons without access to the courts and [] to protect persons who are unable to participate in, control, or understand the progression and disposition of their lawsuit." *Id.* (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993)).

Plaintiff Meier's one-line response to the statute-of-limitations argument is: "Dr. Faheem's testimony creates a fact issue by itself." (Dkt. #378 at p. 61). The portion of Defendant Faheem's deposition that Plaintiff Meier cites contains the following exchange:

> Q. Can we agree that Barbara Meier had a disabling condition called multiple sclerosis when she was admitted to Mayhill?
>
> A. Yes.

(Dkt. #378 at p. 61; Dkt. #416, Exhibit 1 at p. 32).

Plaintiff Meier—though not connecting the dots herself until her sur-reply—apparently believes that multiple sclerosis constitutes a "legal disability" under section 16.001 (Dkt. #416 at p. 5). But Plaintiff Meier does not explain how multiple sclerosis caused her to be of "unsound mind." Nor does Plaintiff Meier explain how she was unable to participate in, control, or understand the progression and disposition of [her] lawsuit. And without being able to rely on the unsound-mind tolling theory, Plaintiff Meier's non-RICO claims are time barred under section 16.003's two-year limitations period. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) ("a person

must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").[7]

Accordingly, all of Plaintiff Meier's non-RICO claims against Defendant Buttar, Defendant Tom, Defendant Tao, Defendant Faheem, the Chang Defendants, Defendant Yao, and the UHS Defendants—regardless of whether the limitations period under section 74.251 or section 16.001 governs—are dismissed with prejudice.

### III. RICO Claim

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no genuine issue of material fact as to Plaintiffs' RICO claim entitling Defendants to judgment as a matter of law. Accordingly, the Court finds that Defendants' motions should be denied with regard to Plaintiffs' RICO claim.

### IV. Various State-Law Claims

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no genuine issue of material fact as to Plaintiffs' various state-law claims entitling Defendants to judgment as a matter of law. Accordingly, the Court finds that Defendants' motions should be denied with regard to Plaintiffs' various state-law claims.[8]

### CONCLUSION

It is therefore **ORDERED** that:

- Defendant Malone's Motion for Summary Judgment (Dkt. #301);

---

[7] This includes her Rehabilitation Act claims. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir. 1992) ("Because we perceive no antagonism between federal law and the application of section 16.003(a), we hold that . . . section 16.003(a) [is] the statute of limitations applicable to [Plaintiff Meier's] Rehabilitation Act claim.").

[8] Of course, this is with the exception of Plaintiff Meier's state-law claims against Defendant Buttar, Defendant Tom, Defendant Tao, Defendant Faheem, the Chang Defendants, Defendant Yao, and the UHS Defendants, which are time barred and dismissed with prejudice.

11

- Defendant Mehta's Motion for Summary Judgment (Dkt. #303);

- Defendant Buttar's Motion for Summary Judgment (Dkt. #308);

- Defendant Tom's Motion for Summary Judgment (Dkt. #309);

- Defendant Tao's Motion for Summary Judgment (Dkt. #310);

- Defendant Faheem's Motion for Summary Judgment (Dkt. #313);

- The Chang Defendants' Motion for Summary Judgment (Dkt. #314);

- Defendant Yao's Motion for Summary Judgment (Dkt. #315);

- The BHC Defendants' Motion for Summary Judgment (Dkt. #321);

- UHS's Motion for Summary Judgment (Dkt. #332); and

- Defendant Rafique's Motion for Summary Judgment (Dkt. #334), are hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that The Hospital Defendants' Motion for Summary Judgment (Dkt. #302) is **DENIED**.

Accordingly, it is **ORDERED** that Plaintiffs' Rehabilitation Act claims against individual Defendants Jamal Rafique, Gary Malone, Sejal Mehta, Sabahat Faheem, Quingguo Tao, Harmanpreet Buttar, Yupo Jesse Chang, Yung Husan Yao, and Timothy Tom are **DISMISSED with prejudice**.

It is further **ORDERED** that all of Plaintiff Meier's claims against Defendant Buttar, Defendant Tom, Defendant Tao, Defendant Faheem, the Chang Defendants, Defendant Yao, and the UHS Defendants—except for Plaintiff Meier's RICO claim—are **DISMISSED with prejudice**.

**SIGNED this 11th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE