IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:18-cv-00615-ALM |
| | § | |
| UHS OF DELAWARE, INC., *et al.*, | § | |
|     Defendants. | § | |

**PLAINTIFFS' NOTICE TO COURT OF RESULTS OF PRETRIAL CONFERENCES ON WITNESSES, EXHIBITS, AND DEPOSITION DESIGNATIONS**

1. **Witness Objections**

All parties filed their proposed witness lists with the pretrial order. Plaintiffs filed no objections to the Defendants witness lists. The Chang Defendants and Defendants Buttar, Tom, and Tao were the only Defendants that objected to Plaintiffs' Witness List (collectively, "the witness list objectors").

Plaintiffs conferred with the witness list objectors and provided a proposed amended witness list, which set out which witnesses may be called and will be called and removed several witnesses to whom the witness list objectors had objected, including witnesses who were designated by one or more co-defendants. This proposed amended witness list was circulated to counsel for all parties.

The UHS Defendants promptly advised the Plaintiffs of their objections to Allen Miller, Steve Filton, and Mia Meloni who were specifically listed as "may call" witnesses on the proposed amended witness list.

Plaintiffs' counsel again conferred with the witness list objectors over the phone and received an updated set of objections to witnesses. Plaintiffs received proposed amended

objections to the amended witness list. Plaintiffs' counsel again conferred with Dana Morgan to further discuss the objections.

**Plaintiffs modified the proposed witness list, and have attached it as an exhibit to this filing.** Plaintiffs understand that Dana Morgan will be filing objections in the morning. Apart from a few witnesses who the objectors assert were not timely disclosed, the primary thrust of the objections is because of an alleged lack of interaction with Bill Crowell, Madison Hough, or Sandra Stokes by the witness list objectors. Plaintiffs note that counsel for Faheem has advised Plaintiffs that they intend to object to witnesses on what is essentially the same basis—Faheem's lack of interaction with Plaintiffs other than Stokes, Hough, or Meier. No other defendant has advised of additional objections to witnesses.

2. **Exhibit Objections.**

All parties filed their proposed exhibit lists with the pretrial order. Plaintiffs objected to a limited number of exhibits, and those have been provided to the Court. One or more Defendants objected to *every* exhibit Plaintiffs proposed, despite some of those same exhibits being contained on the lists of one or more co-defendants. The parties conferenced and agreed to revisit Plaintiffs' exhibit list. Plaintiffs provided a proposed amended exhibit list, which cut the proposed number of trial exhibits from Plaintiffs by approximately 2/3rds **(the amended exhibit list is attached to this filing)**. Despite this effort, it seems that at least one Defendant maintains an objection to each of the Plaintiffs exhibits. Plaintiffs understand that Defendants will file an updated list of objections to the exhibits.

The individual physicians appear to want nine separate trials. Plaintiffs have been informed that the Defendants cannot agree to and will object to the introduction of evidence related to any other Plaintiff-group's claims as being irrelevant and unduly prejudicial. Plaintiffs

contend that the claims of all Plaintiffs are properly before the court, are related because they involve the same underlying racketeering activity, and would be otherwise admissible under rule 404. Alternatively, Plaintiffs invited Defendants to propose a limiting instruction, but no proposed limiting instruction has been provided.

### 3. Deposition Designations

Plaintiffs proposed a process to address the very large number of objections to deposition designations. Specifically, the parties will identify, 48 hours prior to calling the witness by deposition, the portions of the deposition that they wish to play and within 24 hours the parties must meet and confer on objections and submit them to the Court for ruling. No Defendant has advised that they are opposed to this process, and every Defense counsel to whom Plaintiffs have spoken to about the proposal has not indicated any opposition and has voiced agreement.

Respectfully submitted,

/s/ *John Tindall Burkhead*
John Tindall Burkhead
State Bar No. 24072010
jburkhead@flbranson.com
THE LAW OFFICES OF FRANK L. BRANSON, P.C.
Highland Park Place
4514 Cole Avenue, 18th Floor
Dallas, Texas 75205
Tel: (214) 522-0200
Fax: (214) 521-5485

/s/ *Martin J. Cirkiel*
Martin J. Cirkiel
State Bar No. 00783829
marty@cirkielaw.com
CIRKIEL & ASSOCIATES, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
Tel: (512) 244-6658
Fax: (512) 244-6014

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the CM/ECF System on this 26th day of February, 2020.

/s/ *John Tindall Burkhead*
John Tindall Burkhead