# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, *et al.* | § | |
| | § | |
| v. | § | Civil Action No.  4:18-cv-00615 |
| | § | Judge Mazzant |
| UHS OF DELAWARE, INC., *et al.* | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are Defendants' Joint Motion to Strike Plaintiffs' Supplemental Designation of Retained Expert, Mark Blotcky, M.D. (Dkt. #605) and Joint Motion to Strike Plaintiffs' Supplemental Designation of Retained Expert Rebecca Busch (Dkt. #606).  Having considered the motions and the relevant pleadings, the Court finds that both motions should be denied.

## BACKGROUND

Under the operative, Third Amended Complaint, Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants (Dkt. #183 at pp. 55–56).  Plaintiffs' RICO claim is their primary claim, and it is based on Plaintiffs' allegations that Defendants "engaged in racketeering activities and conspired to fraudulently admit and detain patients in four hospitals" (Dkt. #183 ¶ 4).  Plaintiffs then allege as "counts in the alternative" violations of the Rehabilitation Act; violations of the Texas Deceptive Trade Practices Act ("DTPA"); violations of the Texas Health and Safety Code; violations of the Texas Mental Health Code; False Imprisonment; Civil Conspiracy; Negligence; Gross Negligence; and violations of the Texas Civil Practice and Remedies Code (Dkt. #183 at pp. 90–111).[1]

---

[1] Though not causes of action, Plaintiffs also list Respondeat Superior and Exemplary Damages Cap Busting as "counts in the alternative."  *E.g.*, *Turner v. Upton Cty.*, 915 F.2d 133, 138 n.7 (5th Cir. 1990) (stating that respondeat

The Court previously granted in part and denied in part Defendants' motions to strike Dr. Mark Blotcky and Rebecca M.S. Busch, reasoning that the expert disclosures for these two witnesses were insufficient but that supplementation would cure any prejudice (Dkt. #581 at pp. 9–12). The Court also refused to strike these two experts based on Defendants' *Daubert* challenges—the Court reasoned that "cross examination—not exclusion—is the proper means for Defendants to attack the bases and sources of [the experts'] opinion[s]" (Dkt. #581 at pp. 11, 13).

On March 25, 2020—after Plaintiffs supplemented Dr. Mark Blotcky and Rebecca M.S. Busch's expert reports—Defendants filed their Joint Motion to Strike Plaintiffs' Supplemental Designation of Retained Expert, Mark Blotcky, M.D. (Dkt. #605) and Joint Motion to Strike Plaintiffs' Supplemental Designation of Retained Expert Rebecca Busch (Dkt. #606). Plaintiffs responded on April 8, 2020 (Dkt. #608). Defendants replied on April 15, 2020 (Dkt. #609).

## LEGAL STANDARD

Parties must make timely expert-witness disclosures within the deadlines set by the Court's Scheduling Order. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019) (citing FED. R. CIV. P. 26(a)(2)(Dkt. #)). "A district court may grant a party leave to supplement an expert's report after the deadline in the scheduling order has expired, but only if good cause is shown under Rule 16(b)." *Id.*

The Court considers four factors is evaluating whether good cause exists: (1) the explanation for the failure to timely disclose; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

---

superior itself is not a cause of action); *Sulzer Carbomedics, Inc. v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (stating that a claim for punitive damages is not a separate cause of action).

## ANALYSIS

### I.    Mark Blotcky

Plaintiffs provide a relatively accurate summary of Defendants' argument with respect to Dr. Blotcky: Defendants complain that because Dr. Blotcky did not review evidence Defendants believe he needed to, Dr. Blotcky's expert opinions are conclusory, unsubstantiated, and should be struck under Federal Rule of Civil Procedure 26 (Dkt. #605; Dkt. #608 at p. 4).

Defendants complain that Dr. Blotcky should be struck for his failure to "review all relevant and material evidence in formulating his opinions"; for failing to "take all relevant evidence into account"; for failing to review contradictory evidence regarding causation; and for failing to account for "volumes of records [that] spell out the obvious" (Dkt. #605 at pp. 4, 7–8, 11).   Defendants argue that based on these defects, "Dr. Blotcky's opinions are uninformed, incomplete, and insufficient to comply with the requirements of Rule 26" (Dkt. #605 at p. 12). The Court disagrees.

Defendants' do not bring a *Daubert* challenge, but instead claim that Dr. Blotcky was not properly disclosed under Rule 26.   For retained or specially employed experts—which Plaintiffs do not contest Dr. Blotcky is—a party must disclose the following information in its expert report:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B).

Despite framing this as a disclosure challenge, Defendants' argument focuses on what Defendant believes Dr. Blotcky should have reviewed but did not in forming his conclusions. Defendants do not explain how the fact that they disagree with Dr. Blotcky's conclusions and believe those conclusions are unsupported by the evidence is grounds for the Court to find that Dr. Blotcky was not properly disclosed under Rule 26.  And indeed, based on Defendants' argument, the Court cannot find any violation of Rule 26.

Not to mention that "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).  Indeed, cross examination is preferred because "[i]t is the role of the adversarial system, not the court, to highlight weak evidence . . . ." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *see also Mobility Workx, LLC v. Cellco P'ship*, 4:17-CV-00872, 2019 WL 5721814, at *6 (E.D. Tex. Nov. 5, 2019).

The heart of Defendants' challenge—regardless of how Defendants chose to characterize it—is that Dr. Blotcky's alleged failure to review all relevant evidence undermines his conclusions. *See* (Dkt. #605).  Defendants can and should address this during cross examination.  But the Court does not find that Dr. Blotcky was improperly disclosed under Rule 26.

## II.   Rebecca M.S. Busch

Defendants argue—just as they did in their first motion to strike Ms. Busch—that Ms. Busch is unqualified to give her expert opinions here (Dkt. #392 at p. 10; Dkt. #606 at p. 4). Defendants also claim Ms. Busch should be stricken because there is evidence that contradicts her conclusions.  *See* (Dkt. #606 at p. 4) ("Again, Ms. Busch opines that the 'medical records do not adequately justify' the need to admit any patient based on the absence—among other things—of

4

'suicidal ideation' (Dkt. No. 598- 2, at 18-19). . . . Because this opinion by Ms. Busch is directly refuted by the data on which it is based—Plaintiffs' medical records from providers other than Defendant Hospitals—it is an improper conclusory opinion . . .").  And just as Defendants did in their latest motion to strike Dr. Blotcky, Defendants oddly frame this challenge as a Rule 26, expert-disclosure issue rather than a *Daubert* challenge (Dkt. #606 at p. 3).

As Plaintiffs correctly point out (Dkt. #608 at p. 2)—and as this Court already addressed in rejecting Defendants' nearly identical challenge (Dkt. #581 at p. 13)—Defendants' concern goes to the weight of Ms. Busch's testimony and can be addressed during cross examination.  Nor does the Court see how Defendants' argument that Ms. Busch is "unqualified as a matter of law" is a proper Rule 26 challenge.  But in any event, "questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."  *14.38 Acres of Land*, 80 F.3d at 1077 (quoting *Viterbo*, 826 F.2d at 422).  Indeed, cross examination is preferred because "[i]t is the role of the adversarial system, not the court, to highlight weak evidence . . . ."  *Primrose Operating Co.*, 382 F.3d at 562; *see also Mobility Workx, LLC*, 2019 WL 5721814, at *6.

The Court does not find that Ms. Busch was improperly disclosed under Rule 26.  "[C]ross examination—not exclusion—is the proper means for Defendants to attack the bases and sources of Ms. Busch's opinion.  Accordingly, the Court will not strike Ms. Busch's opinions" (Dkt. #581 at p. 13).[2]

---

[2] Because the Court finds that both Dr. Blotcky and Ms. Busch's supplemental expert reports survive Defendants' challenges, the Court does not address the *Geiserman* factors.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Joint Motion to Strike Plaintiffs' Supplemental Designation of Retained Expert, Mark Blotcky, M.D. (Dkt. #605) and Joint Motion to Strike Plaintiffs' Supplemental Designation of Retained Expert Rebecca Busch (Dkt. #606) are hereby **DENIED**.

**SIGNED this 28th day of May, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE