# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:18-CV-00615<br>Judge Mazzant |
| UHS OF DELAWARE, INC., *et al.*, | § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Joint Motion to Exclude Deposition Testimony and Documents and Materials Produced by Ashok Jain, M.D. (Dkt. #789). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be granted in part and denied in part.

### BACKGROUND

Under the operative Complaint, Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants (Dkt. #183 at pp. 55–56). Plaintiffs' RICO claim is their primary claim, and it is based on Plaintiffs' allegations that Defendants "engaged in racketeering activities and conspired to fraudulently admit and detain patients in four hospitals" (Dkt. #183 ¶ 4). Plaintiffs then allege as "counts in the alternative" violations of the Rehabilitation Act; violations of the Texas Deceptive Trade Practices Act ("DTPA"); violations of the Texas Health and Safety Code; violations of the Texas Mental Health Code; False

Imprisonment; Civil Conspiracy; Negligence; Gross Negligence; and violations of the Texas Civil Practice and Remedies Code (Dkt. #183 at pp. 90–111).[1]

On May 12, 2021, Defendants filed the present motion (Dkt. #789). On May 19, 2021, Plaintiffs filed a response (Dkt. #810). On May 20, 2021, the Court held a final pretrial conference, and Defendants' motion was taken under advisement.

## ANALYSIS

Defendants ask the Court to exclude the deposition testimony of Dr. Ashok Jain ("Dr. Jain"). Defendants also seek exclusion of the documents and materials produced in response to the subpoena *duces tecum* issued to Dr. Jain prior to his deposition. In support of their requests, Defendants assert that the information at issue is irrelevant and objectionable under Rule 403. Alternatively, Defendants ask the Court for an allowance to "designate deposition testimony from Dr. Jain as Defendants deem necessary to support their defenses" (Dkt. #789 at p. 5).

Plaintiffs respond that Dr. Jain's testimony, along with the documents and materials produced by Dr. Jain in accordance with the subpoena *duces tecum*, are relevant for several reasons. First, Plaintiffs contend that Dr. Jain has relevant evidence to authenticate "a number of exhibits[,]" including "[Dr.] Jain's complaint, a letter to [Behavioral Hospital of Bellaire ("BHB")]'s CEO that memorialize [Dr.] Jain's complaints about what was going on at the hospital, a tracking document that reveals that [Dr. Jamal Rafique ("Dr. Rafique")] and [Dr.] Jain both were being monitored for the amount of insurance they were utilizing, and audio files of [Dr.] Rafique and the admissions director at BHB that contain devastating admissions" (Dkt. #810 at p. 2). Further, Plaintiffs claim that Dr. Jain has relevant information to prove both wire fraud and

---

[1] Though not causes of action, Plaintiffs also list Respondeat Superior and Exemplary Damages Cap Busting as "counts in the alternative." *E.g.*, *Turner v. Upton Cty.*, 915 F.2d 133, 138 n.7 (5th Cir. 1990) (stating that respondeat superior itself is not a cause of action); *Sulzer Carbomedics, Inc. v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (stating that a claim for punitive damages is not a separate cause of action).

extortion. Plaintiffs lastly assert that that Dr. Jain has relevant evidence to offer about: (1) Dr. Rafique and his role in the enterprise; and (2) the Chang Defendants and their role in the enterprise. Plaintiffs affirmatively ask the Court to unseal and find non-confidential Dr. Jain's testimony and the exhibits to his deposition.

I. **Exclusion of Dr. Jain's Testimony/Documents/Materials**[2]

Defendants essentially advance two arguments as to why Dr. Jain's testimony, and the applicable documents and materials produced for his deposition, should be excluded in their entirety. First, Defendants contend that the information is irrelevant. Second, Defendants argue that the information is inadmissible under Federal Rule of Evidence 403.

   a. **Relevance**

Federal Rules of Evidence 401 and 402 govern the relevancy of evidence. Rule 401 provides that "[r]elevent evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." FED. R. EVID. 401. Rule 401 also states that "[i]rrelevant evidence is not admissible." *Id.*

Within the same vein is Rule 402, which addresses the test for relevant evidence. Rule 402 provides that: "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 402. Notably, however, "the [relevance] bar is low[.]" *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 809 (5th Cir. 2017).

Defendants cite to several excerpts of Dr. Jain's deposition in support of their claim that, despite the low threshold established by Rule 402, Dr. Jain's testimony is irrelevant. Defendants

---

[2] For simplicity purposes, the Court will collectively refer to the testimony of Dr. Jain and the documents and materials produced in response to the subpoena *duces tecum* as "the testimony," unless otherwise noted.

3

specifically contend that: "(1) Dr. Jain does not have knowledge that is relevant in the instant matter due to his previous employment at [BHB] from 2011-2014; (2) Dr. Jain does not recall Diane Creel as a patient; (3) Dr. Jain could not provide any information about Diane Creel's hospitalization at [BHB]; (4) Dr. Jain failed to produce any medical records regarding any care and treatment of Diane Creel; and (5) Dr. Jain left [BHB] on or about February 4, 2014, well before any of the care and treatment at issue was provided to William Crowell or Diane Creel" (Dkt. #789 at p. 2). After consideration of the applicable law and the information provided by Dr. Jain, the Court finds none of the aforementioned justifications submitted by Defendants persuasive.

Dr. Jain may not have personal knowledge of the immediate Plaintiffs and the treatment each received. However, Plaintiffs allege more than healthcare liability, Texas Deceptive Trade Practices Act, and negligence claims—all of which would arguably revolve around the time frame of the Plaintiffs' treatment. Because Plaintiffs also allege RICO violations, the Court does not attempt to venture into the hypothetical situation of if Plaintiffs had only asserted the treatment-related claims.

" . . . '[T]he core of a RICO civil conspiracy is an agreement to commit predicate acts[.]'" *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992) (quoting with approval *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990)). The predicate acts alleged in the present action include fraud by wire, fraud by mail, and robbery or extortion. *See* 18 U.S.C. § 1961(1). Thus, Dr. Jain's testimony may be relevant if it tends to make the facts surrounding the alleged predicate acts more or less likely—despite whether Dr. Jain has personal knowledge surrounding the treatment of the individual Plaintiffs.

Looking at Dr. Jain's testimony in its entirety, the Court finds the information relevant. For instance, Dr. Jain testified at his deposition that "[his] understanding from the events . . . was

4

that Medicare patients were held longer than non[-]Medicare patients in the hospital" (Dkt. #789 at p. 15). Further, Dr. Jain insinuated that the BHB CEO had qualms with him because of his lack of profit-earning (*see* Dkt. #789 at p. 19). Dr. Jain also remembered problems surrounding the issuance of fraudulent warrants to ensure patient longevity at BHB (*see* Dkt. #789 at p. 21). This testimony, among similar statements, tend to make the existence of the alleged predicate acts—a necessary element of a RICO cause of action—more or less likely. Further, Dr. Jain testified as to at least two Defendants, Dr. Rafique and the Chang Defendants, and their actions in furtherance of the RICO conspiracy.

As to the temporal lapse between Dr. Jain's employment and Plaintiffs' admission to the respective medical facilities, a "pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5) (internal quotation marks omitted). Thus, Dr. Jain's employment in 2011 through, at minimum, 2013, qualify as being within the ten years required for racketeering activity. Thus, Plaintiffs' temporal argument is likewise unpersuasive. Because RICO is a primary contention brought by Plaintiffs, evidence that goes to the elements of the claim is certainly relevant and passes the Rule 402 threshold.

The Court acknowledges that Dr. Jain may not have information relevant to the other healthcare and negligence claims brought by Plaintiffs. In such an instance, and insofar as Dr. Jain does not have information regarding specific Defendants, a limiting instruction may be requested. However, a broad exclusion of Dr. Jain's testimony is inappropriate in light of the foregoing circumstances and after full consideration of all claims brought by Plaintiffs. The Court will now

determine what applicability, if any, Rule 403 has on Dr. Jain's testimony and the documents and materials produced.

### b. Rule 403

Federal Rule of Evidence provides one avenue for the exclusion of relevant evidence. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Defendants challenge Jain's testimony—as well as the documents and materials produced by Dr. Jain—on the basis that the evidence is unduly prejudicial, and the introduction of the information would both mislead the jury and waste the Court's time. However, as noted in the above section regarding relevance, the evidence goes to Plaintiffs' asserted RICO cause of action. Thus, the evidence would not, on its face, necessarily confuse or mislead the jury. Further, for the same reasons the testimony would not mislead the jury, the introduction of the evidence would not waste the Court's time. Thus, Defendants only viable Rule 403 argument stems from the danger of unfair prejudice.

The Court acknowledges that the evidence presented by Dr. Jain is prejudicial to Defendants. However, Rule 403 does not render *any* evidence that results in prejudice inadmissible. Rather, the probative value must be *substantially outweighed* by the danger of unfair prejudice.

"The court must determine . . . whether the prejudicial effect of the proposed evidence outweighs its probative value." *U.S. v. Zabaneh*, 837 F.2d 1249, 1264 (5th Cir. 1988) (first citing *U.S. v. Robinson*, 700 F.2d 205, 213 (5th Cir. 1983); and then citing *U.S. v. Beechum*, 582 F.2d

898, 911 (5th Cir. 1978)) (emphasis omitted). "To do so, the court must identify and weigh the potentially prejudicial effect of the proffered evidence." *Id.* at 1264–65. Importantly, however "unfair prejudice as used in Rule 403 is not to be equated with testimony that is merely adverse to the opposing party." *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) (internal quotation marks omitted). "Virtually all evidence is prejudicial; otherwise it would not be material." *Id.* Rather, "[t]he prejudice must be 'unfair.'" *Id.* (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)).

The evidence presented by Dr. Jain, and the testimony offered in Plaintiffs' deposition designations, has high probative value. Dr. Jain purportedly has firsthand knowledge of the existence of predicate acts tracing back between five and ten years before Plaintiffs were admitted to the relevant medical facilities. On the other side of Rule 403, the Court does not find the evidence to be unfairly prejudicial. The Hospital Defendants—whom Dr. Jain worked for—are still parties to the case. Defendants' argument that "Dr. Jain's testimony about conduct in 2011-2014—primarily by former Defendants and non-parties—has no bearing on these Defendants' actions in 2017[,]" is unpersuasive (Dkt. #789 at p. 4). As noted above, the time period is, in fact, relevant and probative—despite Defendants' contention otherwise. Because the time period and Jain's lack of personal knowledge as to the specific Plaintiffs remaining in the case apparently form the basis for Defendants' Rule 403 argument, the Court finds these objections inapposite and unconvincing.

## II. Defendants' Alternative Request for Cross-Designation of Deposition

Because Dr. Jain's testimony is both relevant under Rules 401 and 402 and, on its face, non-objectionable under Rule 403, the Court now moves to Defendants' alternative request.

7

Defendants seek the opportunity to "designate deposition testimony from Dr. Jain as Defendants deem necessary to support their defenses" (Dkt. #789 at p. 5).

Federal Rule of Civil Procedure 32 governs the use of depositions in court proceedings. Rule 32(a)(6) states that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." FED. R. CIV. P. 32(a)(6). Because any party may itself introduce any other parts of a deposition played at trial under Rule 32(a), the Court finds its appropriate to allow Defendants to designate Dr. Jain's deposition testimony as necessary.[3]

## III.  Propriety of Sealed Information[4]

Plaintiffs, in their response, ask the Court to unseal both the testimony of Dr. Jain and the exhibits attached to his deposition. In support of the request, Plaintiffs cite the purpose of the judicial system—a system that "purposefully exist[s] for more than dispute resolution" (Dkt. #810 at p. 8).[5]

The right to access judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (internal quotation marks omitted) (quoting *Littlejohn v. Bio Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)); *see Binh Hoa Le v. Exter Fin. Corp.*, 990 F.3d 410, 416–19

---

[3] The Court further recognizes that it is common practice to allow both parties to present relevant portions of a witness's deposition testimony.

[4] Plaintiffs first present their request in the response to Defendants' motion. Without considering the appropriateness of the vehicle through which Plaintiffs present their request, the Court analyzes whether Dr. Jain's testimony, and the accompanying exhibits, should be unsealed. The reason for the departure from the normal sequence of filings is exclusively due to the time restrictions and impending trial date.

[5] Notably, Plaintiffs did not oppose Defendants' Motion to File Under Seal Defendants' Joint Motion to Exclude Deposition Testimony and Documents and Materials Produced by Ashok Jain, M.D. (Dkt. #788).

(5th Cir. 2021) (explaining the origin and importance of this right). The right of access is not absolute, however, because "unsealing a document cannot be undone, for '[s]ecrecy is a one-way street' and '[o]nce information is published, it cannot be made secret again.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)).

As previously noted, Plaintiffs' request is presented in their response to Defendants' motion. Although Plaintiffs' request was not filed as an independent motion, the Court still finds it prudent to allow Defendants to file a response as to why the information should remain under seal.

However, the Court does note that any documents used in trial, as well as any deposition testimony played, will be unsealed at the time of presentation due to both the nature of the allegations and the public's continued interest in open courts.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Joint Motion to Exclude Deposition Testimony and Documents and Materials Produced by Ashok Jain, M.D. (Dkt. #789) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Defendants may designate portions of Dr. Jain's testimony as deemed necessary.

It is further **ORDERED** that Defendants shall file a response to Plaintiff's request to unseal Dr. Jain's testimony and the corresponding exhibits no later than Tuesday, May 25 at 12 p.m.

**IT IS SO ORDERED**.

 **SIGNED this 21st day of May, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE