# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DIANE CREEL and LYNN CREEL, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | Civil Action No.  4:18-CV-00615 |
| v. | § | Judge Mazzant |
| | § | |
| DR. SAYS, LLC, et al., | § | **SEALED** |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Settlement Credit (Dkt. #884). Having considered the pleadings and the relevant arguments, the Court finds the motion should be **GRANTED**.

## BACKGROUND

The elaborate facts of this case have been more fully set forth in the Court's Memorandum Opinion and Order denying Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. #897). Briefly, Diane Creel ("Diane") and Lynn Creel ("Lynn") (collectively, "the Creels" or "Plaintiffs") took this action to trial in May of 2021, alleging various causes of action based upon Diane's involuntary committal and stay at Behavioral Health of Bellaire ("BHB"). These causes of action included: (1) violation of the civil Racketeer Influenced and Corrupt Organization Act ("RICO"); (2) RICO conspiracy; (3) false imprisonment; (4) medical negligence; and (5) gross negligence. Plaintiffs sued several defendants, including Dr. Yupo Jesse Chang ("Chang"); Universal Physicians, PA; Dr. Says, LLC; MD Reliance, Inc.; Office Winsome, LLC; Yung Husan Yao ("Yao"); Dr. Timothy Tom ("Tom"); and Dr. Jamal Rafique ("Rafique") (collectively, the "Defendants").

At the outset of this case, there were thirteen plaintiffs and 26 defendants. Many plaintiffs settled their claims, and several defendants successfully motioned this Court for dismissal of claims against them. Ultimately, only the Creels went to trial, pursuing claims against the eight defendants listed in the preceding paragraph. On the eve of trial, the Creels settled with defendants UHS of Delaware, Inc. ("UHS") (and any other former UHS defendant) and Behavioral Health Management LLC d/b/a Behavioral Hospital of Bellaire ("BHB"). The settlement amount totaled $450,000 (Dkt. #876 at p. 2270).

The jury found all Defendants liable for RICO conspiracy; seven Defendants liable for the substantive RICO violation; and Defendants Rafique and Tom liable for medical negligence. The jury awarded Plaintiffs $300,000 in civil RICO damages; $379,500 in state law damages; and $1,320,500 in disgorgement[1] (Dkt. #850). Because the jury did not find Rafique liable for the substantive RICO violation, the Court granted in part Rafique's Motion for Judgment as a Matter of Law (Dkt. #885) and, accordingly, vacated the jury's finding that Rafique had conspired to violate RICO (Dkt. #896). Further, the Court denied the remaining Defendants' Motion for Judgment as a Matter of Law (Dkt. #881), upholding the jury's verdict against those Defendants for the substantive RICO violation and RICO conspiracy (Dkt. #897).

On August 2, 2021, Defendants filed the present Motion for Settlement Credit (Dkt. #884), asserting that, if the Court upheld the jury's verdict against Defendants, the Court should offset the damages awarded to Plaintiffs with the $450,000 settlement paid to Plaintiffs by UHS and BHB. Plaintiffs responded on August 23, 2021 (Dkt. #889), and Defendants replied on

---

[1] The jury's disgorgement award was only an advisory opinion. Because disgorgement is an equitable remedy, only the Court may award disgorgement after making formal findings of fact and conclusions of law. In its Memorandum Opinion and Order denying Defendants' Renewed Motion for Judgment as a Matter of Law, the Court determined that disgorgement is a legally recognized remedy for civil RICO or RICO conspiracy claims but declined to award any amount in disgorgement for Plaintiffs until both parties file proposed findings of fact and conclusions of law to assist the Court in its formal findings of fact and conclusions of law (Dkt. #897).

September 9, 2021 (Dkt. #891).

**LEGAL STANDARD**

Settlement credits are statutorily available in most states and incorporate the one-satisfaction rule, which is designed to "prevent a plaintiff from obtaining more than one recovery for the same injury." *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 107 (Tex. 2018). Texas statutorily recognizes settlement credits under Texas Civil Practice and Remedies Code § 33.012(b), which requires that a court "reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts of all settlements." Though the one-satisfaction rule is identical in both Texas and federal law, it is not codified by federal statute. "[T]he fundamental consideration . . . is whether the plaintiff has suffered a single, indivisible injury—not the causes of action the plaintiff asserts." *Id.* Therefore, "the rule applies both 'when the defendants commit the same act as well as when defendants commit technically differing acts which result in a single injury.'" *Sky View*, 555 S.W.3d at 107 (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991)).

"A defendant seeking a settlement credit has the burden to prove its right to such a credit." *Utts v. Short*, 81 S.W.3d 822, 828 (Tex. 2002) (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex. 1998)). "[T]o obtain a dollar-for-dollar settlement credit, Chapter 33 requires only a written election before the case is submitted to the fact finder." *Id.* (citing *Mobil Oil Corp.*, 968 S.W.2d at 927). Under Texas law, "the record [need only] show, in the settlement agreement or otherwise, the settlement credit amount." *Id.* (citing *Mobil Oil Corp.*, 968 S.W.2d at 927). "Once the nonsettling defendant demonstrates a right to a settlement credit, the burden shifts to the plaintiff to show that certain amounts should not be credited because of the settlement agreement's allocation." *Id.* (citing *Mobil Oil Corp.*, 968 S.W.2d at 928). Specifically, "[t]he plaintiff can rebut

3

the presumption . . . by presenting evidence showing that the settlement proceeds are allocated among defendants, injuries, or damages such that entering judgment on the jury's award would not provide for the plaintiff's double recovery. *Sky View*, 555 S.W.3d at 107–08.

## ANALYSIS

On June 3, 2021, Defendants timely filed a Notice for an Election of Credit (Dkt. #847). In the Notice, Defendants elected a "dollar-for-dollar settlement credit as to all settling parties" (Dkt. #847). On June 3, 2021, counsel for settling Defendants UHS and BHB informed the Court and parties that the settlement amount totaled $450,000.00. The record therefore shows the settlement amount, and Defendants ask this Court to offset this amount against the RICO damages awarded by the jury. Defendants did not ask the Court to offset this amount against the state law damages awarded to Plaintiffs.

As an initial matter, the Court notes that it cannot apply the settlement credit to both the RICO damages and the state law damages. The jury awarded state law damages to Diane for her personal injuries, but it awarded RICO damages to Plaintiffs for injuries to their business and property. *See Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). These damages redress distinct injuries. Accordingly, the one-satisfaction rule does apply. *See Stewart Title*, 822 S.W.2d at 8.

The next question is whether the state settlement credit law applies in a federal RICO action. Defendants argue that "Plaintiffs' RICO claims are based on alleged wire fraud violations," which "sound in tort and/or are considered statutory torts" (Dkt. #884 at p. 2). Plaintiffs respond that the settlement credit statute "does not apply to statutory fraud claims" and "that a RICO defendant is jointly and severally liable for RICO damages" (Dkt. #889 at pp. 1–2). Neither party

directly addresses the elephant in the room: how a federal court applies a state settlement credit law to damages awarded for violations of a federal fraud statute.

The Fifth Circuit has recognized that the one-satisfaction rule "has [] been applied to cases arising under the federal securities laws," *Ratner v. Sioux Nat. Gas Corp.*, 719 F.2d 801, 803–04 (5th Cir. 1983), and Texas's one-satisfaction rule applies "[w]hen a plaintiff prevails on both federal and Texas state law causes of action for the same injury." *Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016). As mentioned, Plaintiffs prevailed on their Texas state law causes of action and RICO claims for distinct injuries.

The Second, Eighth, and Ninth Circuits have applied the one-satisfaction rule to RICO damages without reference to state law settlement credit statutes, focusing instead on the purpose behind the one-satisfaction rule. *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) (reasoning that the federal settlement credit rule should "be the one satisfaction rule, which provides that a plaintiff is entitled to only one satisfaction for each injury"); *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1337 (8th Cir. 1991), *aff'd sub nom. Reves v. Ernst & Young*, 507 U.S. 170 (1993) ("Under federal law, where a settlement payment and the jury's award pertain[ ] inseparably to one and the same loss, the verdict must be credited with the payment on settlement."); *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015) ("The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors.").

The Court finds that the federal one-satisfaction rule applies in RICO claims. Consequently the Court need not determine whether Texas's one-satisfaction rule, arising out of the settlement

credit clause in Chapter 33 of the Texas Civil Practice and Remedies Code, applies in this context.[2] Applying the federal rule, the Court considers whether the "settlement payment and the jury's award pertain[ ] inseparably to one and the same loss." *Reves*, 937 F.2d at 1337. The Court finds they do.

As discussed in the Court's Memorandum Opinion and Order denying Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. #897), without one component of the RICO enterprise in place, Defendants' entire scheme would have fallen apart. This is evident from the inseparability of Defendants and former defendants UHS and BHB from the evidence supporting RICO standing, the substantive RICO violation, and RICO conspiracy. Further, the Final Pre-Trial Order (Dkt. #834) confirms that, prior to settlement, Plaintiffs sought to hold former defendants UHS and BHB liable for civil RICO and RICO conspiracy claims. It is immaterial that "[D]efendants commit[ted] technically differing acts" as a part of the RICO scheme. *Sky View*, 555 S.W.3d at 107. The injuries Plaintiffs sustained from the RICO violations are inseverable—the scheme as a whole caused injury to Plaintiffs' business and property. Accordingly, the settlement credit applies.

One matter still remains: "how the one satisfaction rule interacts with RICO's treble damages provision." *Uthe Tech.*, 808 F.3d at 760. The RICO statute "provides a private civil action to recover treble damages for injury 'by reason of a violation of' its substantive provisions." *Sedima*, 473 U.S. 479, 481 (1985) (quoting 18 U.S.C. § 1964(c)). Federal courts routinely treble

---

[2] The Second and Ninth Circuits have taken an identical legal route in RICO cases:

> The district court and the parties refer to California state cases concerning the application of the one satisfaction rule. In contrast, we rely on federal authorities for the same legal principle. Although this distinction is not dispositive, it stands to reason that the measure of damages corresponding to a federal cause of action such as RICO should be governed by the federal law of damages rather than by state law.

*Uthe Tech.*, 808 F.3d at 760 (citing *Singer*, 878 F.2d at 600).

damages before setoff in cases where a plaintiff sues multiple defendants for treble damages, settles with one or more of them, and then prevails against the remaining defendants. *Hydrolevel Corp. v. Am. Soc'y of Mech. Eng'rs, Inc.*, 635 F.2d 118, 130 (2d Cir. 1980), *aff'd*, 456 U.S. 556 (1982); *New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065, 1086–87 (2d Cir.), *cert. denied*, 488 U.S. 848 (1988); *Uthe Tech.*, 808 F.3d at 762 ("We hold that [plaintiff] is not barred by the one satisfaction rule from pursuing treble damages under RICO against the [d]efendants."). This is consistent with the purpose of treble damages—that is, to "ensure the plaintiff is adequately compensated 'by counter-balancing the difficulty of maintaining a private suit.'" *Malvino*, 840 F.3d at 230 (citing *Hydrolevel*, 456 U.S. at 575). Because "RICO damages are awarded to the harmed individual rather than the public," *id.*, the Court will treble the damages awarded by the jury prior to crediting the settlement from UHS and BHB.

**CONCLUSION**

It is therefore **ORDERED** that Defendants' Motion for Settlement Credit (Dkt. #884) is **GRANTED**.

It is further **ORDERED** that the $300,000 jury award to Plaintiffs for their RICO claims will be trebled prior to the Court's crediting of the $450,000 settlement.

**IT IS SO ORDERED**.

**SIGNED this 31st day of March, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE