# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DIANE CREEL and LYNN CREEL, § | |
| § | |
| *Plaintiffs,* § | Civil Action No. 4:18-cv-00615 |
| v. § | Judge Mazzant |
| § | |
| DR. SAYS, LLC et al., § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Motions of Chang Defendants and Yao for Additional Settlement Credit (Dkt. #921; Dkt. #922). Having considered the motions and the relevant pleadings, the Court finds that the Motion of Chang Defendants and Yao for Additional Settlement Credit (Tom) (Dkt. #921) should be **GRANTED in part** and **DENIED in part**, and the Motion of Chang Defendants and Yao for Additional Settlement Credit (Rafique) (Dkt. #922) should be **DENIED.**

## BACKGROUND

The elaborate facts of this case have been more fully set forth in the Court's Findings of Fact and Conclusions of Law (Dkt. #912). Briefly, Diane Creel ("Diane") and Lynn Creel ("Lynn") (collectively, "the Creels" or "Plaintiffs") took this action to trial in May of 2021, alleging various causes of action based upon Diane's involuntary commitment and stay at Behavioral Health of Bellaire ("BHB"). These causes of action included: (1) violation of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) RICO conspiracy; (3) false imprisonment; (4) medical negligence; and (5) gross negligence. Plaintiffs sued several defendants, including Dr. Yupo Jesse Chang ("Chang"), Universal Physicians, PA, Dr. Says, LLC,

MD Reliance, Inc., Office Winsome, LLC, Yung Husan Yao ("Yao"), Dr. Timothy Tom ("Tom"), and Dr. Jamal Rafique ("Rafique").

At the outset of this case, there were more than ten plaintiffs and twenty defendants involved. Ultimately, only the Creels went to trial, pursuing claims against the eight defendants listed in the preceding paragraph. On the eve of trial, the Creels settled with defendants UHS of Delaware, Inc. ("UHS") (and any other former UHS defendant) and Behavioral Health Management LLC d/b/a Behavioral Hospital of Bellaire ("BHB").

The jury found all defendants liable for RICO conspiracy; seven defendants liable for the substantive RICO violation; and defendants Rafique and Tom liable for medical negligence. The jury awarded Plaintiffs $300,000 in civil RICO damages; $379,500 in state law damages; and $1,320,500 in disgorgement (Dkt. #850).[1] Because the jury did not find Rafique liable for the substantive RICO violation, the Court granted in part Rafique's Motion for Judgment as a Matter of Law (Dkt. #885) and, accordingly, vacated the jury's finding that Rafique had conspired to violate RICO (Dkt. #896). Further, the Court denied the remaining defendants' Motion for Judgment as a Matter of Law (Dkt. #881), upholding the jury's verdict against those defendants for the substantive RICO violation and RICO conspiracy (Dkt. #897). Since then, the Creels have stipulated to the dismissal of both Rafique and Tom because the parties settled. *See* (Dkt. #907; Dkt. #910); *see also* (Dkt. #921; Dkt. #922).

On October 17, 2022, Chang, Yao, Universal Physicians, PA, MD Reliance, Inc., Dr. Says, LLC, and Office Winsome, LLC (collectively, "Defendants") filed their present motions, arguing that the settlement agreements of Rafique and Tom should be used to offset the damages awarded

---

[1] The jury's disgorgement award was only an advisory opinion. Because disgorgement is an equitable remedy, only the Court may award disgorgement after making formal findings of fact and conclusions of law. The Court has since determined that disgorgement is a legally recognized remedy for civil RICO or RICO conspiracy claims and awarded Plaintiffs $296,625 in disgorgement of profits (Dkt. #912).

to Plaintiffs (Dkt. #921; Dkt. #922). Plaintiffs responded on October 31, 2022 (Dkt. #923).

## LEGAL STANDARD

"Under federal law, where a 'settlement payment and the jury's award pertain inseparably to one and the same loss,' the verdict must be credited with the payment on settlement." *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1337 (8th Cir. 1991) (cleaned up) (quoting *Kassman v. Am. Univ.*, 546 F.2d 1029, 1035 (D.C. Cir. 1976)), *aff'd sub nom. Reves v. Ernst & Young*, 507 U.S. 170 (1993). This is the so called "one-satisfaction rule," which "reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors . . . ." *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760 (9th Cir. 2015) (citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 348 (1971)). Thus, "so long as both the settlement and judgment represent common damages," a non-settling defendant is entitled to a credit of the settlement against the plaintiff's judgment. *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989); *see also Hess Oil V.I. Corp. v. UOP, Inc.*, 861 F.2d 1197, 1208 (10th Cir. 1988).

## ANALYSIS

Pursuant to the one-satisfaction rule, Defendants contend that they are entitled to offset the jury's award to Plaintiffs by Rafique and Tom's settlement agreements. The argument goes that, since Rafique and Tom's agreements cover damages that the jury awarded to Plaintiffs at trial, Plaintiffs cannot "double recover" for the same injuries.

To start, the Court has already held that the federal one-satisfaction rule applies to cases involving RICO claims. *Creel v. Dr. Says, LLC*, No. 4:18-CV-00615, 2022 WL 987815, at *3 (E.D. Tex. Mar. 31, 2022). Accordingly, the Court must decide whether Tom and Rafique's

settlement agreements, as well as the jury's award, "pertain inseparably to one and the same loss" to determine if the one-satisfaction rule applies. *Id.* (cleaned up) (quoting *Reves*, 937 F.2d at 1337). For clarity's sake, the Court will separate the relevant settlement agreements and discuss how they impact Plaintiffs' recovery.

### I. Tom Settlement Agreement

According to Defendants, $400,000 should be credited towards Plaintiffs' recovery for RICO damages and RICO attorneys' fees because Tom's settlement agreement encompasses those awards (Dkt. #921 at p. 2). In their settlement agreement with Tom, Plaintiffs agreed to relinquish all claims, demands, and causes of action that arise from or are the basis of this case in exchange for $400,000 (Dkt. #923, Exhibit 2 at p. 1). This sum represents a "payment of $200,000 in business and property damage and [a] payment of $200,000 in attorney's fees . . ." (Dkt. #923, Exhibit 2 at p. 1). In light of Tom's settlement agreement, Plaintiffs concede that Defendants are entitled to an offset of $200,000 for the payment relating to business and property damages. However, Plaintiffs argue that a $200,000 credit for attorneys' fees should not be imposed at this time because the Court has yet to award any fees. It should be noted, however, that Plaintiffs "do not oppose the imposition of a credit on attorney's fees" generally (Dkt. #923 at p. 5).

The Court has no trouble finding that Tom's agreement pertains to the jury's award for Plaintiffs' business and property damages stemming from Defendants' RICO violations. Not only does the agreement directly speak to this loss, but as noted in the Court's earlier opinion, "[t]he injuries Plaintiffs sustained from the RICO violations are inseverable—the scheme as a whole caused injury to Plaintiffs' business and property." *Id.* Because Defendants were found liable for business and property damages at trial, Tom's settlement agreement would allow Plaintiffs to recover for the same loss. *See* (Dkt. #850). Therefore, Plaintiffs' RICO jury award should be offset by $200,000 in accordance with Tom's payment.

4

The trickier question is whether Plaintiffs are entitled to an offset for RICO attorneys' fees that have not yet been assessed. As Plaintiffs have not requested attorneys' fees—let alone been awarded any—the Court finds that it would be inappropriate to offset any award for RICO attorneys' fees at this time. If Plaintiffs seek attorneys' fees in this case, the Court will address the offset issue then.

In sum, the Court will offset Plaintiffs' award for RICO damages by $200,000 due to Tom's settlement agreement but the full $400,000 will not be credited at this time because attorneys' fees have not been awarded.

## II. Rafique Settlement Agreement

Next, Defendants seek to offset the jury award because Plaintiffs settled with Rafique. The Court disagrees and finds that the one-satisfaction rule does not apply.

As stated above, the rule only comes into play when the settlement payment and the jury's award "pertain inseparably to one and the same loss." *Reves*, 937 F.2d at 1337. Importantly, "where two or more defendants are responsible for separate injuries, an amount received in settlement from one defendant for one of the injuries may *not* be used to reduce the liability of the other defendant for the other injuries." *Boyett v. Keene Corp.*, 815 F. Supp. 204, 208 (E.D. Tex. 1993) (emphasis in original) (citations omitted).

Following trial, Rafique settled with Plaintiffs for $336,500, with such payment "constitut[ing] damages on account of Diane Creel's personal, physical injuries or physical sickness . . ." (Dkt. #923, Exhibit 1 at p. 5). However, Defendants' liability in no way relates to Diane's damages for personal, physical injuries or physical sickness (Dkt. #850). Indeed, Defendants were found liable for engaging in conduct that violated RICO and, in accordance with that finding, Defendants were found liable for damages to the Creels' business or property (Dkt. #850). The jury also awarded a disgorgement award to deter future wrongful conduct under

5

the RICO statute, but the Court has determined that the disgorgement award is intended to strip Defendants of any ill-gotten gains they secured. *Creel v. Dr. Says, LLC*, No. 4:18-CV-00615, 2022 WL 4490141, at *8–9 (E.D. Tex. Sept. 27, 2022). On the other hand, Rafique was found liable for medial negligence, and the jury awarded damages for (1) Diane's physical pain and mental anguish sustained in the past; (2) physical pain and mental anguish that Diane will sustain in the future; (3) Diane's loss of earning capacity sustained in the past; (4) loss of earning capacity that Diane will sustain in the future; (5) Diane's medical expenses incurred in the past; and (6) medical expenses that Diane will incur in the future (Dkt. #850 at p. 10). The agreement with Rafique, therefore, compensates Plaintiffs for entirely different injuries than what Defendants were found liable for—namely, for injuries pertaining to the jury's negligence finding that Defendants were not on the hook for (Dkt. #850). As such, the one-satisfaction rule has no application, and Rafique's settlement agreement cannot be used to offset Plaintiffs' recovery.

## CONCLUSION

It is therefore **ORDERED** that the Motion of Chang Defendants and Yao for Additional Settlement Credit (Tom) (Dkt. #921) should be **GRANTED in part** and **DENIED in part.**

It is further **ORDERED** that the Motion of Chang Defendants and Yao for Additional Settlement Credit (Rafique) (Dkt. #922) should be **DENIED.**

It is further **ORDERED** that the $300,000 jury award to Plaintiffs for their RICO claims will be trebled prior to the Court's crediting of the $200,000 settlement with Tom.

**IT IS SO ORDERED**.

**SIGNED this 14th day of December, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE