# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BARBARA MEIER, *et al.*, § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> UHS OF DELAWARE, Inc., *et al.*, § <br> § <br> *Defendants.* § <br> § | Civil Action No.  4:18-cv-615 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Alter or Amend the Judgment (Dkt. #933). After reviewing the relevant pleadings, the Court denies Defendants' motion.

## BACKGROUND

On December 15, 2022, the Court rendered final judgment and dismissed this case (Dkt. #927). Twenty-eight days later, on January 12, 2023, Defendants filed the present motion to alter the judgment (Dkt. #933). On January 26, 2023, Plaintiffs filed a response (Dkt. #942).

## LEGAL STANDARD

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas. Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In the Fifth Circuit, Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th

Cir. 1993) (citations omitted). Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) where there has been a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Id.* (citing *Marseilles Homeowners Condo. Ass'n v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).

## ANALYSIS

Put simply, Defendants have failed to show they are entitled to the extraordinary relief provided for in Rule 59(e). *Templet*, 367 F.3d at 478. They have not shown (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Equitable prejudgment interest is "available as a matter of course, absent exceptional circumstances." *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020). Indeed, the Fifth Circuit makes clear there is "a strong presumption in favor of awarding prejudgment interest" and that "[c]ourts should award prejudgment interest whenever a certain sum is involved." *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665 (5th Cir. 2015) (citing *Thomas v. Tex. Dep't of Crim. Justice*, 297 F.3d 361, 372 (5th Cir. 2002)). Because Defendants have not articulated exceptional circumstances, the Court finds that its decision should stand.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Alter or Amend the Judgment (Dkt. #933) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 26th day of September, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE