# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA MEIER, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | Civil Action No.  4:18-cv-615 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| UHS OF DELAWARE, Inc., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Post-Judgment Motion for Judgment as a Matter of Law and, alternatively, Motion for New Trial, and Brief in Support (Dkt. #945). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

## LEGAL STANDARD

### I.      Judgment as a Matter of Law

Upon a party's renewed motion for judgment as a matter of law following a jury verdict, the Court should properly ask whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." FED. R. CIV. P. 50(b); *see also Am. Home Assurance Co. v. United Space All.*, 378 F.3d 482, 487 (5th Cir. 2004). "A JMOL may only be granted when, 'viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion.'" *Versata Software, Inc. v. SAP Am., Inc.*, 717

F.3d 1255, 1261 (Fed. Cir. 2013) (quoting *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838 (5th Cir. 2004)).

Under Fifth Circuit law, a court should be "especially deferential" to a jury's verdict and must not reverse the jury's findings unless substantial evidence does not support the findings. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). "Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). A motion for judgment as a matter of law must be denied "unless the facts and inferences point so strongly and overwhelming in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Baisden*, 693 F.3d at 498 (citation omitted). However, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

In evaluating a motion for judgment as a matter of law, a court must "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [the court] might regard as more reasonable." *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 451 (5th Cir. 2013) (citation omitted). However, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

## II.    New Trial

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985). However, "[u]nless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is grounds for granting a new trial . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61.

To be entitled to a new trial, Plaintiff must show that the verdict was against the great weight of the evidence, not merely against the preponderance of the evidence. *Taylor v. Seton Healthcare,* No. A-10-CV-650 AWA, 2012 WL 2396880, at *2 (W.D. Tex. June 22, 2012) (citing *Dresser–Rand Co. v. Virtual Automation, Inc.,* 361 F.3d 831, 838–39 (5th Cir. 2004); *Shows v. Jamison Bedding, Inc.,* 671 F.2d 927, 930 (5th Cir. 1982)). A jury verdict is entitled to great deference. *Dresser–Rand Co.,* 671 F.2d at 839. "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative credibility of the witnesses, are the province of the jury, and its decision must be accepted if the record contains any competent and substantial evidence tending fairly to support the verdict." *Gibraltar Savings v. LDBrinkman Corp.,* 860 F.2d 1275, 1297 (5th Cir. 1988).

## ANALYSIS

### I.        Defendants' Motion for Judgment as a Matter of Law

Defendants move, post-final judgment, for judgment as a matter of law asserting the same grounds raised in their pre-verdict (Dkt. #845) and post-verdict renewed motions for judgment as a matter of law (Dkt. #878, #881). Defendants note that they filed this motion to ensure preservation of all issues for appeal, and they acknowledge the Court already ruled on their judgment as a matter of law arguments.

Because the Court has previously considered and rejected each of the arguments Defendants have asserted, it declines to revisit them. The Court adopts and incorporates its prior decisions issued on March 31, 2022 (Dkt. #897) and September 27, 2022 (Dkt. #912). As such, Defendants' Post-Judgment Motion for Judgment as a Matter of Law is denied as duplicative.

### II.       Defendants' Motion for New Trial

Alternatively, Defendants move for a new trial on the same grounds as their Motion for New Trial and Brief in Support (Dkt. #944). The Court finds no basis for granting Defendants' Motion for New Trial. And further denies the motion as duplicative.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Post-Judgment Motion for Judgment as a Matter of Law and Motion for New Trial (Dkt. #945) is **DENIED**. The Court does not set aside the jury's verdict.

**IT IS SO ORDERED.**
**SIGNED this 26th day of September, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE