# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BARBARA MEIER, *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> §   Civil Action No. 4:18-CV-615 <br> v. §   Judge Mazzant <br> § <br> UHS of Delaware, Inc., *et al.*, § <br> § <br> *Defendants*. § <br> § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Diane and Lynn Creel (collectively, the "Creels" or "Plaintiffs") Motion for Costs, and in the alternative, Motion for Nontaxable Expenses (Dkt. #940) and Motion for Attorneys' Fees (Dkt. #947). Having considered the motions and the relevant pleadings, the Court finds the Motion for Costs, and in the alternative, Motion for Nontaxable Expenses (Dkt. #940) should be GRANTED in part and the Motion for Attorneys' Fees (Dkt. #947) should be GRANTED.

## BACKGROUND

Plaintiffs brought claims against Defendants Yupo Jesse Chang, Yung Husan Yao, Universal Physicians, PA, Dr. Says, LLC, MD Reliance, Inc., and Office Winsome, LLC (collectively "Defendants") for violating the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") and RICO conspiracy. After a trial on May 24, 2021, the jury found Defendants were employed or associated with a RICO enterprise, and that each Defendant, participated, either directly or indirectly, in the conduct of the affairs of the enterprise. The jury also found Defendants

1

had participated through a pattern of racketeering activity and Defendants conspired together to violate RICO. The jury assessed Plaintiffs' compensatory damages at $300,000 and found disgorgement in the amount of $1,320,500. The Court determined that the jury's disgorgement award was merely an advisory opinion, and the Court reduced the disgorgement award to a sum of $296,625. Plaintiffs' compensatory damages of $300,000 to their business and property were trebled, in accordance with 18 U.S.C. § 1964(c), to the sum of $900,000. This $900,000 sum was then reduced by $650,000, which was consistent with Plaintiffs' settlement agreements with other defendants in this case.

The Court entered its Final Judgment on December 15, 2022 (Dkt. #927).

On January 25, 2023, Plaintiffs filed their Motion for Costs, and in the alternative, Motion for Nontaxable Expenses (Dkt. #940). On February 2, 2023, Plaintiffs filed their Motion for Attorneys' Fees (Dkt. #947). On February 15, 2023, Defendants filed their Objections and Response to Plaintiffs' Motion for Costs, and in the alternative, Motion for Nontaxable Expenses and Brief in Support (Dkt. #953) and their Response to Plaintiff's Motion for Attorneys' Fees and Brief in Support (Dkt. #954). Plaintiffs filed their Reply in Support of the Motion for Attorneys' Fees on February 22, 2023 (Dkt. #958).

The Court will begin with Plaintiffs' motion for attorneys' fees.

I. **Motion for Attorneys' Fees**

Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of suit, including a

reasonable attorney's fee." The computation of a reasonable attorney's fee award is a two-step process. *Rutherford v. Harris Cnty.*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted).

The Court first calculates the "lodestar" by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorney's fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co. v. KellStrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.* There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

After calculating the lodestar, the Court then considers whether the circumstances of the particular case warrant an upward or downward lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any lodestar adjustment, the Court looks to twelve

*Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. However, many of the *Johnson* factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 478 U.S. 546, 564 (1986). "If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments." *Id.* (citing *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012).

### A. Eligibility of Reasonable Attorneys' Fees

As an initial matter, the Court finds Plaintiffs are eligible for an award of reasonable attorneys' fees. To recover attorneys' fees under the statute, as applicable to this case, Plaintiff must have: 1) established a violation of section 1962; and 2) suffered an injury to his business of property by reason of the violation. *See* 18 U.S.C. § 1964(c).

Defendants argue that Plaintiffs cannot establish that Defendants violated the statute and neither Plaintiff suffered compensable injury to their business or property. However, this argument is unavailing. Plaintiffs were successful in their RICO action—after trial, a jury found that Defendants violated the applicable statute and Plaintiffs suffered compensable injury (Dkt. #912 at p. 8). Accordingly, Plaintiffs are eligible for attorneys' fees.

4

**B. Reasonableness of Plaintiffs' Attorneys' Fees**

In awarding attorneys' fees, the starting point is to calculate a base lodestar figure, which is reached by determining the reasonable hours worked multiplied by a reasonably hourly rate. *Migis*, 135 F.3d at 1045. This base lodestar calculation, when supported by sufficient evidence, reflects presumptively reasonable and necessary attorneys' fees. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("There exists a strong presumption of the reasonableness of the lodestar amount.").

Plaintiffs originally requested $1,253,943.70[1] in attorneys' fees, which Plaintiffs argue accounts for the lodestar and a proportional reduction on the amount sought to provide the Defendants a fair reduction (Dkt. #947 at pp. 1, 4). Plaintiffs' lead counsel, John Burkhead, anticipates an additional 25 hours for preparation and presentment of motions for fees and costs and other post-judgment motions at a rate of $650 per hour for a total of $16,250.00, which increases the total attorneys' fees sought to $1,270,193.70 (Dkt. #947 at pp. 7–8). However, in Plaintiffs' Reply in Support of the Motion for Attorney's Fees, Plaintiffs agreed to reduce their lead counsel's claimed hours by 80.755, which reduces the total attorneys' fees requested to **$1,217,702.95** (Dkt. 958 at p. 5). Defendants request a $200,000 reduction in the amount of attorneys' fees awarded due to a settlement credit (Dkt. #954 at p. 1). Plaintiffs agree that attorneys' fees should be reduced by $200,000 to account for a settlement credit (Dkt. #947 at p. 1).

---

[1] Notably, Plaintiffs allege they have already reduced their claimed hours because Mr. Burkhead capped his hours to reflect what he disclosed to be the estimate additional hours at the time experts were designated (Dkt. #947 at p. 6). Specifically, his hours were reduced by 64.45 hours to meet that cap (Dkt. #958 at p. 2).

In support of their motion for attorneys' fees, Plaintiffs provide the Declaration of Roger Sanders ("Sanders") (Dkt. #947-2) and the Declaration of John Burkhead (Dkt. #947-1) along with itemized billing records detailing the attorneys', paralegals', and law clerk's hourly rates and time spent on each task performed (Dkt. #947-1 at pp. 24–247).

1. **Reasonable Hourly Rate**

"The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990). Parties usually establish the reasonable hourly rate by providing affidavits of other attorneys practicing in the community. *Tollett*, 285 F.3d at 368. However, "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)).

Plaintiffs assert that the reasonable hourly rates and times expended for each of their timekeepers are as follows:

| TIME | EXPERIENCE AND ROLE | RATE | TOTAL HOURS | REDUCTION IN HOURS | HOURS SOUGHT | AMOUNT SOUGHT |
|---|---|---|---|---|---|---|
| John Burkhead | 10+ years lead counsel | $650 | 1581.35 | 538.5 | 1042.85 | $677,852.50 |
| Frank Branson | 50+ years attorney | $1,400 | 110.1 | 50 | 60.1 | $84,140 |
| Debbie Branson | 40+ years attorney | $1,100 | 106.3 | 20 | 86.3 | $94,930 |
| Tom Farmer | 30+ years attorney | $850 | 126.8 | 85.3 | 41.5 | $35,275 |

| Tim Newsom | 30+ years attorney | $850 | 123 | 0 | 123 | $104,550 |
|---|---|---|---|---|---|---|
| Michael Smith | 30+ years local counsel | $595 | 339.47 | 100 | 239.47 | $142,484.70 |
| Clyde Siebman | | | | | | 0 |
| Becca Skupin | 7+ years local counsel | | 108.6 | 108.6 | 0 | 0 |
| Connor Ellington | 2 years law clerk | $300 | 57.75 | 0 | 57.75 | $17,325 |
| Cirkiel Law firm | Referring lawyer | $150-$450 | 130.82 | 130.82 | 0 | 0 |
| Sharon McQuon | Legal nurse consultant | $100 | | | 116.9 | $11,690 |
| Hunter Ekvall | Video | $125 | 83.6 | 42.2 | 41.4 | $5,175 |
| Dennis Tipton | Video | | | | | $925 |
| Magic Media | Trial Support | | | | | $19,800 |
| Xotchil Vinaja | Art/Graphics | $110 | 92.95 | 51.5 | 41.45 | $4,559.50 |
| Clarissa Atherton | Paralegal | $150 | 151 | 0 | 151 | $22,650 |
| Gwen Purdome | Paralegal | $150 | 441.35 | 343.6 | 97.75 | $14,662 |
| Kim Gardner | Legal Assistant | $150 | 395.25 | 275.75 | 119.5 | $17,925 |
| HOUR TOTALS | | | 3,881.64 | 1,662.67 | 2,218.97 | |
| TOTAL FEES REQUESTED THROUGH JANUARY 18, 2023 | | | | | | $1,253,943.70 |

(Dkt. 947 at pp. 6–7).

Having reviewed Mr. Burkhead's declaration and accompanying exhibits (*See* Dkt. #947-1), the Court finds the hourly rates alleged are reasonable.

### 2. Hours Expended

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended by presenting adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). The Court should include only those hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.*

Defendants argue that the number of hours Plaintiffs originally requested should be reduced or eliminated by 10%–30% because Plaintiffs did not adequately document their requested fees due to alleged block billing, vague descriptions, and failure to exclude time not attributable to Plaintiffs or the specific Defendants. (Dkt. #954 at p. 10).

#### a. Reducing Recoverable Hours for Inadequately Documented Time due to Block-Billing and Vague Descriptions

Defendants argue the billing entries are inadequate because Plaintiff's counsel utilized block-billing and because some of the entries are vague (Dkt. #954 at p. 5). Having reviewed the record, the Court agrees that some entries contain block-billing or vague entries but declines to reduce the number of recoverable hours. Plaintiffs counsel has already agreed to adequately reduce the number of hours requested to account for those entries complained of by Defendants.

"'Block-billing' is a 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004), *amended in part*, No. 3:00-CV-1543-L, 2004 WL 2189634 (N.D. Tex. Aug. 26, 2004). As an initial matter, the Court notes "[t]here is not a federal or local rule that requires any particular billing increments to be used when seeking an attorney's fee award," thus block-billing is not prohibited in Texas. *Lewallen v.*

*City of Beaumont*, 2009 WL 2175637, at *10, *aff'd in part*, 394 Fed. Appx. 38, 2010 WL 3303756, at *7 (5th Cir. 2010) (affirming the district court's award of costs and fees but reversing and rendering on other grounds). Nevertheless, Defendants seek a reduction of Plaintiffs' recoverable hours.

Having reviewed the invoices, the Court finds Plaintiff's counsel utilized the block-billing format for some of its entries. The use of block-billing does not always warrant reducing Plaintiff's fee award so long as the time entries contain enough information for the court to determine the reasonableness of the hours spent. *See  Equistar Chems., L.P. v. Indeck Power Equip. Co.*, No. H-19-3757, 2021 WL 2270212, at *15–16 (S.D. Tex. June 3, 2021*);  United States ex. rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 673 n.45 (E.D. La. 2020) ("[T]he Court will not reduce [a party's] hours for block billing because the entries contain sufficient information for the Court to determine that the hours were reasonably expended."); *RSDC Holdings, LLC v. M.G. Mayer Yacht Servs., Inc.*, 429 F. Supp. 3d 238, 244 (E.D. La. 2019) ("While the firm did employ block billing to a limited degree, those fee entries do not raise concerns about the reasonableness of either the nature or duration of the services rendered, but instead reflect an appropriate billing judgment."). However, Plaintiffs' entries are generally not detailed enough that the Court may determine whether the hours expended were reasonable. For example, on several occasions, Plaintiffs' counsel, John Burkhead, logged over 24 hours in a single day on one discreet task. These entries do raise concerns about the reasonableness of the nature and duration of the services rendered. Even so, Plaintiffs have already reduced their claimed hours by a considerable margin. Therefore, the Court finds Plaintiffs' own reduction is sufficient to remedy the issue of certain entries utilizing block-billing. Thus, the Court need not impose a further reduction on the hours Plaintiffs' counsel expended.

Defendant also requests a reduction of hours for vague billing entries (Dkt. #954 at p. 10). Having reviewed the record, the Court agrees some of the entries are vague.

In a request for attorneys' fees, if the supporting documentation is too vague to permit meaningful review then courts may properly reduce or eliminate hours. *La. Power & Light*, 50 F.3d at 326. The Fifth Circuit has identified billing entries such as "work on brief," "continue to work on brief," and "review for oral argument" as vague. *See Leroy v. City of Houston*, 906 F.2d 1068, 1080 (5th Cir. 1990). Additionally, the Fifth Circuit has affirmed entries like "review file," "preparation of correspondence," "review correspondence," "phone conference with co-counsel," "legal research," and "review email" were too vague to support an award of attorneys' fees. *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-913, 2005 WL 6789456, at *11 (N.D. Tex. Dec. 20, 2005), *aff'd*, No. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007). Here, the Court identified many entries that would be classified as vague in this circuit—examples include "Legal Research" and "Review Work Product" (Dkt. #947, Exhibit 1). However, the Court finds that Plaintiffs' own reductions remedy the vague entries at issue.

### b. Failure to exclude time not attributable to Plaintiffs or the specific Defendants.

Defendants identify several entries in which Plaintiffs seek recovery for tasks done jointly for all plaintiffs against all defendants that benefitted the other plaintiff groups as well as the Plaintiffs here (Dkt. #954 at p. 10). To account for this concern, Plaintiffs agreed to reduce the hours claimed by their lead counsel by an additional 80.755 hours (Dkt. #958 at p. 5). The Court finds that this reduction adequately addresses Defendants' concern and will not further reduce the recoverable hours for alleged duplication.

### C. *Johnson* Factors

After determining the lodestar amount, the district court may adjust the lodestar up or down in accordance with the relevant *Johnson* factors not already included in the lodestar. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The Court must be careful when applying the *Johnson* factors to make sure "not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Id*. "Four of the *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation—are presumably fully reflected in the lodestar amount." *Id*. If a factor is presumably considered in the lodestar amount, the Court may still make an adjustment based on that factor; however, only "in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings." *Id*.

Here, Plaintiffs appear to weigh all twelve *Johnson* factors in their favor and assert that a fee award above the lodestar would be justified. However, as to the four *Johnson* factors presumed to be fully reflected in the lodestar amount, the Court finds there are no exceptional circumstances permitting the Court to adjust the amount. As to the factor regarding the nature of the fee, the Court agrees with Defendants that it should not alter the lodestar. Defendants do not address the remaining factors contemplated by Plaintiffs. Nevertheless, the Court considered each of them in turn and determined they do not justify an enhancement of the lodestar.

### D. Additional Requested Fees

Plaintiffs request that the Court award an additional 25 hours for preparation and presentment of motions for fees and costs and other post-judgment motions at a rate of $650 per

11

hour for a total of $16,250.00 (Dkt. #947 at p. 11). Because all post-judgment motions have now been fully briefed, the Court finds that 25 hours expended in relation to those motions is reasonable.

Because Defendants are alleged to have indicated they will pursue an appeal, Plaintiffs also request that the Court award fees Plaintiffs will incur in any appeal of this lawsuit in an amount to be determined at the conclusion of the appeal (Dkt. #947 at p. 14). The Court will address this issue following the resolution of an appeal. *Instone Travel Tech. Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003); *see also Carroll v. Sanderson Farms, Inc.*, No. H-10-3108, 2014 WL 549380, at *5 (S.D. Tex. 2014) (declining to award conditional appellate fees before the appeal because the request "is merely a speculative dollar figure without any information by which the Court could determine whether the amount requested is reasonable.").

Accordingly, Plaintiffs are entitled to $1,217,702.95 in attorneys' fees expended during this litigation. The Court reduces this award by $200,000 to account for the settlement credit referred to by both parties (Dkt. #947 at p. 1; Dkt. #954 at p. 1). Thus, Plaintiffs are entitled to $1,017,702.95 in attorneys' fees.

## II.  Bill of Costs

Plaintiffs seek $55,400.80 in costs and alternatively request that any expenses requested that are not recoverable as a cost of court be recoverable as a nontaxable expense (Dkt. #940 at p. 1). Defendants contend Plaintiffs seek costs for tasks that fall outside the appropriate statutory categories and are therefore unrecoverable (Dkt. #953 at p. 4).

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).

> The Court may tax the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2018).

The Fifth Circuit has explained that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The denial of costs is considered "in the nature of a penalty," so the Court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131. "The burden is on the party seeking an award of costs to show entitlement to an award." *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015).

The Court has discretion to deny costs when the "suit was brought in good faith and denial is based on at least one of the following factors: '(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp.*, L.L.C., 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794); *see also* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (4th ed. 1998).

Here, the Court denies certain, but not all, costs to Plaintiffs. The Court declines to award costs beyond the categories listed in 28 U.S.C. § 1920 and 28 U.S.C.A. § 1821 as nontaxable expenses.

### A. Uncontested Costs

Defendants do not object to the $20,670.93 characterized by Plaintiffs as "Uncontested Costs of Court" (Dkt. #953 at p. 2). Defendants also do not object to costs of $2,013.10 and $1,728 for the stenographic and video deposition transcripts of Ashok Jain or to travel costs of $731.87 for Rebecca Busch (Dkt. #953 at p. 2). Pursuant to 28 U.S.C. § 1920, the Court finds Plaintiffs are entitled to those costs.

### B. Contested Costs

#### 1. Private Process Server

Plaintiffs request $1,644.60 in fees for service of process by a private process server (Dkt. #940 at p. 4). Plaintiffs allege exceptional circumstances existed such that a private process server was necessary (Dkt. #940-1 ¶ 10). Defendants disagree (Dkt. #953 at p. 6).

28 U.S.C. § 1920 does not specifically enumerate private process server fees. *Alejandro v. Prop. Care Sols. LLC*, No. 4:22-CV-00029, 2022 WL 3223176, at *7 (E.D. Tex. Aug. 9, 2022); *see also Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007). Rather, it encompasses only fees paid to the to the United States Marshal for service of process. *Id.* Accordingly, this circuit has held that costs for private process servers are not recoverable, absent exceptional circumstances. *Zastrow v. Houston Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017); *see also Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010).

As evidence of exceptional circumstances, Plaintiffs submit an email chain that spans over one week that shows service was attempted on Dr. Chang on January 16, 2019 (Dkt. #940-1 at pp. 73–109). The emails also reflect Defendants' agreement to waive service and forwarded written waivers evidencing as such (Dkt. #940-1 at pp. 73–109). It is unclear if or how long Plaintiffs had been attempting service before the email chain commenced. Mr. Burkhead asserts that a private process server was also necessary to achieve expedited service for both Dr. Jain and Dr. Blotcky (Dkt. #940-1 ¶ 10).

Based on these facts, exceptional circumstances do not exist such that a private process server was necessary.

### 2. Mediation

Plaintiffs seek 1/9 of their mediation fee as a taxable cost in the amount of $1,521.66 (Dkt. 940 at p. 4). Defendants object arguing Plaintiffs are not entitled to their mediation fee because it is not a recoverable cost listed in 28 U.S.C. § 1920 (Dkt. #953 at p. 7). The Court agrees with Defendants. Mediation fees are not explicitly authorized by § 1920. *Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 277 (5th Cir. 2007); *Morales v. Safeway Inc.*, No. 4:17-CV-825, 2020 WL 1190126, at *2 (E.D. Tex. Mar. 12, 2020) ("[M]ediation expenses are not taxable as costs under § 1920."). Consequently, Plaintiffs are not entitled to mediation fees as taxable costs under § 1920.

### 3. Trial Transcripts

Plaintiffs seek recovery of costs for certain expedited trial transcripts in the amount of $2,736.15 (Dkt. #940 at p. 3). These costs are for a transcript of the April 27, 2021 pretrial hearing (charged at "daily" rate), opening statements and voir dire (charged at "3-day" rate), Dr. Tom's

15

testimony (charged at "expedited" rate), and the May 20, 2021 pretrial conference (charged at "expedited" rate) (Dkt. #940 at p. 4). Defendants object arguing these costs were not necessary (Dkt. #953 at p. 8).

Expedited daily trial transcripts are encompassed in 28 U.S.C. § 1920. *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG, 2019 WL 13252767, at *2 (E.D. Tex. Mar. 6, 2019). "To award the cost of daily transcripts, the court must find that they were not 'obtained primarily for the convenience' of the parties but were 'necessarily obtained for use in this case.'" *Id.* (citing *Studiengesellshaft Kohle mbH v. Eastmen Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983)). Use of the trial transcript during the trial can support such a finding. *See Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790450, at *2 (W.D. Tex. July 19, 2013); *accord Marmillion v. American Int'l Ins. Co.*, 381 F. App'x 421, at *9 (5th Cir. 2010).

Daily trial transcripts are considered necessary in some circumstances. For example, they can be necessary when needed for "continuous reference throughout trial," including when used to reference "past trial events to properly build their case, prepare motions for judgment as a matter of law, and to prepare closing arguments." *West v. Perry*, No. 2:07CV200, 2009 WL 2225579, at *4 (E.D. Tex. July 23, 2009), *aff'd*, 392 F. App'x 328 (5th Cir. 2010). Where there is no information regarding the necessity of the transcripts other than the requesting party's conclusory arguments, such fees for expedited transcripts are not allowable as costs. *HostingXtreme Ventures, LLC v. Bespoke Grp., LLC*, No. 3:14-CV-1471-M, 2019 WL 2567655, at *3 (N.D. Tex. June 20, 2019) (citing *Gonzales v. Pan Am. Lab'ys, L.L.C.*, No. 3:14-CV-2787-L, 2018 WL 2321896, at *2 (N.D. Tex. May 4, 2018), *report and recommendation adopted*, No. 3:14-CV-2787-L, 2018 WL 2317749 (N.D. Tex. May 22, 2018)).

Here, Plaintiffs provide no information regarding the necessity of the expedited transcripts. Without more, the Court cannot evaluate whether the cost of the expedited pre-trial and trial transcripts were necessarily obtained for use in this case. Consequently, Plaintiffs are not entitled to costs for the expedited transcripts.

4. **Video Editing for Initial Trial Setting**

Plaintiffs ask the Court to award them costs for video editing fees they incurred in preparation for trial in the amount of $622.22 (Dkt. #940 at p. 4). Defendants object arguing that costs for editing videos are not recoverable under § 1920 (Dkt. #953 at p. 9). "Under § 1920(4), costs for exemplification are taxable as costs, and this includes graphics support and demonstratives and exhibits for trial." *Morales v. Safeway Inc.*, No. 4:17-CV-825, 2020 WL 1190126, at *2 (E.D. Tex. Mar. 12, 2020) (citing 28 U.S.C. § 1920; *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012)). However, those costs must have been "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

Here, Plaintiffs assert that the editing was "definitely reasonable when the work was done and necessary for that trial setting" (Dkt. #940 at p. 4). The Court agrees. Accordingly, Plaintiffs are entitled to $622.22 for video editing fees.

5. **Trial Consultant**

Plaintiffs retained a trial consultant. Plaintiffs request $7,982.37 in costs for the consultant's work performed (Dkt. #940 at p. 4-5). Defendants assert the trial consultant's fees are not recoverable under Sections 1920 and 1821 (Dkt. #953 at p. 10). The Court agrees. Trial consultant fees are not encompassed in Sections 1920 and 1821, thus they are not recoverable. *See Rimini St.,*

17

*Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 203 L. Ed. 2d 180 (2019) (determining that jury consultant fees are not encompassed in Sections 1821 and 1920).

## 6. Lodging

Plaintiffs request lodging costs in the amount of $14,531 and a possible additional amount of $2000 (Dkt. #940 at p. 5). Defendants object on the grounds that lodging costs are not listed in § 1920 (Dkt. #953 at p. 10). "The Supreme Court has instructed federal courts not to award costs not articulated in § 1920 as taxable." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015). Because lodging costs are not expressly articulated in § 1920, the Court declines to award them.

## 7. Expedite and Overtime Fees of Jain Deposition Transcript

Plaintiffs specifically request costs for expedite and overtime fees for the Jain Deposition transcript (Dkt. #940). Mr. Burkhead states that the charges for the Jain video were not expedited (Dkt #940-1 ¶ 6). Defendants object to the transcript expedite fee of $1,436.40 and the overtime fees of $95.00 and $47.50 (Dkt. #953 at p. 12).

The Fifth Circuit has held that a copy of a deposition obtained on an expedited basis "is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 132 (5th Cir. 2015) (citing *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991)).

Here, Plaintiffs did not obtain court approval prior to expedition. Thus, the Court will consider whether the special character of the litigation necessitates expedition of the transcript. The deposition at issue took place on April 28, 2021 (Dkt. #953 at p. 13). The trial in this case

started on May 24, 2021 (Dkt. #953 at p. 13). A 10-day turnaround was standard for the resulting transcript, so Plaintiffs would have received the deposition transcript approximately two weeks before trial (Dkt. #953 at p. 13). Instead, Plaintiffs paid expedited fees and overtime charges totaling $1,578.90 to receive the transcript in three days. Plaintiffs assert that "[e]xpedited fees were necessary . . . given its importance to the rapidly approaching trial" (Dkt. #940 at p. 3).

The Court finds that, given the importance of Dr. Jain's testimony and the relatively short timeframe until trial, obtaining the deposition transcript on an expedited basis was necessary. Thus, the Court awards Plaintiffs the expedite fee of $1,436.40 and the overtime fees of $95.00 and $47.50.

### B. Nontaxable Expenses

In the alternative, Plaintiffs seek those fees not awarded as costs to be awarded as nontaxable expenses (Dkt. #940 at p. 1). Defendants argue that "nontaxable expenses" are not recoverable because they do not fall within the specific enumerated costs allowed in 28 U.S.C. § 1920 or 28 U.S.C.A. § 1821 (Dkt. #953 at p. 11).

The Advisory Committee notes explain that Rule 54(d)(2) "establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.'" Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment. And that "[i]t applies also to requests for reimbursement of expenses, not taxable as costs, *when recoverable under governing law incident to the award of fees.*" *Id.* [emphasis added]. In other words, "[a] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019). A review of 18 U.S.C. § 1964(c) indicates that any person injured by

19

reason of a violation of section 1962 may recover "threefold the damages he sustains and the cost of suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

Because 18 U.S.C. § 1964(c) does not explicitly authorize the award of litigation expenses beyond the "cost of suit," the Court may only look to Section 1821 and 1920 to determine what is recoverable. And 1821 and 1920 in turn do not authorize an award for any additional expenses beyond the cost of suit. Thus, the Court declines to award any fees as nontaxable expenses.

## CONCLUSION

It is therefore **ORDERED** Plaintiffs Diane and Lynn Creel's Motion for Attorneys' Fees (Dkt. #947) is GRANTED. It is further **ORDERED** Plaintiffs' Motion for Costs, and in the alternative, Motion for Nontaxable Expenses (Dkt. #940) is GRANTED in part.

It is further **ORDERED** that:

1. Diane and Lynn Creel be awarded attorneys' fees in the amount of $1,017,702.95;
2. Diane and Lynn Creel be awarded costs of court in the amount of $27,345.02.

**IT IS SO ORDERED.**

SIGNED this 31st day of October, 2023.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

20